1
2
3
4
5
6

GIRARDI | KEESE
THOMAS V. GIRARDI (SBN 36603)
tgirardi@girardikeese.com
JAMES G. O'CALLAHAN (SBN 126975)
jgocallahan@girardikeese.com
CELENE S. CHAN (SBN 260267)
cchan@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, California 90017
Phone: (213) 977-0211
Facsimile: (213) 481-1554

7    Attorneys for Defendants

8

9

10

11

12    **UNITED STATES DISTRICT COURT**

13    **CENTRAL DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15  JUDITH ALLEN, *et al.*, | CASE NO.: 14-CV-02721-MWF-FFM |
| 16           Plaintiffs, | **DECLARATION OF JAMES G.** |
| 17  vs. | **O'CALLAHAN IN SUPPORT OF** |
| | **MOTION TO DISMISS AND** |
| 18 | **COMPEL ARBITRATION** |
| 19  GIRARDI | KEESE, THOMAS V. | |
| 20  GIRARDI, and JAMES G. | Hon. Michael G. Fitzgerald |
| 21  O'CALLAHAN, | |
| | Date:      June 2, 2014 |
| 22           Defendants. | Time:      10:00 a.m. |
| | Location:  Courtroom 1600 |

23

24

25

26

27

28

---

DECLARATION OF JAMES G. O'CALLAHAN

## <u>DECLARATION OF JAMES G. O'CALLAHAN</u>

1.     I am an attorney at law admitted to practice in the State of California and an attorney at the law firm of Girardi | Keese.  I have personal knowledge of the matters stated herein and, if called as a witness in this action, I could and would testify competently thereto unless otherwise stated.  I make this declaration in support of Defendants Girardi | Keese, Thomas V. Girardi, and James G. O'Callahan's (collectively "Defendants") Motion to Dismiss and Compel Arbitration.

2.     A true and correct copy of the Retainer Agreement containing the arbitration provision entered into by Plaintiffs is attached hereto as **Exhibit 1**.

3.     Gruber & Gruber and the Law Offices of Howard A. Snyder claimed and received $102,024.11 and $63,606.01 in costs, respectively, for a total of $165,630.12.

4.     In early 2014, my firm began receiving written correspondence from Plaintiffs' counsel.  I explained that retired California Supreme Court Justice Edward A. Panelli was appointed for purposes of allocating settlement monies in the HRT litigation.  This appointment was incorporated into the settlement agreement.  Any plaintiff in the HRT litigation who felt that there were  special circumstances associated with their claim was offered the opportunity to meet with Justice Panelli to tell him what was out of the ordinary about their claim.  A small number of plaintiffs took advantage of this opportunity.  After conducting the hearings, Justice Panelli allocated the settlement monies among the plaintiffs.  He also instructed us to hold back 6% of every plaintiff's settlement until all lien issues were resolved, all consents had been received, and the final accounting had been completed.  A true and correct copy of the correspondence is attached hereto as **Exhibit 2**.

5.     On February 13, 2014, I sent counsel for Plaintiffs correspondence explaining and attaching, *inter alia*, a redacted release in the HRT litigation identifying Justice Edward Panelli (ret.) as having sole discretion to make awards in the HRT litigation.  Each Plaintiff was required to sign and notarize the release containing this provision.

6.      Upon information and belief, Plaintiffs' current counsel also possesses copies of the signed and notarized releases contained within Plaintiffs' files.

7.      Plaintiffs' counsel purports to represent 27 clients.  The three former clients of Defendants for whom Plaintiffs' counsel did not name in this complaint are California citizens, which would destroy the Court's diversity jurisdiction.

8.      The conference of counsel pursuant to Local Rule 7-3 took place on May 1, 2014.  Plaintiffs' counsel was advised that Defendants would seek to resolve said dispute by arbitration as provided in the Retainer Agreement.  Plaintiffs' counsel did not agree to arbitration.  Plaintiffs' counsel stated she had done some research and would look for it and send it to Defendants' counsel for review prior to Defendants filing the instant motion.  To date, Defendants have not received any further communication from Plaintiffs' counsel regarding this research.  Additionally, Plaintiffs list the Snyder and Gruber firms as "Associated Plaintiffs' Counsel" on Plaintiffs' Notice of Interested Parties.  [ECF No. 4].  When addressed at the Local Rule 7-3 conference, Plaintiffs' counsel refused to explain whether this referred to Plaintiffs' counsel in the instant litigation or Plaintiffs' counsel in the underlying HRT litigation.

9.      On May 2, 2014, Plaintiffs' counsel left a voicemail for Defendants' counsel reiterating Plaintiffs' position that arbitration was improper and Defendants could not compel arbitration in this matter, but failed to provide any other basis for these positions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.  Executed this 12th day of May, 2014 at Los Angeles, California.

_____/s/ James G. O'Callahan_____
JAMES G. O'CALLAHAN

DECLARATION OF JAMES G. O'CALLAHAN