UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JUDITH ALLEN, *et al.*,

Plaintiffs,

v.

GIRARDI KEESE, *et al.*,

Defendants.

No. CV 14-2721 MWF (FFMx)

PROTECTIVE ORDER RE DOCUMENTS PRODUCED BY TORREY PINES BANK

IT IS HEREBY ORDERED, that the following procedures shall govern the disclosure of information by Torrey Pines Bank in response to the subpoena served on it by Plaintiffs on March 13, 2015:

1. Any material (the "Bank Material") produced by Torrey Pines Bank (the "Bank") in response to the subpoena served on it by Plaintiffs on March 13, 2015 shall presumptively be deemed CONFIDENTIAL - ATTORNEY'S EYES ONLY, whether or not so marked by the Bank prior to production. The presumption is rebuttable. In the event of any dispute over the confidential nature of any of the Bank Material (or the propriety of an ATTORNEYS' EYES ONLY designation) defendants bear the burden of demonstrating that the material is entitled to such designation.

/ / /

/ / /

/ / /

2. Prior to production of the Bank Material on plaintiffs, the Bank Material may be disclosed to a neutral third party (the "Neutral") for the purposes of reviewing the material and redacting the names and other identifying information of third parties. The Neutral must be jointly selected by the parties within five court days of the entry of this Order, except that defendants may elect, within that same period, to forego Neutral review of the Bank Material prior to production on plaintiffs. The presumed CONFIDENTIAL - ATTORNEY'S EYES ONLY designation of the Bank Material shall continue after production of redacted or unredacted Bank Material on plaintiffs by the Bank or by the Neutral after review and redaction.

3. Until and unless the designation CONFIDENTIAL and/or (as the case may be) CONFIDENTIAL - ATTORNEY'S EYES ONLY is removed from any of the Bank Material, such material shall be used solely for the purposes of this action and for no other purpose.

4. The Bank Material shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except the following:

(a) All counsel of record engaged in the litigation of this action, and professional clerical secretarial and other support personnel of such counsel necessary to assist in this action;

(b) Independent experts or consultants who are retained to consult with or assist counsel for either party in the preparation of this action for trial; provided that prior to disclosure, any such expert is provided with a copy of this Order and acknowledges in writing that he or she agrees to be bound by these terms;

(c) Witnesses in the course of deposition testimony in the reasonable and good faith belief of counsel that any such witness has prior knowledge of the information contained in the records;

(d) This Court and its employees and court reporters transcribing testimony taken in this case and notarizing officers;

(e) Independent outside vendors not affiliated with the parties for purposes of performing clerical-type services with respect to trial preparation in connection with this litigation, *e.g.*, photocopying, imaging, computer data entry, electronic discovery production or processing, preparation of summaries or graphics, and the like, provided that they have access to the documents only to the extent necessary to preform their duties;

(f) Any person indicated on the face of the documents to be an originator, author and/or a recipient of the document; and

(g) Any person who is determined to have been an author and/or previous recipient of the document, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the document by such person.

5. To the extent the ATTORNEYS' EYES ONLY designation is removed by stipulation or Court order from any portion of the Bank Material, that portion of the Bank Material may be shown to any of the plaintiffs, to the extent such disclosure is necessary in connection with the litigation.

6. Prior to disclosure to any person pursuant to subparagraphs (b) and/or (e) of paragraph 5, such person must be given a copy of this order and must acknowledge that he is aware that he is bound by the terms hereof by signing and dating a document confirming those facts. A copy of such document and an up-to-date curriculum vitae of such person, including an identification of any past or present business relationship or affiliation with any party to this action, shall be served on defendants in this action. No material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be shown to that person until ten business days after such service in order to allow any defendant the opportunity to object to the disclosure of the records to such person. An objection may only be made when the objecting party believes in good faith that good cause exists for the objections.

/ / /

7. If objection to disclosure is made within the time specified, the parties shall meet and confer within five business days of service of such objections. If the issue is not resolved, the party seeking to disclose the records may seek an order within ten business days thereafter. Any such motion must comply with Local Rule 37 and include a joint stipulation. Where an objection is made, the records shall not be disclosed to such person until the day after the last day to file a motion seeking an order granting the person access to the records (where no such order is sought), or upon entry of the Court order granting the party's motion. If the parties wish to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation along with an application pursuant to Local Rule 79-5, or the moving party may file an ex parte application making the appropriate request pursuant to Local Rule 7-5. Good cause must be set forth in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

8. If any party wishes to use any information derived from Bank Material in connection with any pleading, motion, brief, appendix or other paper filed with the Court, the paper containing such information shall be submitted along with an application pursuant to Local Rule 79-5.1. If the application is granted, the portions of the filing affected by such order shall be maintained by the Clerk of this Court under seal, and such portions of the filing shall not be made available to anyone except pursuant to order of the Court. The party seeking to file the paper under seal shall simultaneously file and serve a public version of the paper with such information redacted.

9. Unless otherwise agreed in writing by defendants or ordered by the Court, within sixty (60) days after final settlement or determination of this action, including all appeals, each person receiving the Bank Material, or any portion of it, shall return to defendants all such records in its possession or control and all copies thereof; or at its option shall destroy and certify to defendants the destruction of all documents and other material or portions thereof containing or reflecting any of the

information contained on such records. Notwithstanding the foregoing, nothing contained in this provision shall require that any party's counsel destroy its own attorney work product or turn over its own attorney work product to another party.

10. Outside counsel for the parties shall be permitted to retain a file copy of materials created during the course of the litigation, including pleadings and all other materials made a part of the record, deposition and trial transcripts and exhibits, and any attorney work product created by the attorney which includes such information. However, the confidentiality of such material must be maintained in accordance with the provisions of this Protective Order. Such retained material shall not be used for any purpose, except in connection with any action arising directly out of this action, or pursuant to a Court order for good cause shown. Upon request, counsel for each party shall verify in writing that they have complied with the provision of this paragraph.

11. In the event any person or receiving party having possession, custody or control of any of the Bank Material receives a subpoena or other process or order to produce such information, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to defendants and shall afford defendants a reasonable opportunity to pursue formal objections to such disclosures. The party to whom the subpoena or other request is directed shall not produce any of the Bank Material prior to the date of production specified in the subpoena or other process.

12. The provisions of this protective order shall not apply to any trial proceedings herein. Any protection of information contained in the Bank Material in connections with such proceedings must be obtained from the judicial officer conducting the proceedings.

/ / /

/ / /

13. This order does not apply to documents already in the possession of plaintiffs or their counsel as of the date hereof.

IT IS SO ORDERED.

DATED: July 13, 2015

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge