1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JUDITH ALLEN, *et al.*, | Case No.: 14-CV-02721-MWF-FFM |
| Plaintiffs, | [~~PROPOSED~~] PROTECTIVE ORDER |
| vs. | Assigned to Hon. Fredrick F. Mumm |
| GIRARDI \| KEESE, *et al.*, | Room 1600 |
| Defendants. | |

11
12
13
14
15
16
17
18
19

Complaint filed:     April 9, 2014
FAC filed:           January 23, 2015
Discovery cut-off:   July 13, 2015
Trial date:          December 8, 2015

20
21
22
23
24
25
26
27
28

[PROPOSED] PROTECTIVE ORDER

## [PROPOSED] PROTECTIVE ORDER

To expedite discovery, facilitate the prompt resolution of disputes involving the confidentiality of documents, testimony and other information, protect materials entitled to confidentiality under the law from disclosure, ensure that protections from disclosure are not abused, and provide a mechanism for handling the inadvertent production of confidential information,

**IT IS HEREBY ORDERED** as follows:

**A.    SCOPE.**

1.    This Protective Order does not displace or supersede the Protective Order issued by the Court on July 13, 2015, but rather is intended to supplement that Order.  Nothing herein shall prevent the Court from issuing additional Protective Orders, or from amending this Protective Order, on its own initiative or upon a showing of good cause by a party.

**B.    DEFINITIONS.**

2.    As used in this Protective Order, the following terms shall have the following meanings:

(a)    "Action" means the above-entitled proceeding, *Judith Allen, et al. v. Girardi | Keese, et al.*, U.S. District Court for the Central District of California, Case No. 14-cv-02721-MWF-FFM.

(b)    "Party" means any of the named parties in this Action and their counsel of record.

(c)    "Non-Party" means any natural person, partnership, corporation, limited liability company, association, or other legal entity that is not a named party in this Action, and their counsel.

(d)    "Materials" means:

(i)    Documents, including, without limitation, all writings and duplicates thereof, electronically stored information, communications, recordings, graphs, charts, photographs, correspondence, memoranda, reports, summaries

1  and notes;

2              (ii)    Discovery materials, including, without limitation,

3  documents produced voluntarily or in response to discovery requests or subpoenas in

4  this Action and responses to written discovery requests;

5              (iii)   Testimony, including, without limitation, transcripts,

6  recordings and videotapes of deposition and other testimony, declarations, affidavits

7  and other sworn statements; and

8              (iv)    Other tangible items.

9         (e)    "Confidential" means any Materials that constitute, contain, or

10 reflect private personal, identifying, financial, or medical information, confidential

11 commercial or proprietary information, trade secrets, attorney-client privileged

12 communications, attorney work product, or that is subject to a preexisting

13 confidentiality agreement.

14        (f)    "Confidential Materials" means:

15              (i)     Any Materials or portions thereof produced by any Party

16 in connection with the Action that the producing Party reasonably and in good

17 faith believes are Confidential, as defined above, and is so designated by the

18 producing Party;

19              (ii)    Copies, excerpts, abstracts, or summaries of such Materials

20 or portions thereof;

21              (iii)   Testimony, communications, or presentations by or on

22 behalf of a Party that would reveal the Confidential contents of such Materials; and

23              (iv)    The "Confidential Master Settlement Agreement" executed

24 by Wyeth LLC, Wyeth Pharmaceuticals Inc., Pharmacia Corporation, Pharmacia &

25 Upjohn Company LLC, Greenstone LLC and Pfizer Inc. (collectively, the

26 "Pharmaceutical Companies") and Girardi | Keese in July and August 2011, the

27 Exhibits thereto, and drafts and copies thereof, except to the extent that the

28 Pharmaceutical Companies agree in writing that such documents or portions thereof

**[PROPOSED] PROTECTIVE ORDER**

177958.11

1  need not be treated as Confidential Materials in the Action.

2        (g)   "Bank and Accounting Records" include:

3               (i)    All materials relating to any Girardi | Keese accounts at any

4  banks or other financial institutions; and

5               (ii)   All internal Girardi | Keese accounting and tax related

6  records.

7        (h)   "Qualified Person" means:

8               (i)    The named parties in this Action;

9               (ii)   Counsel of record for any of the named parties in this

10  Action and counsels' staff, including support personnel working under their direction

11  and to whom it is necessary to disclose Confidential Materials for use in connection

12  with this Action;

13               (iii)  Outside experts and consultants retained or consulted by the

14  Parties and/or their counsel whose opinions, advice and consultation are being sought

15  or will be used by such Party in connection with this Action; *provided, however,* that

16  no Confidential Materials shall be disclosed to any outside expert, consultant, or

17  counsel unless such person first completes and signs a written "Acknowledgement

18  and Agreement to Be Bound" form, a copy of which is attached hereto as Exhibit A

19  (which counsel of record shall be responsible for maintaining); and

20               (iv)  Prospective fact witnesses and their counsel to whom it is

21  necessary to show Confidential Materials in the course of investigating and

22  developing facts relevant to this Action, or to prepare the witness to testify in

23  deposition, at a hearing, or at trial in connection with this Action; *provided, however,*

24  that: (A) Confidential Materials may only be shown to, reviewed by and/or discussed

25  with the witness and his or her counsel, and may not be given to the witness and/or

26  his or her counsel to retain permanently; and (B) Banking and Accounting Records

27  shall not be shown to, reviewed by and/or discussed with the attorneys and staff of

28  the Law Offices of Howard A. Snyder and Gruber & Gruber.

- 3 -

**[PROPOSED] PROTECTIVE ORDER**

**C.    DESIGNATION OF "CONFIDENTIAL MATERIALS."**

3.    A Party producing Materials in connection with this Action may provisionally designate the Materials or a portion thereof as Confidential Materials by placing upon copies of any such Materials the legend, "CONFIDENTIAL PER PROTECTIVE ORDER," or by otherwise notifying the other Parties, in writing, of their designation before or contemporaneously with the production of the Materials.

4.    All pages of a multi-page document may be designated as Confidential Materials by attaching a cover sheet to the document bearing the "CONFIDENTIAL PER PROTECTIVE ORDER" legend.

5.    Testimony given in a deposition in connection with this Action may be designated as Confidential Materials by a Party by notifying the other Parties before the close of the deposition of his, her, or its intention to designate some or all of the testimony as Confidential Materials.  That Party, or any other Party, will then have fourteen (14) days from transmittal of the original deposition transcript to provide written notice to the other Parties of the specific portions of the transcript he, she, or it is designating as Confidential Materials, unless the Parties agree in writing to extend that time period.  Testimony provisionally designated as Confidential Material will be treated as Confidential Materials pending expiration of the time for providing written notice designating specific portions of the transcript as such.  If no such written notice is timely provided, then the entire transcript shall no longer be considered Confidential Materials; *provided, however*, that any exhibits marked during the deposition that had previously been designated as Confidential Materials will remain so designated.

**D.    USE OF "CONFIDENTIAL MATERIALS."**

6.    Any Materials designated as Confidential Materials may only be disclosed or otherwise made available to the following persons for use in connection with this Action:

(a)    Qualified Persons;

- 4 -

 1         (b)     The Court and court personnel;

 2         (c)     Court reporters, videographers and their staff;

 3         (d)     Vendors hired by a Party to provide necessary litigation support

 4 services in connection with this Action, such as photocopying, scanning, preparing

 5 exhibits and demonstrative aids, and searching, storing, retrieving, or restoring

 6 data; and

 7         (e)     A mediator or settlement judge appointed by the Court or agreed

 8 upon by the parties.

 9      7.     Any Qualified Person to whom Materials designated as Confidential

10 Materials are produced or otherwise disclosed shall not copy or otherwise use the

11 Materials for any purpose other than in prosecuting or defending the claims in

12 this Action.

13      8.     A Qualified Person receiving Confidential Materials shall store and

14 maintain them at a location and in a manner reasonably designed to limit access to

15 those Materials to authorized persons, and to avoid unauthorized disclosures of such

16 Materials.

17      9.     A Party wanting to file Confidential Materials under seal with the Court

18 must comply with the requirements of Local Rule 79-5, and obtain an order of the

19 Court authorizing the sealing of the Confidential Materials at issue.  If the Court

20 denies the requested sealing order, the Confidential Materials at issue may be filed in

21 the public record, unless the Court directs otherwise.

22      10.    Nothing in this Protective Order is intended to restrict the use or

23 disclosure by any Party or witness of any Confidential Materials that the Party or

24 witness possessed or obtained independently, other than in the course of discovery in

25 this Action, regardless of whether such Materials were also produced in the course of

26 discovery in this Action.

27      11.    This Protective Order does not apply to or limit the use of Confidential

28 Materials at trial.  Absent a court order based upon a sufficient and particularized

**[PROPOSED] PROTECTIVE ORDER**

177958.11

1  showing of cause, all Confidential Materials presented at the trial of this Action

2  will become a matter of public record and be available to members of the public

3  and the press.

4  **E.      NON-PARTY "CONFIDENTIAL MATERIALS."**

5          12.     The terms of this Protective Order are applicable to Materials produced

6  in connection with this Action by a Non-Party when those Materials have been

7  designated as Confidential Materials by either the Non-Party or by the Party

8  producing the Materials.

9          13.     A Non-Party may designate Materials to be produced to a Party as

10  Confidential Materials by following the procedures set forth in this Protective Order

11  for so designating such Materials.

12         14.     In the event a Party is required in the course of discovery to produce

13  Confidential Materials received from a Non-Party pursuant or subject to a

14  pre-existing confidentiality agreement with the Non-Party, the producing Party shall

15  promptly notify the requesting Party and the Non-Party, in writing, of the discovery

16  request, the confidentiality agreement and the Materials that the producing Party

17  reasonably and in good faith believes are subject to both.

18         15.     The Non-Party will then have fourteen (14) days from receiving such

19  notice to either: (a) request that the Party which received the discovery request

20  designate the Materials subject to the confidentiality agreement as Confidential

21  Materials before producing them; or (b) seek a protective order from the Court

22  prohibiting or limiting the production of the Materials subject to the confidentiality

23  agreement.  Any motion or application to seek a protective order from the Court

24  pursuant to this paragraph shall be set on the first available hearing date.

25         16.     If the Non-Party fails to timely do either, the Party receiving the

26  discovery request shall produce any such Materials, and may produce such Materials

27  without designating them as Confidential Materials.

28         17.     If the Non-Party timely seeks a protective order, the Party which

- 6 -

**[PROPOSED] PROTECTIVE ORDER**

177958.11

1 | received the discovery request shall not produce any of the Materials at issue until the
2 | Court rules on the motion. Absent a court order to the contrary, the Non-Party shall
3 | bear the burden and expense of seeking protection under this Order for its
4 | Confidential Materials.

5 | **F.    UNAUTHORIZED DISCLOSURE OF "CONFIDENTIAL MATERIALS."**

6 |       18.    In the event that a Party inadvertently discloses Confidential Materials to

7 | persons other than those identified in paragraph 9, above, the disclosing Party shall

8 | do all of the following immediately:

9 |       (a)    Notify the other Parties in writing of the unauthorized disclosure;

10 |       (b)    Use his, her, or its best efforts to retrieve all copies of the

11 | Confidential Materials disclosed without authorization;

12 |       (c)    Inform the person(s) to whom the unauthorized disclosure was

13 | made of the terms of this Protective Order; and

14 |       (d)    Request that such person(s) execute the "Acknowledgement and

15 | Agreement to Be Bound" form attached hereto as Exhibit A.

16 |       19.    Thereafter, the disclosing Party shall advise the other Parties of his,

17 | her, or its efforts to retrieve the disclosed Confidential Materials and the results of

18 | those efforts.

19 | **G.    OBJECTING TO A PARTY OR NON-PARTY'S DESIGNATION OF**

20 |       **MATERIALS AS "CONFIDENTIAL MATERIALS."**

21 |       20.    If, upon review, any Party believes that any Materials designated as

22 | Confidential Materials should not have been so designated, the Party may object to

23 | the designation by notifying the designating Party in writing. Counsel for the Parties

24 | shall thereafter meet and confer in good faith in an attempt to resolve the objection.

25 | If no resolution can be reached following such good faith conferral, all of the

26 | Materials at issue shall continue to be treated as Confidential Materials pending

27 | resolution of the dispute by the Court.

28 |       21.    All disputes involving the designation of Materials as Confidential

- 7 -

**[PROPOSED] PROTECTIVE ORDER**

1  Materials shall follow the procedures for resolving discovery related disputes set
2  forth in Federal Rule of Civil Procedure 37 and Local Rules 37-1-37-4.

3      22.    At all times, the designating Party bears the burden of proving that the
4  Materials are or contain information that is Confidential, as defined above.

5      23.    The Court retains final authority to determine what are or are not
6  Confidential Materials for purposes of this Protective Order, and to remove the
7  Confidential Materials designation from any Materials as necessary to protect the
8  public interest.

9      24.    If there is a judicial determination that Materials designated as
10 Confidential Materials are not subject to the protections of this Protective Order, to
11 the extent the Materials have been labeled as Confidential Materials, the Materials
12 shall be reproduced without any such designation within fourteen (14) days after the
13 Court's determination, unless the Parties agree or the Court directs otherwise.

14     25.    These same procedures shall apply where a Party objects to a
15 Non-Party's designation of Materials as Confidential Materials.

16 **H.**    **INADVERTENT PRODUCTION OF MATERIALS WITHOUT THE**
17       **"CONFIDENTIAL MATERIALS" DESIGNATION.**

18     26.    The inadvertent production of any Materials in connection with this
19 Action without a Confidential Materials designation shall be without prejudice to any
20 claim by the producing Party that such Materials are and should have been designated
21 as Confidential Materials, and in such circumstances the producing Party shall not be
22 deemed to have waived any rights under this Protective Order to designate the
23 Materials as Confidential Materials.

24     27.    In the event that such inadvertent production occurs, counsel for the
25 producing Party shall promptly designate the Materials as Confidential Materials
26 pursuant to the procedures set forth in this Protective Order.

27 **I.**    **ORDER SURVIVES THE FINAL DISPOSITION OF THE ACTION.**

28     28.    Any Confidential Materials that a Party received in connection with this

- 8 -

**[PROPOSED] PROTECTIVE ORDER**

1 | Action and retains after the final disposition of this Action, and that did not become a
2 | matter of public record, shall remain subject to the terms of this Protective Order,
3 | which terms shall remain in force and effect until the Court directs or the Parties
4 | agree otherwise in writing.

5 | **J.    NO WAIVER OR ADMISSION.**

6 | 29.    Nothing in this Protective Order is intended to waive, abridge, alter, or
7 | limit any Party's right, ability, or opportunity to object to the production of Materials
8 | sought in the course of discovery in this Action based upon the assertion of a
9 | privilege, protection, or immunity recognized by law, including, but not limited to,
10 | the attorney-client privilege and the attorney work product protection, or any Party's
11 | right to contest any such objection or assertion.

12 | 30.    By production under this Protective Order, no Party is admitting,
13 | conceding, or acknowledging that any particular Materials constitute, contain, or
14 | reflect private, personal, identifying, financial, or medical information; confidential,
15 | commercial, or proprietary information; trade secrets; attorney-client privileged
16 | communications; or attorney work product.

17 | **IT IS SO ORDERED:**

19 | Dated: July 28, 2015

Honorable Fredrick F. Mumm
United States Magistrate Judge

- 9 -

**[PROPOSED] PROTECTIVE ORDER**

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I, _____ [NAME], am about to receive Confidential Materials in connection with the federal civil case entitled, *Judith Allen, et al. v. Girardi | Keese, et al.*, U.S. District Court for the Central District of California, Case No. 14-CV-02721-MWF-FFM.

I certify that I understand that these Confidential Materials are being provided to me subject to the terms and restrictions of the Protective Order that has been entered in this case. I have been given a copy of the Protective Order, I have read it, I understand it and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Protective Order, include any notes, summaries, abstracts, or reports made from any such Confidential Materials. I further understand that all Confidential Materials I receive or may generate shall not be disclosed to anyone except as expressly permitted by the Protective Order. I will only copy or use any Confidential Materials received pursuant to the Protective Order for purposes relating to this case, and only as permitted by the terms of the Protective Order, unless otherwise ordered by the Court.

I further understand that I am to maintain all copies of all Confidential Materials received or generated by me in the case in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this case, whereupon the copies of such Materials will be returned to counsel who provided them to me or destroyed in accordance with the terms of the Protective Order.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct. Executed this __ day of _____, 201_, at _____.

BY: _____          _____
    Signature                           Street Address

    _____          _____
    Title                               City, State, Zip Code

                                        _____
                                        Telephone Number

                                        _____
                                        Email Address

- 1 -

**[PROPOSED] PROTECTIVE ORDER**

177958.11