Jeffrey B. Isaacs, Esq., SBN 117104
Jerome H. Friedberg, Esq., SBN 125663
Amanda R. Touchton, Esq., SBN 220430
John T. Sheehan, Esq., SBN 273944
**ISAACS FRIEDBERG & LABATON LLP**
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Telephone: (213) 929-5550
Facsimile: (213) 955-5794
Email: jisaacs@ifcounsel.com

*Attorneys for Plaintiffs Judith Allen, et al.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH ALLEN, *et al*., <br><br> Plaintiffs, <br><br> vs. <br><br> GIRARDI \| KEESE, *et al*., <br><br> Defendants. | Case No.: 14-CV-02721-MWF-FFM <br><br> **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT GIRARDI \| KEESE TO PROVIDE VERIFIED SUBSTANTIVE ANSWERS TO PLAINTIFFS' INTERROGATORIES, SET THREE** <br><br> **[PLAINTIFFS' DISCOVERY MOTION NO. 3]** <br><br> Judge: Hon. Fredrick F. Mumm <br> Date: September 29, 2015 <br> Time: 10:00 a.m. <br> Room: E, 9th Floor <br><br> FAC filed: Jan. 23, 2015 <br> Discovery Cutoff: Oct. 2, 2015 <br> Pretrial Conf.: Jan. 11, 2016 <br> Trial Date: Feb. 2, 2016 |

## A.   GK Waived Its Objections to the Interrogatories.

Defendant Girardi | Keese ("GK") served its responses to Plaintiffs' third set of interrogatories (the "Interrogatories" or "Set Three") more than a month late; as a consequence, it waived all of its objections to each interrogatory.  *See* Fed. R. Civ. R. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); s*ee also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection.").

GK seeks to excuse its failure to serve timely responses by claiming that it "had a good faith belief that the discovery and motion cutoff dates were quickly approaching and wanted to ensure that all necessary discovery and motions were filed before those dates."  Joint Stip., p. 7.  This excuse is nonsensical.  *See Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) ("Discovery deadlines are intended to ensure the efficient progress of a lawsuit and counsel are expected to comply with them.").

GK's cognizance of approaching deadlines should have caused it to ensure that its responses were timely served, not served more than a month late.  Further, GK never requested an extension to respond from either Plaintiffs or the Court, refuting any claim that it was acting in good faith based on some mistaken belief about deadlines.  *See id*. ("If plaintiffs' counsel were not able to meet a discovery deadline, they should have sought an agreement with defendant's lawyer to submit their responses at a later date.").

**B.     GK's Objections to the Interrogatories Are Meritless.**

GK's principal objection to the Interrogatories is that they contain subparts, and that if the subparts are each considered separate interrogatories, they total more than 25 interrogatories.  GK's contention is based on a misperception of the applicable law.

*First*, under Federal Rule of Civil Procedure 33, each of the 29 Plaintiffs may serve up to 25 written interrogatories, for a total of 725 interrogatories.  Rule 33(a)(1) expressly states that "*a party* may serve on any other party no more than 25 written interrogatories, including all discrete subparts" (emphasis added), and the Advisory Committee Notes to Rule 33 similarly provide that "*[e]ach party* is allowed to serve 25 interrogatories upon any other party . . . ."  (emphasis added).  There are 29 Plaintiffs in this action, each of which is a separate party, and each of which therefore is entitled to serve up to 25 interrogatories on GK.  *See Schwarzer, Tashima & Wagstaffe*, RUTTER GROUP PRAC. GUIDE:  FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2015), § 11:1687 ("[I]f Husband and Wife are suing three defendants, Husband can serve each defendant with 25 interrogatories (i.e., 75 interrogatories); and Wife can do likewise.").  Plaintiffs have not even come close to this limit.

*Second,* "[a]n interrogatory containing subparts which elicit details regarding a common theme should be considered a single question."  *Sanford v. Red Robin Int'l., Inc.*, 2005 WL 5915989, at *1 (E.D. Cal. Aug. 10, 2005), *see also Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997) ("discrete subparts" means that "interrogatory subparts are to be counted as part of but one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question"); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 444-45 (C.D. Cal. 1998) (Wistrich, M.J.) (surveying cases).  Here, the Interrogatories have been drafted to comply with these guidelines.  Each interrogatory concerns a "common theme" (*e.g.*, the amount of time GK attorneys spent working on the HRT Litigation) and the subparts are "logically [and] factually subsumed and necessarily

related to the primary question" (*e.g.*, the names of the GK attorneys who appeared in that litigation).

*Third*, the Court has broad discretion to permit Plaintiffs to serve more than 25 interrogatories. *See* Fed. R. Civ. P. 33(a)(1) ("Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."); *Sanford*, 2005 WL 5915989, at *1 ("If a party submits more than 25 interrogatories without first obtaining leave of court or a stipulation, the court may order that party to resubmit a complying set of interrogatories, specify which of 25 should be answered, or grant the party leave to exceed 25."). Thus, even if the Court were to excuse GK's waiver and find that Plaintiffs have exceeded the applicable interrogatory limit, it can and should "grant [Plaintiffs] leave to exceed 25." *Id.* All of the Interrogatories seek relevant information and GK does not contend otherwise; the subparts serve to define and limit the scope of each request and thus make responding less, not more, burdensome; and Plaintiffs could have either revised Set Three or sought leave if GK had timely raised its objections and explained its position.[1]

## C. The Court Should Impose Evidentiary Sanctions in Addition to Monetary Sanctions.

The record before this Court makes clear that Defendants are engaged in an egregious pattern of discovery abuses that include deliberate disregard of their discovery obligations, willful violations of court orders and the failure to meet and

---

[1] GK also contends in passing that "Plaintiffs' arguments concerning the Interrogatories are largely moot, as Defendant promptly served the Interrogatories before Plaintiffs' filed the pending Motion." Joint Stip., p. 4: 6-8. This claim is both disingenuous and frivolous, especially as GK's responses remain wholly insufficient. *See Osborn v. Bartos*, 2010 WL 3809847, at *4 (D. Ariz. Sep. 20, 2010) ("While the service of responses in relation to a motion to compel is relevant to an award of expenses, . . . it does not automatically moot a motion to compel, especially one based upon a failure to provide timely objections."); *Henderson v. Rodriguez*, 2010 WL 4137227, at *2 (E.D. Cal. Oct. 19, 2010) ("Because there is a dispute regarding Defendant's responses, Plaintiff's motion to compel is not moot.").

confer or to meet and confer in good faith, requiring Plaintiffs to litigate virtually every one of their discovery requests.  The aims of these tactics appears to be fourfold: (1) delay Plaintiffs' pretrial fact finding and trial preparation; (2) impair their ability to confirm the facts necessary to file dispositive motions and amend their complaint; (3) drive up their litigation costs; and (4) suppress relevant evidence damaging to Defendants and embarrassing to their accomplices.

It is thus apparent that an order compelling GK to provide Plaintiffs with complete and non-evasive answers to the Interrogatories is likely to result in nothing more than further motion practice, delay and expense to Plaintiffs.  Accordingly, the Court should impose evidentiary sanctions in this instance (in addition to monetary sanctions), precluding GK from seeking to presenting evidence at trial relating to the information requested by the Interrogatories that it has refused and/or made no effort to provide.  Such an order is the only way to protect Plaintiffs from being surprised and prejudiced at trial by Defendants, should they seek to present evidence not revealed in response to the Interrogatories.

Under Federal Rule of Civil Procedure 37, the Court may "order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers [or] objections," Fed. R. Civ. P. 37(d), including an order "prohibiting the disobedient party . . . from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).  "No prior court order is required under Rule 37(d) for sanctions to be imposed." *Garden City Boxing Club, Inc. v. Izarraraz*, 2008 WL 5351681, *2 (D. Nev. Dec. 18, 2008).

As demonstrated in the Joint Stipulation, GK's responses are incomplete and evasive and reflect a lack of any genuine effort to obtain and provide the requested information.  As a result, "***they must be treated*** as a failure to . . . answer." Fed. R. Civ. P. 37(a)(4) (emphasis added).  Federal courts have imposed evidentiary and even more severe sanctions in similar situations. *See, e.g., Fisher v. Underwriters at Lloyd's of London*, 115 F.2d 641, 646 (7th Cir. 1940) ("The plaintiff declined to

answer interrogatories on this subject matter, and was properly precluded by the court on account of such failure from offering any such proof at trial."); *Michigan Window Cleaning Co. v. Martino*, 173 F.2d 466, 467 (6th Cir. 1949) (affirming district court's entry of default judgment "for [defendant's] failure to respond to interrogatories" where defendant's "failure to make any attempt to give adequate and complete answers to the interrogatories left [the court] with no alternative but to enter the order of default"); *Lucas v. GC Services L.P.*, 226 F.R.D. 228, 333 (N.D. Ind. 2004) (defendants precluded from calling witnesses where answers to interrogatories were "evasive and incomplete"); *Evans v. Port Authority of New York and New Jersey*, 201 F.R.D. 96, 99 (S.D.N.Y. 2001) (same where plaintiff engaged in "patent obstructionism"); *Kreiger v. Texaco, Inc.*, 373 F. Supp. 108, 111 (W.D.N.Y 1973) ("entirely proper to preclude proof of secondary damages" as plaintiffs had "been given two opportunities to submit sufficient answers to interrogatories").

Accordingly, to redress Defendants' discovery abuses and prevent unfair surprise at trial, the Court shall consider imposing evidentiary sanctions that preclude GK from presenting evidence at trial beyond its statements in response to the Interrogatories.

**D.    Conclusion.**

For the foregoing reasons, and those set forth in Plaintiffs' moving papers, the Court should overrule GK's objections and impose the evidentiary and monetary sanctions requested.

Respectfully submitted,

Dated:  September 15, 2015        **ISAACS FRIEDBERG & LABATON LLP**

By:  _/s/ Jeffrey Isaacs_____
        JEFFREY B. ISAACS, ESQ.
        *Attorneys for Plaintiffs*

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE:**
**PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES, SET THREE**
183612.6