1  Jeffrey B. Isaacs, Esq., SBN 117104
   Jerome H. Friedberg, Esq., SBN 125663
2  Amanda R. Touchton, Esq., SBN 220430
   John T. Sheehan, Esq., SBN 273944
3  **ISAACS FRIEDBERG & LABATON LLP**
   555 South Flower Street, Suite 4250
4  Los Angeles, California 90071
   Telephone: (213) 929-5550/Facsimile: (213) 955-5794
5  Email: jisaacs@ifcounsel.com

6  *Attorneys for Plaintiffs Judith Allen, et al.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH ALLEN, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>GIRARDI \| KEESE, *et al.*,<br><br>Defendants. | Case No.: 14-CV-02721-MWF-FFM<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT GIRARDI \| KEESE TO PROVIDE FURTHER RESPONSES AND PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**<br><br>**[PLAINTIFFS' DISCOVERY MOTION NO. 4]**<br><br>[Joint Stipulation; Declaration of Paige Shen; Declaration of Phillip C. Baker filed concurrently herewith]<br><br>Judge:   Hon. Fredrick F. Mumm<br>Date:    October 13, 2015<br>Time:    10:00 a.m.<br>Room:    E, 9th Floor<br><br>FAC Filed:        Jan. 23, 2015<br>Discovery Cutoff: Oct. 2, 2015<br>Pretrial Conf.:   Jan. 11, 2016<br>Trial Date:       Feb. 2, 2016 |

---

**PLAINTIFFS' NOTICE OF MOTION TO COMPEL
RE REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

182731.9

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Tuesday, October 13, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Department E, Ninth Floor, 312 North Spring Street, Los Angeles, California 90012, U.S. District Court for the Central District of California, U.S. Magistrate Judge Fredrick F. Mumm presiding, Plaintiffs will, and hereby do, move this Court pursuant to Fed. R. Civ. P. 26, 34 and 37 and this Court's Local Rule 37 for an Order **(1)** compelling Defendant Girardi | Keese ("GK") to provide individualized, complete and non-evasive responses, without objection or qualification, to each of Plaintiffs' Requests for Production of Documents, Set Two (the "Document Requests" or "Requests"); **(2)** compelling GK to conduct a diligent search for all responsive documents in its possession, custody and control and produce them forthwith, organized and labeled to correspond to each Request; and **(3)** imposing appropriate sanctions for GK's continuing discovery violations.

This Motion is made on the following grounds:

1. On June 11, 2015, Plaintiffs personally served GK with the Document Requests, each of which was narrowly drawn and sought to determine whether there existed documents to substantiate the amount of attorney's fees Defendants paid themselves, the costs listed in GK's "Case Cost Report" produced in discovery and its claims of delay in distributing the settlement funds due to unresolved Medicare liens. The deadline for GK to respond to the Requests was 30 days from the date of service, which was Saturday, July 11, 2015, making them due by Monday, July 13, 2015.

2. GK failed to serve any responses to the Document Requests by the July 13 deadline; nor did it request that Plaintiffs stipulate to extend that deadline. As a result, GK waived any and all objections it might have raised to the Requests. *See* Fed. R. Civ. P. 33(b)(4); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

3. On July 22, 2015, Plaintiffs' counsel sent GK a letter requesting to meet and confer regarding GK's failure to respond to the Requests. GK's counsel acknowledged receipt of the letter and stated that GK would respond by August 3, 2015.

4. GK did not respond by August 3. Instead, on August 14, 2015, Plaintiffs' counsel received a document styled, "Defendants, Girardi & Keese's Responses to Plaintiffs' Requests for Production of Documents, Set Two." Aside from a series of boilerplate "General Objections," GK's responses consisted of a single response entitled, "Defendant GK's Response to Plaintiffs' Request for Production Nos. 40-132." The response stated, in relevant part, that, "[s]ubject to the Court's Protective Order, dated July 13, 2015 . . . , Defendant GK will make available to Plaintiffs the contents of the entire case file in GK's possession, custody, or control, for the approximately 140 individuals, including Plaintiffs herein, that GK represented in the Multi-District Litigation . . . ."

5. GK's belated sole response was "incomplete" and "evasive," and thus "must be treated as a failure to . . . respond." Fed. R. Civ. P. 37(a)(4). *First*, GK's response was served more than a month late, and therefore GK waived all of its objections to the Requests, including those set forth in its "General Objections." *Second*, the Court has already overruled those same objections on multiple occasions. *Third*, GK's response failed to respond to each Document Request as required by the Federal Rules. *Fourth,* GK's response failed to state whether any of the documents described in each Request existed and were included in the documents GK was offering to make available for inspection and copying. *Fifth*, GK failed to state that all responsive documents in its possession, custody and control were being produced, and, if not, which ones were being withheld and on what basis.

6. Similarly, GK's attempt at a "document dump" was not sufficient to satisfy its discovery obligations, especially since GK offered no description of what

was included in the "case file," much less the detailed index of its contents required in such circumstances.

7. Furthermore, based on Plaintiffs' review of the client files GK has produced to date, the documents GK is now offering to make available will not include many, if not most, of the requested documents, such as attorney travel records; agreements with vendors and outside counsel; invoices from vendors and outside attorneys; documents describing work performed by GK employees and contractors; and communications between GK and counsel for the HRT Defendants.

8. In addition, having to inspect the volume of files GK is purportedly offering to make available without the benefit of individualized responses or a detailed index to guide Plaintiffs' review will serve no other purpose than to delay completion of discovery further, needlessly drive up the costs of this litigation for Plaintiffs, and leave Plaintiffs without the information and documents to which they are entitled, which is no doubt Defendants' intent here.

9. The documents requested to be produced are summarized as follows:

| Request No. | Summary of Request |
|---|---|
| 40 | Retainer agreements between GK and the HRT Claimants. |
| 41 | Time sheets for GK attorneys who performed work relating to the HRT Litigation. |
| 42 | Documents relating to travel by GK attorneys for which GK was reimbursed from the HRT settlement funds. |
| 43 | Documents relating to travel by GK attorney Peter Bierne for the HRT Litigation. |
| 44 | Documents relating to travel by GK attorney Thomas Girardi for the HRT Litigation. |
| 45 | Documents relating to travel by GK attorney Joseph Gjonola for the HRT Litigation. |
| 46 | Documents relating to travel by GK attorney Keith Griffin for the HRT Litigation. |
| 47 | Documents relating to travel by Jennifer A Lenze in connection with the HRT Litigation. |

| Request No. | Summary of Request |
|---|---|
| 48 | Documents relating to travel by GK attorney Howard Miller for the HRT Litigation. |
| 49 | Documents relating to travel by GK attorney Claus Mory for the HRT Litigation. |
| 50 | Documents relating to travel by FK attorney James O'Callahan for the HRT Litigation. |
| 51 | Documents relating to travel by GK attorney J. Paul Sizemore for the HRT Litigation. |
| 52 | Documents relating to Thomas Girardi's trips to New York, New York in June 2012 purportedly for the HRT Litigation. |
| 53 | Documents relating to Thomas Girardi's trips to Philadelphia, Pennsylvania in June 2012. |
| 54 | Documents relating to James O'Callahan's trip to Providence, Rhode Island in September 2011 purportedly for the HRT Litigation. |
| 55 | Documents relating to James O'Callahan's trip to Chicago, Illinois in October 2011 purportedly for the HRT Litigation. |
| 56 | Documents relating to James O'Callahan's trip to San Francisco, California in July 2012 purportedly for the HRT Litigation. |
| 57 | Documents relating to James O'Callahan's trip to San Francisco, California in December 2012 purportedly for the HRT Litigation. |
| 58 | Copies of any written discovery propounded by GK in the HRT Litigation. |
| 59 | Transcripts of any depositions of the HRT Claimants in the HRT Litigation. |
| 60 | Agreements between GK and the Anderson Firm relating to the HRT Litigation. |
| 61 | Documents describing work performed by the Anderson Firm relating to the HRT Litigation. |
| 62 | Communications between GK and the Anderson Firm relating to the HRT Litigation. |
| 63 | Bills submitted by the Anderson Firm to GK relating to the HRT Litigation. |
| 64 | Documents relating to payments made by GK to the Anderson Firm relating to the HRT settlement funds. |

| Request No. | Summary of Request |
|---|---|
| 65 | Agreements between GK and the Buchanan Firm relating to the HRT Litigation. |
| 66 | Documents describing work performed by the Buchanan Firm relating to the HRT Litigation. |
| 67 | Communications between GK and the Buchanan Firm relating to the HRT Litigation. |
| 68 | Bills submitted by the Buchanan Firm to GK relating to the HRT Litigation. |
| 69 | Documents relating to payments made by GK to the Buchanan Firm relating to the HRT settlement funds. |
| 70 | Agreements between GK and the Gruber Firm relating to the HRT Litigation. |
| 71 | Documents regarding work performed by Gruber Firm in connection with the HRT Litigation. |
| 72 | Communications between GK and the Gruber Firm relating to the HRT Litigation. |
| 73 | Bills submitted by the Gruber Firm to GK relating to the HRT Litigation. |
| 74 | Documents relating to payments made by GK to the Gruber Firm relating to the HRT settlement funds. |
| 75 | Agreements between GK and the Snyder Firm relating to the HRT Litigation. |
| 76 | Documents regarding work performed by Snyder Firm in connection with the HRT Litigation. |
| 77 | Communications between GK and the Snyder Firm relating to the HRT Litigation. |
| 78 | Bills submitted by the Snyder Firm to GK relating to the HRT Litigation. |
| 79 | Documents relating to payments made by GK to the Snyder Firm relating to the HRT settlement funds. |
| 80 | Agreements between GK and the Barry Levy, M.D. relating to the HRT Litigation. |
| 81 | Documents regarding work performed by Barry Levy, M.D. in connection with the HRT Litigation. |
| 82 | Communications between GK and the Barry Levy, M.D. relating to the HRT Litigation. |

| Request No. | Summary of Request |
|---|---|
| 83 | Bills submitted by the Gruber Barry Levy, M.D. to GK relating to the HRT Litigation. |
| 84 | Documents relating to payments made by GK to the Barry Levy, M.D. relating to the HRT settlement funds. |
| 85 | Agreements between GK and the Jessica Estrada relating to the HRT Litigation. |
| 86 | Documents regarding work performed by Jessica Estrada in connection with the HRT Litigation. |
| 87 | Communications between GK and the Jessica Estrada relating to the HRT Litigation. |
| 88 | Bills submitted by the Jessica Estrada to GK relating to the HRT Litigation. |
| 89 | Documents relating to payments made by GK to the Jessica Estrada relating to the HRT settlement funds. |
| 90 | Agreements between GK and the Garretson Resolution Group relating to the HRT Litigation. |
| 91 | Documents regarding work performed by the Garretson Resolution Group in connection with the HRT Litigation. |
| 92 | Communications between GK and the Garretson Resolution Group relating to the HRT Litigation. |
| 93 | Bills submitted by the Garretson Resolution Group to GK relating to the HRT Litigation. |
| 94 | Documents relating to payments made by GK to the Garretson Resolution Group relating to the HRT settlement funds. |
| 95 | Documents regarding agreements between GK and The Plaintiff's Resource, LLC in connection with the HRT Litigation. |
| 96 | Documents describing work performed by The Plaintiff's Resource, LLC in connection with the HRT Litigation. |
| 97 | Communications between GK and The Plaintiff's Resource, LLC in connection with the HRT Litigation. |
| 98 | Bills submitted by The Plaintiff's Resource, LLC to GK in connection with the HRT Litigation. |
| 99 | Documents relating to payments made by GK to The Plaintiff's Resource, LLC from the HRT settlement funds. |
| 100 | Agreements between GK and Stephen Wilson, M.D relating to the HRT Litigation. |

| Request No. | Summary of Request |
|---|---|
| 101 | Documents regarding work performed by Stephen Wilson, M.D in connection with the HRT Litigation. |
| 102 | Communications between GK and Stephen Wilson, M.D relating to the HRT Litigation. |
| 103 | Bills submitted by Stephen Wilson, M.D to GK relating to the HRT Litigation. |
| 104 | Documents relating to payments made by GK to Stephen Wilson, M.D relating to the HRT settlement funds. |
| 105 | Communications discussing the reasons for filing cases on behalf of the HRT Claimants in Minnesota state court. |
| 106 | Communications between GK and the HRT Steering Committee. |
| 107 | Communications between GK and the Centers for Medicare & Medicaid Services ("CMS") relating to the HRT Litigation. |
| 108 | Communications between GK and CMS relating to resolution of the HRT Claimants Medicare or Medicaid liens. |
| 109 | Communications between GK and CMS relating to the HRT Master Settlement Agreement ("MSA"). |
| 110 | Documents relating to the preparation of the GK "Case Cost Report." |
| 111 | Documents relating to the costs listed under "Case Costs−Personnel" in the "Case Cost Report." |
| 112 | Communications between GK and the HRT Defendants relating to the allocation of the Settlement Funds. |
| 113 | Communications between GK and the HRT Defendants relating to the distribution of the Settlement Funds. |
| 114 | Communications between GK and the HRT Defendants relating to obtaining signed releases from the HRT Claimants. |
| 115 | Communications between GK and the HRT Defendants relating to the filing of a Stipulation of Dismissal pursuant to the MSA. |
| 116 | Communications between GK and the HRT Defendants relating to curing deficiencies in satisfying the MSA. |
| 117 | Communications between GK and the HRT Defendants relating to HRT Claimants opting out of the MSA. |
| 118 | Communications between GK and the HRT Defendants relating to the payment of Common Benefit fund assessments. |

| Request No. | Summary of Request |
|---|---|
| 119 | Communications between GK and the HRT Defendants relating to the resolution of Medicare or Medicaid liens. |
| 120 | Communications between GK and the HRT Defendants relating to the transfer of Settlement Funds by the Escrow Agent. |
| 121 | Communications between GK and the HRT Defendants relating to the final written acceptance by CMS of a Global Resolution Program. |
| 122 | Communications between GK and the HRT Defendants relating to receipt of the Final Demand Letters from CMS. |
| 123 | Documents relating to any extension granted by the HRT Defendants of MSA deadlines. |
| 124 | Documents by which GK advised the HRT Claimants regarding disclosures required by Rule 1.8(g) of the Model Rules of Professional Conduct. |
| 125 | Communications between GK and CMS relating to HRT Claimant Frances Farr. |
| 126 | Communications between GK and the HRT Defendants relating to HRT Claimant Frances Farr. |
| 127 | Communications between GK and CMS relating to HRT Claimant Gail Gilliam. |
| 128 | Communications between GK and the HRT Defendants relating to HRT Claimant Gail Gilliam. |
| 129 | Communications between GK and CMS relating to HRT Claimant Pearl Lowe. |
| 130 | Communications between GK and the HRT Defendants relating to HRT Claimant Pearl Lowe. |
| 131 | Communications between GK and CBFC relating to requests for compensation or reimbursement for fees, costs, or expenses. |
| 132 | Documents identified in GK's responses to Sets One, Two and Three of Plaintiffs' Interrogatories. Sets One, Two and Three |

This Motion is based on this Notice of Motion; the concurrently filed Joint Stipulation of the parties, Declaration of Paige Shen and Phillip C. Baker and attached exhibits; the pleadings and papers on file; and such additional evidence and argument as the Court may permit.

As set forth in in the accompanying Declaration of Paige Shen ("Shen Decl."),

pursuant to Local Rule 37-1, on July 22, 2015, Plaintiffs' counsel sent a letter to GK's counsel requesting to meet and confer concerning GK's failure to serve responses and produce documents in response to the Document Requests.  On July 30, 2015, GK's counsel replied that they would respond on or before August 3, 2015.  Plaintiffs' counsel never received the promised response.  On August 14, 2015, Plaintiffs received GK's response.  Counsel for Plaintiffs and GK thereafter engaged in multiple telephonic meet and confer conferences and email exchanges, but were unable to resolve their dispute.  Shen Decl., ¶¶ 49-53.

Dated:  September 16, 2015         Respectfully submitted,

                                              **ISAACS FRIEDBERG & LABATON LLP**

                                              By       */s/ Paige Shen*
                                                   PAIGE SHEN, Esq.
                                                   *Attorneys for Plaintiffs Judith Allen, et al.*