1   Jeffrey B. Isaacs, Esq., SBN 117104
    Jerome H. Friedberg, Esq., SBN 125663
2   Amanda R. Touchton, Esq., SBN 220430
    John T. Sheehan, Esq., SBN 273944
3   **ISAACS FRIEDBERG & LABATON LLP**
    555 South Flower Street, Suite 4250
4   Los Angeles, California 90071
    Telephone: (213) 929-5550
5   Facsimile: (213) 955-5794
    Email: jisaacs@ifcounsel.com
6
    *Attorneys for Plaintiffs Judith Allen, et al.*
7

8

9
                    **UNITED STATES DISTRICT COURT**
10
                    **CENTRAL DISTRICT OF CALIFORNIA**
11

12
    JUDITH ALLEN, *et al.*,              Case No.: 14-CV-02721-MWF-FFM
13
                    Plaintiffs,          **JOINT STIPULATION RE:**
14                                        **PLAINTIFFS' MOTION TO**
                    vs.                   **COMPEL FURTHER RESPONSES**
15                                        **BY DEFENDANT GIRARDI | KEESE**
    GIRARDI | KEESE, *et al.*,            **TO PLAINTIFFS'**
16                                        **INTERROGATORIES, SET ONE**
                    Defendants.          **AND FOR MONETARY SANCTIONS**
17
                                         **[PLAINTIFFS' DISCOVERY**
18                                        **MOTION NO. 5]**
19
                                         [Notice of Motion; Declaration of John
20                                        Sheehan; and Declaration of Paige Shen
                                          filed concurrently herewith]
21
22                                       Judge:        Hon. Fredrick F. Mumm
                                         Date:         October 27, 2015
23                                       Time:         10:00 a.m.
                                         Room:         E, 9th Floor
24
25                                       Complaint Filed:   Apr. 9, 2014
                                         FAC Filed:         Jan. 23, 2015
26                                       Pretrial Conf.:    Jan. 11, 2016
27                                       Trial Date:        Feb. 2, 2016
28

---

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER**
**RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

# TABLE OF CONTENTS

**PAGE**

I.   PLAINTIFFS' INTRODUCTION....................................................1

   A.   Nature of the Case.....................................................1

   B.   Nature of This Discovery Dispute................................2

II.   DEFENDANT'S INTRODUCTION........................................4

   **A.**   Nature of the Case.....................................................4

   **B.**   Nature of This Discovery Dispute................................4

III.   LOCAL RULE 37 MEET AND CONFER EFFORTS. ................6

   **A.**   Plaintiffs' Position.....................................................6

   **B.**   Defendant's Position. ..................................................8

IV.   INTERROGATORY RESPONSES AT ISSUE. .......................11

INTERROGATORY NO. 3. ..................................................11

   **A.**   Plaintiffs' Contentions in Support of Compelling Further Response...............................................13

     *1.*   *The Information Sought By Interrogatories 3-6 is Plainly Relevant, Discoverable and Available to GK.* ..............13

     *2.*   *GK's Answers to Subparts (e) and (f) Are Incomplete and Evasive.*...............15

     *3.*   *GK Waived Its Objections to the Interrogatories.*.....................17

       *a.*   *GK Waived Its Objections By Serving Its Response Late*................17

       *b.*   *GK Waived Its Objections By Responding "Subject To" Its Boilerplate Objections*................18

     *4.*   *All of GK's Objections Lack Merit and Should Be Overruled.*................18

       *a.*   *GK's Objections May Be Ignored as Lacking the Required "Specificity."*................19

       *b.*   *GK's "General Objections" Are Meritless*................20

c.    **_GK's Objection that the Interrogatory is "Overly Broad" and "Unduly Burdensome, Harassing and Oppressive" is Meritless_**………………...20

d.    **_GK's Objection that the Interrogatory is "Vague and Ambiguous" is Meritless_**……………………..20

e.    **_GK's Objection that the Interrogatory Seeks Information "Equally Available" to Plaintiffs is Meritless_**…………………………………………21

f.    **_GK's Objection as to "Time or Scope" is Meritless_**……..21

g.    **_GK's "Legal Conclusion" Objection is Meritless_**……….21

h.    **_GK's "Attorney-Client Privilege and/or Work Product Doctrine" Objection is Meritless_**………..22

B.    **Defendant's Contentions in Opposition to Compelling Further Response.** ..................................................................22

    1.    **This Interrogatory Seeks Information That Is Not Relevant to Proving Plaintiffs' Damages Relating To The HRT Litigation.** ............................................23

**INTERROGATORY NO. 4.** ...................................................................24

A.    **Plaintiffs' Contentions in Support of Compelling Further Response.**.....................................................................25

B.    **Defendant's Contentions in Opposition to Compelling Further Response.** ..................................................................26

    1.    **This Interrogatory Seeks Information That Is Not Relevant to Proving Plaintiffs' Damages Relating To The HRT Litigation.** ............................................27

**INTERROGATORY NO. 5.** ...................................................................27

A.    **Plaintiffs' Contentions in Support of Compelling Further Response.**.....................................................................29

B.    **Defendant's Contentions in Opposition to Compelling Further Response.** ..................................................................29

    1.    **This Interrogatory Seeks Information That Is Not Relevant to Proving Plaintiffs' Damages Relating To The HRT Litigation.** ............................................30

**INTERROGATORY NO. 6.** ...................................................................30

A.    **Plaintiffs' Contentions in Support of Compelling Further Response.**.....................................................................32

- ii -

**B.     Defendant's Contentions in Opposition to Compelling
Further Response.** ........................................................33

   **1.     This Interrogatory Seeks Information That Is Not
   Relevant to  Proving Plaintiffs' Damages Relating To
   The HRT Litigation.** ...................................................33

**INTERROGATORY NO. 7.** ........................................................34

   **A.     Plaintiffs' Contentions in Support of Compelling Further
   Response.** ........................................................35

   **B.     Defendant's Contentions in Opposition to Compelling
   Further Response.** ........................................................36

**INTERROGATORY NO. 8.** ........................................................36

   **A.     Plaintiffs' Contentions in Support of Compelling Further
   Response.** ........................................................37

   **B.     Defendant's Contentions in Opposition to Compelling
   Further Response.** ........................................................38

**INTERROGATORY NO. 9.** ........................................................38

   **A.     Plaintiffs' Contentions in Support of Compelling Further
   Response.** ........................................................40

   **B.     Defendant's Contentions in Opposition to Compelling
   Further Response.** ........................................................40

**INTERROGATORY NO. 10.** ........................................................40

   **A.     Plaintiffs' Contentions in Support of Compelling Further
   Response.** ........................................................42

   **B.     Defendant's Contentions in Opposition to Compelling
   Further Response.** ........................................................42

**INTERROGATORY NO. 11.** ........................................................42

   **A.     Plaintiffs' Contentions in Support of Compelling Further
   Response.** ........................................................44

   **B.     Defendant's Contentions in Opposition to Compelling
   Further Response.** ........................................................44

**INTERROGATORY NO. 12.** ........................................................44

   **A.     Plaintiffs' Contentions in Support of Compelling Further
   Response.** ........................................................46

   **B.     Defendant's Contentions in Opposition to Compelling
   Further Response.** ........................................................46

**INTERROGATORY NO. 13.** ........................................................46

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

A.      Plaintiffs' Contentions in Support of Compelling Further
Response.................................................................................48

B.      Defendant's Contentions in Opposition to Compelling
Further Response. ................................................................50

**INTERROGATORY NO. 15.** .................................................................50

A.      Plaintiffs' Contentions in Support of Compelling Further
Response.................................................................................52

B.      Defendant's Contentions in Opposition to Compelling
Further Response. ................................................................33

1.      This Interrogatory Seeks Information That Is Not
Relevant to Proving Plaintiffs' Damages Relating To
The HRT Litigation. .................................................53

**V.    VERIFICATIONS TO INTERROGATORIES.** ........................................53

A.      Plaintiffs' Contentions in Support of Compelling
Verifications.........................................................................53

B.      Defendant's Contentions in Opposition to Compelling
Verifications.........................................................................54

**VI.   SANCTIONS**................................................................................55

A.      Plaintiffs' Contentions in Support of Imposing Monetary
Sanctions. ............................................................................55

B.      Defendants' Contentions in Opposition to The Imposition of
Monetary Sanctions. ...........................................................57

**VII.  CONCLUSION** ...........................................................................58

A.      Plaintiffs' Conclusion.............................................................58

B.      Defendant's Conclusion. .......................................................59

184033.3

# I.     PLAINTIFFS' INTRODUCTION.

Plaintiffs seek an order compelling Defendant Girardi | Keese ("GK") to provide complete and non-evasive answers to twelve interrogatories (the "Interrogatories") in Plaintiffs' Interrogatories, Set One ("Set One"). Plaintiffs also ask the Court to impose appropriate sanctions for GK's continuing discovery abuses.

## A.     Nature of the Case.

Plaintiffs are 29 elderly women (or the representatives of their estates) ("Plaintiffs") who developed breast cancer after taking hormone replacement therapy ("HRT") prescription medications. Defendants are the law firm of Girardi | Keese and two of its partners, attorneys Thomas Girardi and James O'Callahan (collectively, "Defendants"). GK represented Plaintiffs, together with another 110 similarly situated victims (collectively, the "HRT Claimants"), in individual personal injury actions against the manufacturers of the HRT medications, which became part of a federal multi-district litigation proceeding in the Eastern District of Arkansas (the "HRT Litigation"). Declaration of John Sheehan ("Sheehan Decl."), ¶ 3.

The present case arises out of a scheme by Defendants to misappropriate millions of dollars in settlement funds belonging to the HRT Claimants. After negotiating an aggregate settlement of their clients' claims in the HRT Litigation, Defendants misappropriated the proceeds through various dishonest and unethical means. *First*, Defendants paid themselves a 40% contingency fee, even though they did not have a written retainer agreement with any of the HRT Claimants, and therefore were, at most, entitled to *quantum meruit*. *Second*, Defendants withdrew settlement funds held in trust for the HRT Claimants without the clients' consent or knowledge, which is per se willful misappropriation under California law. *Third*, Defendants paid themselves substantially in excess of 40% of the settlement by secretly pocketing $1.0 million of the settlement funds. *Fourth*, Defendants charged their clients for fictitious costs and costs that were excessive, unreasonable and unrelated to the case. *Fifth*, Defendants charged clients twice for work performed in

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

1  the litigation, once as costs and then again as included in their attorney's fees.

2  ***Sixth***, Defendants enjoyed the free use of the settlement funds, delaying distribution

3  of the final settlement payments for three years by use of deception and lulling tactics.

4         To carry out and conceal their scheme, Defendants made numerous false

5  representations to the HRT Claimants, and withheld material information in violation

6  of their ethical and fiduciary duties of disclosure.  Additionally, Defendants refused to

7  produce a complete and accurate accounting of the disposition of the settlement

8  proceeds, despite repeated requests by Plaintiffs and in violation of their legal duty to

9  do so.  Moreover, the limited information that Defendants have provided in this

10  litigation has proven to be inaccurate, unsubstantiated and, in many instances, false.

11  As a result, Plaintiffs still do not know the full extent of Defendants' wrongdoing or

12  the disposition of their settlement funds.[1]

13  **B.   Nature of This Discovery Dispute.**

14         Plaintiffs ask the Court to compel further responses to twelve interrogatories

15  that were part of Set One.  Interrogatories 3-6 seek specific information relating to

16  GK's receipt and disbursement of the Settlement Funds, including the transactions

17  involved in making the Initial, Second and Third Payments to the HRT Claimants.

18  Interrogatories 7-13 seek information relating to the nature and extent of services

19  provided by Justice Panelli and other vendors who were paid from the Settlement

20  Funds and the details of the $850,000 in purported litigation costs that GK charged to

21  the HRT Claimants.  Finally, Interrogatory 15 is a standard contention interrogatory,

22  which requests information relating to the bases for GK's affirmative defenses as

23  asserted in Defendants' Answer.

24         As discussed in detail below, GK's vague and cursory responses to

25  Interrogatories 3-13 were effectively no responses at all; they were incomplete and

26

27      [1] The factual background, procedural history and prior instances of Defendants'
28  discovery abuses in this litigation are more fully recounted in the attached Declaration of John Sheehan.  Sheehan Decl., ¶¶ 3 – 17.

evasive and therefore "***must be treated*** as a failure to . . . answer."  Fed. R. Civ. P. 37(a)(4) (emphasis added).  GK has refused altogether to answer Interrogatory 15. And GK has refused to verify its answers under oath, as required by the Federal Rules.

GK's responses were served well beyond the statutory deadline, and therefore it waived all of its objections to each interrogatory.  *See* Fed. R. Civ. P. 33(b)(4).  In recently overruling GK's objections to Plaintiffs' second set of interrogatories and granting their motion to compel, this Court concluded: "Plaintiff correctly asserts that by responding late to the interrogatory, defendant has waived its objections. Defendant has provided no excuse whatsoever for failing to timely respond to the interrogatory or at least request an extension of time within which to do so." Dkt. No. 128, p. 2.  The same can be said here.  Beyond waiver, all of GK's objections are demonstrably meritless and, in many instances, frivolous.  Accordingly, the Court should overrule all of GK's objections and order GK to provide complete and non-evasive answers forthwith.

In addition, Plaintiffs should be awarded their attorney's fees for having to bring this motion – their fifth motion to compel in this case.  *See* Fed. R. Civ. P. 37(a)(5)(A).  The record before this Court makes clear that Defendants are engaged in an egregious pattern of discovery abuses that includes deliberate disregard of their discovery obligations, willful violations of court orders, and the failure to meet and confer or to meet and confer in good faith, which has resulted in Plaintiffs having to litigate virtually every one of their discovery requests.[2]  Sanctions are entirely appropriate in such circumstances.  *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980); *Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, 2007 WL

---

[2] The aims of these unsavory tactics appear to be fourfold: (1) delay Plaintiffs' pretrial fact finding and trial preparation; (2) impair their ability to confirm the facts necessary to file dispositive motions and amend their complaint; (3) drive up their litigation costs; and (4) suppress relevant evidence damaging to Defendants and embarrassing to their accomplices.

2758571, *16 (C.D. Cal.  Sept. 18, 2007); *In re Heritage Bond Litig.*, 223 F.R.D. 527, 530 (C.D. Cal. 2004).

## II.    DEFENDANT'S INTRODUCTION.

### A.    Nature of the Case.

Plaintiffs' Motion to Compel Further Responses to Interrogatories and for Sanctions should be denied for three reasons. First, eight months after propounding Plaintiffs' Interrogatories, Set One, Plaintiffs now move to compel further information to those interrogatories, seeking to discover information that has already been, or will be, produced. Second, Defendants adequately responded to each interrogatory in the instant discovery dispute, and Defendants are not required to satisfy each and every possible interpretation, including Plaintiffs' subjective interpretations of the interrogatories. Third, Defendants have not acted in bad faith, and thus sanctions are not warranted. Finally, the Court should find that Defendants did not waive any objections to the Interrogatories, because Defendants made a sufficient showing of good cause.

### B.    Nature of This Discovery Dispute.

The instant discovery dispute reflects the sheer craziness and burden imposed by the number of discovery motions Plaintiffs have filed in this matter (including hundreds of pages filed in support of their Motions as exhibits).  Worse, however, is that Plaintiffs claim it has been Defendants that have "forced" Plaintiffs to file these Motions. Plaintiffs have not been forced to file this Motion, especially not more than two months after the last meet and confer effort, and especially not eight months after receiving Defendants' responses. Even more, certainly Defendants did not force Plaintiffs to file this Motion to Compel that would be heard after the operative discovery cut-off date of October 2, 2015. In fact, the Court itself, both Judge Fitzgerald and Magistrate Mumm, expressly cautioned the parties against filing additional discovery motions.

That Plaintiffs' file a Motion to Compel has become automatic. Even worse,

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

however, is that Plaintiffs delay filing these Motions to Compel.  A brief timeline of events leading up to the instant discovery dispute demonstrates Plaintiffs' lack of diligence.

- **April 2014:** Plaintiffs file this action.

- **November 5, 2014**: *Seven months* after filing this action, Plaintiffs serve their Requests for Production of Documents, Set One.

- **December 18, 2014**: *Eight months* after filing this action, Plaintiffs serve their Interrogatories, Set One.

- **June 11, 2015:** *Ten months* after filing this action, Plaintiffs serve their Interrogatories, Set Two and Set Three, and their Requests for Production of Documents, Set Two.

- **June 30, 2015:** Plaintiffs file their Motion to Compel Answers to Interrogatories of Girardi | Keese To Provide Further Responses and Produce Documents Responsive to Plaintiffs' Request for Production of Documents, Set One, approximately *eight months* after serving the subject discovery requests.

- **July 21, 2015:** The Court grants Plaintiffs' Motion to Compel Answers to Interrogatories of Girardi | Keese To Provide Further Responses and Produce Documents Responsive to Plaintiffs' Request for Production of Documents, Set One.

- **August 28, 2015**: Plaintiffs file their Motion to Compel to Compel Defendant Girardi|Keese To Provide Verified Substantive Answers To Plaintiffs' Interrogatories, Set Two, *two months* after serving the subject discovery request.

- **September 4, 2015**: Plaintiffs file their Motion to Compel To Compel Defendant Girardi | Keese To Provide Verified Substantive Answers To Plaintiffs' Interrogatories, Set Three, *three months* after serving the subject discovery request.

- **September 16, 2015:** Plaintiffs file their Motion to Compel Answers to Interrogatories of Girardi Keese To Provide Further Responses and Produce Documents Responsive to Plaintiffs' Request for Production of Documents, Set Two, *three months* after propounding the subject discovery requests.

///

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

- **September 24, 2015:** Plaintiffs move to compel Further Responses to Interrogatories, Set One, *eight months* after propounding the subject discovery requests.

Plaintiffs' delay in filing the instant Motion—Plaintiffs' *fifth motion to compel*—is most egregious. Through this Motion, Plaintiffs seek to compel GK's responses to the *first* set of discovery, which Plaintiffs propounded approximately *nine months ago*, and approximately *eighteen months* after filing this action. That Plaintiffs waited the longest to compel answers to the initial set of discovery defies common sense. The Interrogatories are the first of three sets of Interrogatories that Plaintiffs propounded. Thus, it is logical to assume that through these Interrogatories Plaintiffs sought information that they deemed to be of the utmost importance, a priority, and hence, the first they propounded at the outset of discovery. In sum, if the information Plaintiffs seek to discover by this Motion is so vital to Plaintiffs' case, they would have brought this Motion months ago—simple as that.

To make matters worse, Plaintiffs' Motion to Compel *Interrogatories, Set One*, focuses much of the discussion on Plaintiffs' previous *requests for production* and other discovery matters which were previously resolved. In fact, the information requested under the Interrogatories has been provided by way of supplemental discovery. Most recently, on September 28, 2015, Defendants' produced 21,000 pages of responsive documents to Plaintiffs' Requests for Production of Documents, Set One. And over the last few months, Plaintiffs have deposed several witnesses whom Plaintiffs deem "key" to their case. In sum, Plaintiffs cannot reasonably expect to discover information that has not already been produced. This Motion represents nothing more than an attempt to disrupt and delay.

### III.   LOCAL RULE 37 MEET AND CONFER EFFORTS.

**A.   Plaintiffs' Position.**

On December 18, 2014, Plaintiffs served its first set of interrogatories on GK. Sheehan Decl., 18; Ex.10.  GK's response was due on January 17, 2015.   GK did not

respond until January 23, 2015, and its responses consisted of boilerplate objections and answers that were incomplete and evasive. *Id*.; Ex.11. In addition, GK did not verify its answers under oath. *Id*.

On February 13, 2015, Plaintiffs served an Amended Interrogatory 3. *Id*., ¶ 19; Ex. 14. On March 17, 2015, GK belatedly provided it response to the amended interrogatory. *Id*., ¶ 19; Ex. 15.

On March 3, 2015, Plaintiffs' counsel sent GK a detailed eight-page meet and confer letter, setting forth the reasons why it boilerplate objections were wholly without merit, explaining why further responses were required, and requesting that GK provide proper verifications of its answers. *Id*., ¶ 20; Ex. 16. The letter also requested that counsel meet and confer, preferably in person, within ten days. *Id*. GK did not respond to the letter, and ignored the request to meet and confer. *Id*.

On March 25, 2015, Plaintiffs' counsel spoke telephonically with Defendant James O'Callahan, who is also one of GK's attorneys in this action. *Id*., ¶¶ 21-22. During this call, the parties discussed outstanding discovery issues, including the Interrogatories. Mr. O'Callahan stated that Plaintiffs had already received all of the information to which they were entitled, but nonetheless agreed to review Plaintiffs' March 3 letter and to speak with Plaintiffs' counsel the following week. *Id*. On April 2 and April 15, 2015, the parties conducted two more telephonic meet-and-confer conferences, during which, Mr. O'Callahan stated that he had reviewed Plaintiffs' letter, but disagreed with Plaintiffs' analysis and would not provide any further responses to the Interrogatories. *Id*.

At the July 21, 2015 hearing on Plaintiffs' Motion to Compel regarding Plaintiffs' first set of request for production, the Court admonished GK: "[I]f we get another motion, I will look at it but I must admit that it seems to me almost every single issue involved in this motion I previously ruled upon on other motions. I don't want to rule upon the same issue again. And if I do, then what I'll do is I will ask for declarations regarding attorneys' fees incurred in the prior motions, and so we can add

those up."   The Court also emphasized that GK was obligated to "get the information to the Plaintiffs that they want or that they need," but that "whether they want it or need it, if it's relevant to a claim or defense, they're entitled to it and they're going to have it." Shen Decl., ¶ 14, Ex. 3, p. 20:4 - 25.

Following the July 21 hearing, Plaintiffs' counsel sent GK a final meet and confer letter, asking it to reconsider its position in light of Magistrate Judge Mumm's orders and comments. *Id., ¶* 38, Ex. 15.  On July 30, 2015, GK's counsel sent a brief letter acknowledging receipt of the July 23 letter and promising a response by August 3.  Plaintiffs, however, never received any further communications from GK concerning the Interrogatories, thus necessitating the filing of this Motion. *Id., ¶* 39, Ex. 7.

At no time during this meet and confer process did GK claim that it did not have information with which to respond further; suggest that Plaintiffs narrow any of the interrogatories; or seek to support any of its boilerplate objections with reference to facts or legal authorities.  Sheehan Decl., ¶ 22.

**B.    Defendant's Position.**

On December 18, 2014, Plaintiffs served Plaintiffs' Interrogatories, Set One ("Rogs Set 1"), which are the subject of the instant Motion. On January 23, 2015, Defendant Girardi | Keese ("GK") served its responses to Rogs Set 1 ("GK's Responses").  Plaintiffs' claim that GK's responses were served one week late is inaccurate. Under Fed. R. Civ. P. 6(d), " [w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Plaintiffs served their Rogs Set 1 via U.S. Mail on December 18, 2015. Therefore, pursuant to Fed. R. Civ. P. 33(b)(2), GK's responses should have been served 30 days after December 18, 2014, which was January 18, 2015,  plus the additional three days pursuant to Fed. R. Civ. P. 6(d). Thus the deadline for serving GK's responses was January 21, 2015. Since GK served its responses to Rogs Set 1 on January 23, 2015,

- 8 -

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

GK's responses were only two days late rather than one week as Plaintiffs contend.

On March 3, 2015, Plaintiffs' counsel, Amanda R. Touchton, sent a meet and confer letter addressed to Celene Chan, then of-counsel for Defendants. Declaration of Sheehan ("Sheehan Decl."), Ex. 16. At the time Ms. Chan would have received Plaintiffs' letter, she was no longer employed by GK. *See* Defendants' Notice of Withdrawal of Counsel for Celene Chan (Docket No. 42). In the "Conclusion" section of the March 3, 2015 letter, Plaintiffs' counsel wrote:

> "Pursuant to Local Rule 37, the parties must meet and confer in person before a motion to compel is filed; in addition, the conference should take place within 10 days of receipt of this letter. We would like to hear from you no later than March 5, 2015, so that if a motion to compel is necessary we may schedule an in-person meet and confer at our offices."

*Id.*, p. 8.

It is clear, therefore, that at the time Plaintiffs wrote the March 3, 2015 letter to Defendants' then-counsel, Plaintiffs contemplated filing a motion to compel concerning Rogs Set 1, which were the subject of the March 3, 2015 letter.

As Plaintiffs stated in their Motion, "GK did not respond to the letter." *See III. A.* Therefore, pursuant to the terms of the March 3, 2015 letter, Plaintiffs should have scheduled an in-person meet and confer at their officer. They failed to do so.

On March 25, 2015, Plaintiffs' counsel spoke with James G. O'Callahan, a defendant in this action and counsel for Defendants. Plaintiffs' counsel and Mr. O'Callahan also conducted two additional telephonic meet and confer conferences on April 2 and April 15.  That Plaintiffs rely on these phone calls evidencing their meet and confer efforts is misleading for several reasons. Most importantly, Defendants contend that the primary discussion during these phone calls did not concern Rogs Set 1. Rather, Defendants assert here that the focus of these phone calls concerned Plaintiffs' Requests for Production, Set 1 ("RPD Set 1"), which were the subject of a Motion to Compel already ruled upon by this Court. *See* Docket No. 94. As Plaintiffs have previously represented to this Court, this Court is about documents. Thus, it is

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

the documents purportedly in Defendants' possession, custody, or control that Plaintiffs have sought time and again. Hence, it is no surprise that Plaintiffs filed their first motion to compel for GK's responses to Plaintiffs' Requests for Production Set 1, rather than Rogs Set 1. It is also important to emphasize that Plaintiffs' referred to the telephonic meet and confer efforts of March 25 and April 2 in their portion of their Motion to Compel RPD Set 1, as evidencing their efforts concerning that set of discovery. Nowhere in their discussion in that previous motion, did Plaintiffs assert that those telephonic conferences also included a discussion concerning Rogs, Set 1.

On July 23, 2015, Plaintiffs sent an additional meet and confer letter. Contrary to Plaintiffs' contentions, GK did, in fact, respond to Plaintiffs via a letter sent on July 30, 2015. (Plaintiffs made the same inaccurate claim in their Motion to Compel GK's Responses to Plaintiffs' Request for Production, Set 2, and Defendants corrected them there just as they did there). In the July 30 letter, GK referred to a discussion between Defendants' counsel and counsel for Plaintiffs, Jerry Friedberg, regarding a potential mediation session and delaying the present discovery issues. Further, GK wrote, "on this basis, Defendants will contact you on Monday, August 3, regarding the discovery concerns addressed in the above-referenced letters, unless Defendants hear from Mr. Friedberg at an earlier date."

As the foregoing meet and confer efforts demonstrate, there is no explanation for Plaintiffs' waiting to file the instant Motion. To not have filed this sooner is nothing but inexcusable delay by Plaintiffs. Furthermore, that Plaintiffs' position on this Motion includes significant discussion of discovery requests that were already the subject of previous motions to compel that have been decided upon by the court or are pending, is an abuse of the discovery process. Here, Plaintiffs should not have relied on meet and confer efforts that Defendants believed to have been related to other sets of Plaintiffs' discovery, especially because Plaintiffs themselves referred to these efforts in their previous papers filed with the Court. Also, Plaintiffs' meet and confer efforts fail to recognize that Defendants have produced supplemental responses. By

**JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

1  doing so, Plaintiffs fail to admit to the Court that, as a result of Court-ordered

2  supplemental responses provided by Defendants, they are already in possession of

3  information that is responsive to Rogs Set 1.

**IV.   INTERROGATORY RESPONSES AT ISSUE.**

The issues in dispute, and the contentions and points and authorities of each

party with respect to each issue, are as follows:

**INTERROGATORY NO. 3.**

**INTERROGATORY NO. 3:**

Describe each withdrawal of funds from the ESCROW ACCOUNT by
providing:

(a)   The date of the withdrawal;

(b)   The amount of the withdrawal;

(c)   The disposition of the funds withdrawn;

(d)   The means by which the withdrawal was made (e.g., check, intrabank
transfer, wire transfer, etc.);

(e)   The name, address and telephone number of the person authorizing
the withdrawal; and

(f)   The reason for the withdrawal.

["ESCROW ACCOUNT" was defined as "the account at Citibank, N.A.
used by Defendant Girardi | Keese as an escrow account for the
HRT LITIGATION, as evidenced, in redacted from, by the bank record
attached hereto as Exhibit A."]

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants incorporate the General Objections as fully set forth herein.
Defendants object to this interrogatory on the grounds that it is overly broad
as to the scope of information sought, as well as unduly burdensome,
harassing, and oppressive.  *See Haggarty v. Wells Fargo Bank, NA.*, 2012
WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance
Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009)
(stating that while contention interrogatories are permitted, they "are often
overly broad and unduly burdensome when they require a party to state
'every fact' or 'all facts' supporting identified allegations or defenses");
*Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22,
2011) (finding that requests seeking "each and every fact" are overly broad

and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011) (noting that contention interrogatories that ask for "each and every fact or application of law to fact . . . may be held overly broad and unduly burdensome").

Defendants object that this interrogatory is vague and ambiguous. This interrogatory also seeks information that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody. Defendants objects [*sic*] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas. This interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence. This interrogatory calls for a legal conclusion. This interrogatory seeks counsel's evaluation and analysis of legal theories, thus further violating the attorney work-product privilege. Defendants further object that this interrogatory is cumulative and intended to harass. Defendants objects [*sic*] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges. Defendants have not completed discovery in this matter and reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, which are expressly reserved, Defendants respond as follows:

Plaintiffs fail to attach Exhibit A referencing the defined term "ESCROW ACCOUNT" to their interrogatories; accordingly, Defendants are unable to respond.

**RESPONSE TO AMENDED INTERROGATORY NO. 3 ATTACHING "EXHIBIT A":**

Defendant incorporates here the General Responses and Objections set forth above. Defendant further objects on the following grounds.

Objection. Attorney client privilege. *Clarke v. American Commerce National Bank* (1992) 974 F2d 127; *In re: Sealed case* (1984) 737 F2d 94; *United States v. Robinson* (1997) 121 F3d 971; *United States v. Moscony* (1991) 927 F2d 742; *Kirlik v. Goldstein* (1984) 724 F2d 844.

Additionally, Defendant objects to this interrogatory to the extent is [*sic*] seeks the disclosure of confidential personal financial information protected by the right of privacy pursuant to Section 1 of Article 1 of the Constitution of California and the United States Constitution.

Defendant further objects that this interrogatory is vague and ambiguous, especially in regard to "describe." This interrogatory also seeks information

- 12 -

that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody.  Defendant objects to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendant's production of initial disclosures, Defendant's response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas.  This interrogatory seeks counsel's evaluation and analysis of legal theories, thus further violating the attorney work-product privilege.  Defendants further object that this interrogatory is cumulative and intended to harass.  Defendants objects [sic] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges.  Defendants have not completed discovery in this matter and reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, in accord with Defendant's understanding of this request, and based on Defendant's knowledge formed after a reasonable inquiry, Defendant responds as follows.

Although Defendant has not completed Defendant's investigation into this matter and discovery is still ongoing, Defendant believes the following based on Defendant's understanding of this request and Defendant's current knowledge formed after a reasonable and good faith inquiry:

(a)     Please [*sic*] records attached as "EXHBIT 1".

(b)     Please [*sic*] records attached as "EXHBIT 1".

(c)     Please [*sic*] records attached as "EXHBIT 1".

(d)     Please [*sic*] records attached as "EXHBIT 1".

(e)     *John Howard of Citibank.  Please [*sic*] records attached as "EXHBIT 1".*

(f)     *Partial payment of settlement funds.*

[Emphasis added.]

## A.     Plaintiffs' Contentions in Support of Compelling Further Response.

### 1.     *The Information Sought By Interrogatories 3-6 is Plainly Relevant, Discoverable and Available to GK.*

Interrogatories 3-6 seek specific information concerning GK's receipt and disbursement of the Settlement Funds necessary to trace the source of the funds paid to the HRT Claimants and the disposition of the Settlement Funds, most of which

remain unaccounted for even at this late date.  The Court has already recognized the

undeniable relevance of this information when it denied GK's motion to quash the

Torrey Pines Bank ("TPB") subpoena, finding:

> Plaintiffs allege that Defendants improperly withheld or withdrew various
> amounts from the settlement funds; breached their duty to distribute the
> settlement funds promptly; and charged excessive costs to Plaintiffs.  Plaintiffs
> further allege that Defendants breached their duty to avoid commingling the
> settlement funds with Defendants' own funds and failed to provide an
> accounting.  Plaintiffs seek, *inter alia*, disgorgement and constructive trust over
> all wrongfully converted money and property.  These claims and remedies
> necessitate tracing Defendants' retention, use, and distribution of the settlement
> funds.  Defendants' operating account or accounts are manifestly relevant to
> these allegations, as are client trust accounts other than the one that initially
> received the settlement funds.  As Plaintiffs argue (JS 24-37), activity within
> such accounts could evidence, *e.g.*, wrongful transfers of settlement funds, costs
> unrelated to the HRT Litigation but charged to Plaintiffs, *etc*.

Dkt. No. 79, p. 9.

Furthermore, GK has no excuse for refusing to provide this information.  By

law, GK is required to maintain the records required to answer Interrogatories 3-6 for

a period of five years.  Rule 4-100(B)(3) of the California Rules of Professional

Conduct requires that all attorneys "[m]aintain complete records of all funds . . . of a

client coming into the [attorneys'] possession" so as to be able to "render appropriate

accounts to the client regarding them[.]"  Pursuant to the authority expressly granted it

by Rule 4-100(C), the Board of Governors of the State Bar has directed that:

> A member shall, from the date of receipt of client funds through the
> period ending five years from the date of appropriate disbursement of
> such funds, maintain:
>
> (a) a written ledger for each client on whose behalf funds are
> held that sets forth: (i) the name of such client, (ii) the date, amount,
> payee and purpose of each disbursement made of behalf of such
> client, and (iv) the current balance for such client;
>
> (b) a written journal for each bank account that sets forth: (i) the
> name of such account, (ii) the date, amount and client affected by each

---

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

debit and credit, and (iii) the current balance in such account;

      (c) all bank statements and cancelled checks for each bank account; and

      (d) each monthly reconciliation (balancing) of (a), (b), and (c).

Board of Governors of the State Bar, Standards (eff. Jan. 1, 1993).

GK was also required by law to furnish that information to Plaintiffs within ten days of Plaintiffs requesting an accounting relating to the disposition of the Settlement Funds, which Plaintiffs did prior to the filing of this lawsuit. *See* Bus. & Prof. Code § 6091 ("At the client's written request, the attorney shall furnish the client with a complete statement of the funds received and disbursed and any charges upon the trust account, within 10 calendar days after receipt of the request."); *see also* Cal. R. Prof. Conduct 4-100(B)(3) ("A member shall . . . render appropriate accounts to the client"); *Monroe v. State Bar*, 55 Cal. 2d 145, 150 (1961) ("petitioner, of course, was under a duty to make a prompt accounting"); *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1124-26 (2014) (Rule 4-100(B)(3) requires attorney to "disclose sufficient information to enable the client to evaluate whether the settlement proceeds have been properly distributed"); *In re Brockway*, 4 Cal. State Bar Ct. Rptr. 944, 2006 WL 1360438, *6 (May 15, 2006) ("the obligation . . . found in rule 4-100(B)(3) does not require as a predicate that the client demand such an accounting").[3]

### 2. GK's Answers to Subparts (e) and (f) Are Incomplete and Evasive.

Interrogatory 3 seeks information relating to GK's receipt of the Settlement

---

[3] Arkansas law, which applied to the GK attorneys who appeared in the multi-district litigation, is to the same effect. *See* Ark. R. Prof. Conduct 1.5(c) ("Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement . . . showing the remittance to the client and the method of its determination."); *id.*, 1.15(a)(5) ("a lawyer . . . , upon request by the client . . . shall promptly render a full written accounting").

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

1   Funds from the Citibank escrow account established pursuant to the Master

2   Settlement Agreement ("MSA").  Plaintiffs move to compel further responses only

3   to subparts (e) and (f).

4        Under the Federal Rules, a party may serve on another party interrogatories that

5   "may relate to any matter that may be inquired into under Rule 26(b)," Fed. R. Civ.

6   P. 33(a)(2), which includes "any nonprivileged  matter that is relevant to any party's

7   claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  The Federal Rules further instruct

8   that "[e]ach interrogatory must, to the extent it is not objected to, be answered

9   separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  "A party

10  answering interrogatories has an affirmative duty to furnish any and all information

11  available to the party."  *Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012)

12  (citation omitted).  "Answers must be complete, explicit and responsive.  If a party

13  cannot furnish details, he should say so under oath, say why and set forth the efforts

14  he used to obtain the information.  He cannot plead ignorance to the information that

15  is from the information that is from sources within his control."  *Milner v. Nat'l*

16  *School of Health Tech*., 73 F.R.D. 628, 632 (E.D. Pa. 1977).  "[A]n evasive or

17  incomplete . . . answer . . . ***must be treated*** as a failure to . . . answer . . . ."  Fed. R.

18  Civ. P. 37(a)(4) (emphasis added).

19       GK's response to subpart (e) identified "John Howard" of Citibank as the

20  person who authorized the transfers.  This response is evasive; Citibank was only the

21  escrow agent and was merely following instructions in disbursing the Settlement

22  Funds to GK.  Interrogatory 3 plainly requests the identity of the person or persons

23  who were authorized to instruct Citibank to release the funds from escrow.

24  Presumably, that would be someone acting on behalf of the HRT Defendants with

25  whom GK was in communication.

26       Plaintiffs also seek to compel GK to identify the reason for each withdrawal in

27  response to subpart (f).  GK's response − "[p]artial payment of settlement funds"− is

28  incomplete and evasive; it does not indicate to whom the funds were to be paid and for

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

what reason, such as pay attorney's fees, reimburse costs, or settle Medicare liens.

GK should be compelled to identify the person(s) who authorized Citibank to release and transfer the Settlement Funds from the escrow account and explain the purpose underlying each of those transfers.

### 3.    *GK Waived Its Objections to the Interrogatories.*

#### a.    <u>*GK Waived Its Objections By Serving Its Response Late.*</u>

Plaintiffs served Set One on GK on December 18, 2014, making GK's responses due by January 17, 2015.  Sheehan Decl., ¶ 18.  GK, however, did not serve its responses until January 23, 2015, a week late.  *Id.*  By failing to timely serve its responses, GK waived all of its objections to the Interrogatories.

Federal Rule of Civil Procedure 33 provides that "the responding party shall serve its answers and any objections within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33(b)(2).  It further provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  *Id.*, (b)(4).  GK's response was late; thus its objections to the Interrogatories have been waived.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection."); *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (Nakazato, M.J.) ("failure to serve objections in the time and manner required by the Rules will result in a waiver of valid objections").

Moreover, GK has never bothered to offer any excuse, much less show good cause, for its failure to timely respond, nor can it considering that it never requested an extension to respond from either Plaintiffs or the Court.  *See Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) ("Discovery deadlines are intended to ensure the

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

1  efficient progress of a lawsuit and counsel are expected to comply with them.  If

2  plaintiffs' counsel were not able to meet a discovery deadline, they should have

3  sought an agreement with defendant's lawyer to submit their responses at a

4  later date.").

5        **b.**    ***GK Waived Its Objections By Responding "Subject To" Its***

6                   ***Boilerplate Objections.***

7        GK also waived its objections to the Interrogatories by providing substantive

8  responses that it made "subject to" its boilerplate objections.  *See Consumer Elecs.*

9  *Assn. v. Compras And Buys Magazine, Inc.*, 2008 WL 4327253, *3 (S.D. Fla. Sept.

10 18, 2008) (Answers "subject to" and "without waiving objections" "preserve . . .

11 nothing and serve . . . only to waste the time and resources of both the Parties and the

12 Court.  Further, such practice leaves the requesting party uncertain as to whether the

13 question has actually been fully answered or whether only a portion of the question

14 has been answered."); *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Ohio 1964)

15 ("Whenever an answer accompanies an objection, the objection is deemed waived,

16 and the answer, if responsive, stands."); *Fay Avenue Properties, LLC v. Travelers*

17 *Property Casualty Company of America*, 2014 WL 2965316, *1 (S.D. Cal. Jul. 1,

18 2014) ("Conditional responses and/or the purported reservation of rights by Plaintiffs

19 is improper and ultimately has the effect of waiving Plaintiffs' objections to the

20 discovery requests."); s*ee also* Wright, Miller & Marcus, Federal Practice and

21 Procedure: Civil § 2173 ("A voluntary answer to an interrogatory is also a waiver of

22 the objection.").

23       **4.**    ***All of GK's Objections Lack Merit and Should Be Overruled.***

24       "The party who resists discovery has the burden to show discovery should not

25 be allowed, and has the burden of clarifying, explaining, and supporting its

26 objections."  *Nat'l Acad. of Recording Arts & Sciences, Inc. v. On Point Events, LP*,

27 256 F.R.D. 678, 680 (C.D. Cal. 2009) (Chapman, M.J.).  As discussed below, GK has

28 not come close to meeting its burden here, even if the Court excuses the waiver of its

- 18 -

1    objections.  Indeed, most, if not all, of its boilerplate objections are simply frivolous.[4]

2              ***a.        GK's Objections May Be Ignored as Lacking the***

3                        ***Required "Specificity."***

4              As a preliminary matter, GK's objections fail to comply with Federal Rule 33's

5    requirement that the "grounds for objecting to an interrogatory must be stated with

6    ***specificity***."  Fed. R. Civ. P. 33(b)(4) (emphasis added).  Here, GK has repeated the

7    same vague and conclusory boilerplate objections in response to every interrogatory in

8    Set One.  By way of example:

9    •      "Defendants object to this interrogatory on the grounds that it is overly
10           broad as to the scope of information sought, as well as unduly
11           burdensome harassing and oppressive."

12   •      "Defendants object that this interrogatory is vague and ambiguous."

13   •      "This interrogatory is not reasonably limited in time and scope nor
14           reasonably calculated to lead to the discovery of admissible evidence."

15   •      "This interrogatory calls for a legal conclusion."

16   Sheehan Decl., Ex. 13, p. 7.

17             Such "[b]oilerplate, generalized objections are inadequate and tantamount to

18   not making any objection at all."  *Walker*, 186 F.R.D. at 587; *see Davis*, 650 F.2d at

19   1160 ("objections should be plain enough and specific enough so that the court can

20   understand in what way the interrogatories are alleged to be objectionable"); *Duran v.*

21   *Cisco Sys., Inc*., 258 F.R.D. 375, 379 (C.D. Cal. 2009) (Chapman, M.J.)

22   ("unexplained and unsupported boilerplate objections are improper") (citing cases);

23   *Everflow Tech. Corp. v. Millennium Electronics Inc.*, 2009 WL 672985, *2 (N.D. Cal.

24   2009) (overruling objections that "were repeated verbatim in response to a large

25

26   _____

27   [4] Plaintiffs addressed each of GK's objections in their March 3, 2015 meet and
     confer letter to GK.  *See* Sheehan Decl., Ex. 14.  GK did not respond to that letter or
28   attempt to support any of its objections with facts or law during the meet and confer
     process, and thus has effectively conceded the merits of Plaintiffs' positions.  *Id.*, ¶ 20.

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

1  number of the interrogatories"); *Saca v. J.P. Molyneux Studio Ltd.*, 2007 WL

2  2972842, *3 (E.D. Cal. 2007) ("objections asserted in the boilerplate responses to

3  plaintiff's requests are waived").

4  **b.**  **GK's "General Objections" Are Meritless.**

5  GK's response is prefaced by a two-page "Preliminary Statement" and three

6  pages of "General Objections."  Such objections are improper and to be ignored.

7  *See M2 Software, Inc. v. M2 Commc'ns, L.L.C.,* 217 F.R.D. 499, 501 (C.D. Cal. 2003)

8  (Chapman, M.J.) ("The plaintiff's General Objections are not sufficient to raise any

9  substantial, meaningful or enforceable objections to any particular discovery

10  request.").

11  **c.**  **GK's Objection that the Interrogatory is "Overly Broad" and**

12  **"Unduly Burdensome, Harassing and Oppressive" is Meritless.**

13  Each of GK's responses include the objection that "this interrogatory is overly

14  broad as to the scope of information sought, as well as unduly burdensome, harassing

15  and oppressive," and that it is "cumulative and intended to harass."  As discussed

16  above, the Interrogatories seek relevant information that this Court has previously

17  determined Plaintiffs are entitled to.  Moreover, such objections are improper when, as

18  here, no supporting declaration or explanation is furnished.  *See Bank of Mongolia v.*

19  *M & P Global Fin. Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009) ("A party

20  objecting on these grounds must explain the specific and particular way in which a

21  request is vague [or] overly broad . . . ."); *A. Farber & Partners, Inc. v. Garber*, 234

22  F.R.D. 186, 188 (C.D. Cal. 2006) (Chapman, M.J.) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  **d.**  **GK's Objection that the Interrogatory is "Vague and**

26  **Ambiguous" is Meritless.**

27  Each of GK's responses include the objection that "this interrogatory is vague

28  and ambiguous."  This objection is spurious.  The interrogatories concern identified

- 20 -

financial transactions and all terms that do not have a plain and ordinary meaning are specially defined.

### e.   GK's Objection that the Interrogatory Seeks Information "Equally Available" to Plaintiffs is Meritless.

Each of GK's responses include the objection that "[t]his interrogatory . . . seeks information that is equally available to the requesting party or are [sic] otherwise in the requesting party's possession, control, or custody," and that "Defendants objects [sic] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas." This objection is particularly lacking in merit, considering that all of the bank and accounting records necessary to respond are in GK's exclusive possession and control, and given its steadfast refusal to produce those records, even in the face of this Court's July 21 order requiring it to do so.

### f.   GK's Objection as to "Time or Scope" is Meritless.

Each of GK's responses include the objection that "[t]his interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence." Not so. Each interrogatory references transactions to which GK was a party and relate to the receipt and disposition of the Settlement Funds, which is central to Plaintiffs' claims.

### g.   GK's "Legal Conclusion" Objection is Meritless.

Each of GK's responses include the objection that "[t]his interrogatory calls for a legal conclusion" and "seeks counsel's evaluation and analysis of legal theories . . . ." Also not true. The Interrogatories request purely factual information: dates, amounts, accounts, identities, etc. They do not call for a "legal conclusion" or "counsel's evaluation and analysis," and GK makes no attempt to show that they do. *See Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521,

- 21 -

522 (C.D. Cal. 2008) (Chapman, M.J.) (boilerplate "legal conclusion" objection "inadequate").

### h.   GK's "Attorney-Client Privilege and/or Work Product Doctrine" Objection is Meritless.

Each of GK's responses assert that "Defendants objects [sic] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges."  The Court has now overruled this objection on at least four prior occasions: at the June 16, 2015 hearing on the motion to quash the TPB subpoena, Dkt. 84, R.T., p. 16; in its July 13, 2015 order denying that motion, Dkt. No. 79, pp. 8-9; at the July 21, 2015 hearing on Plaintiffs' motion to compel Defendants to provide further responses to its first set of requests for production, Shen Decl., 11, Ex. 3, pp. 2:12-22, 19:19-20:13, Dkt. No. 94; and during the telephonic hearing on August 10, 2015 regarding the Protective Order for the records produced by TPB, Dkt. No. 103.

## B.   Defendant's Contentions in Opposition to Compelling Further Response.

Defendants adequately responded to Interrogatory 3, subparts (e) and (f), and Defendants should not be faulted for Plaintiffs' failure to request specifically the information they seek to discover.

Defendants complied with Interrogatory 3(e) by identifying "John Howard" as the individual who authorized each withdrawal of funds from the ESCROW ACCOUNT. According to Plaintiffs, however, that response was insufficient because Interrogatory 3(e) "plainly" requested that Defendants provide the "identity of the Person or persons who were authorized to instruct Citibank to release the funds from escrow." Interrogatory 3 *supra*, section IV.A.2. Plaintiffs cannot offer their subjective interpretation on how Defendants *should have* read Interrogatory 3(e). *See Thomas v. Cate*, (2010) 715 F.Supp.2d 1012, 1030-31 (E.D. Cal. 2010) (applying a common sense reading of undefined terms in special interrogatories). Moreover, Defendants are not required to respond with information that satisfies each and every possible

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**
184033.3

interpretation, including Plaintiffs' subjective interpretation, of Interrogatory 3(e).

Defendants responded to Interrogatory 3(f) by explaining that each withdrawal of from the escrow account was for the partial payment of settlement funds. According to Plaintiffs, however, that response was insufficient because Interrogatory 3(f) "does not indicate to whom the funds were to be paid and for what reason, such as pay attorney's fees, reimburse costs, or settle Medicare liens." *Supra* section IV.A.2. Plaintiffs cannot offer their subjective interpretation on how Defendants *should have* read Interrogatory 3(f). *See Thomas v. Cate*, (2010) 715 F.Supp.2d 1012, 1030-31 (E.D. Cal. 2010) (applying a common sense reading of undefined terms in special interrogatories). Moreover, Defendants are not required to respond with information that satisfies each and every possible interpretation, including Plaintiffs' subjective interpretation, of Interrogatory 3(f).

In addition, because the subject interrogatories were propounded approximately eight months ago, Plaintiffs likely possess the information they seek to discover under this interrogatory, such as Torrey Pines Bank records concerning Girardi & Keese's monthly bank records. *See* Declaration of Paige Shen ISO *Ex Parte* Application for a Continuance, at 13; *see, e.g.*, Defendants' responses to Plaintiffs' Requests for Admissions, Set One; Defendants' supplementary Responses to Plaintiffs' Interrogatories, Set Two; Defendants' further supplemental responses to Plaintiffs' Request for Production, Set One.

### 1.   This Interrogatory Seeks Information That Is Not Relevant to Proving Plaintiffs' Damages Relating To The HRT Litigation.

It is important to distinguish what this case is and is not. This is a case of breach of fiduciary duty and other related claims—not one of legal malpractice. Plaintiffs have never alleged that Defendants' conduct caused them any harm arising from the settlement achieved in the underlying HRT litigation for the 28 plaintiffs. Further, Plaintiffs' have not shown that obtaining Defendant GK's financial information will ever allow Plaintiffs to establish that they suffered any harm at all. Plaintiffs have not

- 23 -

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

alleged the harm, if any, they suffered as a result of the underlying settlement. In other words, Plaintiffs allege that Defendants breached certain duties owed to Plaintiffs, but fail to allege the losses suffered as a result of the alleged breach. The information sought under this interrogatory will not assist Plaintiffs' in doing so.].

### INTERROGATORY NO. 4.

### INTERROGATORY NO. 4:

Describe each transfer of funds involved in making the INITIAL PAYMENT to any of the HRT CLAIMANTS by providing:

(a)   The date of the transfer;

(b)   The amount of the transfer;

(c)   The bank account from which the transfer was made;

(d)   The bank account to which the transfer was made;

(e)   The means by which the transfer was made (e.g., intrabank transfer, wire transfer, withdrawal, deposit, check, etc.); and

(f)   The name, address and telephone number of the person authorizing the transfer.

["INITIAL PAYMENT" was defined as "payments YOU distributed to the HRT CLAIMANTS in or around August 2012 RELATING TO the HRT LITIGATION."]

["HRT CLAIMANTS" was defined as "the 139 persons identified as 'Girardi Claimants' in the HRT MASTER SETTLEMENT AGREEMENT."]

### RESPONSE TO INTERROGATORY NO. 4:

Defendants incorporate the General Objections as fully set forth herein. Defendants object to this interrogatory on the grounds that it is overly broad as to the scope of information sought, as well as unduly burdensome, harassing, and oppressive.  *See Haggarty v. Wells Fargo Bank, NA*., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009) (stating that while contention interrogatories are permitted, they "are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses"); *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22, 2011) (finding that requests seeking "each and every fact" are overly broad and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June

15, 2011) (noting that contention interrogatories that ask for "each and every fact or application of law to fact . . . may be held overly broad and unduly burdensome").

Defendants object that this interrogatory is vague and ambiguous.  This interrogatory also seeks information that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody.  Defendants objects [*sic*] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas.  This interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence.  This interrogatory calls for a legal conclusion.  This interrogatory seeks counsel's evaluation and analysis of legal theories, thus further violating the attorney work-product privilege.  Defendants further object that this interrogatory is cumulative and intended to harass.  Defendants objects [*sic*] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges.  Defendants have not completed discovery in this matter and reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, which are expressly reserved, Defendants respond as follows:

(a)    *On or about August 2012.*

(b)    *Varying amounts.*

(c)    *Girardi Keese client trust account.*

(d)    *Not applicable. Checks were made out to HRT clients.*

(e)    *Check.*

(f)    *Insofar as "authorizing" means determining the gross amount of the HRT plaintiffs' share of the settlement:  Hon. Edward A. Panelli, c/o JAMS, 555 West Fifth Street, 32nd Floor; Los Angeles, CA 90013; 213-620-1133.*

[Emphasis added.]

## A.    Plaintiffs' Contentions in Support of Compelling Further Response.

Interrogatory 4 seeks specific information concerning transactions involving the Initial Payment to the approximately 140 HRT Claimants in 2012.  GK's vague and cursory response is incomplete and evasive.

- 25 -

In particular, Interrogatory 4 seeks specific information – including dates, amounts, account numbers and identification of recipients – for all transfers of funds to the GK client trust account, and for all transfers (checks) from that account to the HRT Claimants, used to make the Initial Payments.  In addition, the interrogatory asks GK to identify the person or persons who authorized each such transfer from the GK client trust account, and authorized the making of the Initial Payments to the HRT Claimants.  That person was plainly not Justice Panelli, and GK's redefining of the term "authorizing" to mean "determining the gross amount of the HRT plaintiffs' share of the settlement" is just another attempt at evasion.

Accordingly, GK should be compelled to provide the requested information for each transfer to the client trust account and for each payment to the individual HRT Claimaints, all of which is in its possession and control.

For the reasons stated above, GK's boilerplate objections to this interrogatory should be overruled as having been waived and, in any case, as lacking merit.

**B.      Defendant's Contentions in Opposition to Compelling Further Response.**

Defendants adequately responded to Interrogatory No. 4 in its entirety. According to Plaintiffs, however, Defendants' response was insufficient because it did not provide information regarding "specific…dates, amounts, account numbers and identification of recipients … for all transfers of funds to the GK client trust account, and for all transfers (checks) from that account to the HRT Claimants, used to make the Initial Payments." Plaintiffs cannot offer their subjective interpretation on how Defendants *should have* read Interrogatory 4. Defendants are not required to respond with information that satisfies each and every possible interpretation, including Plaintiffs' subjective interpretation, of Interrogatory 4. Accordingly, Defendants should not be faulted for Plaintiffs' failure to request specifically the information they seek to discover.

In addition, because the subject interrogatories were propounded approximately eight months ago, Plaintiffs likely possess the information they seek to discover under

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

this interrogatory, such as Torrey Pines Bank records concerning Girardi & Keese's monthly bank records. *See* Declaration of Paige Shen ISO *Ex Parte* Application for a Continuance, at 13; *see, e.g.*, Defendants' responses to Plaintiffs' Requests for Admissions, Set One; Defendants' supplementary Responses to Plaintiffs' Interrogatories, Set Two.

### 1. This Interrogatory Seeks Information That Is Not Relevant to Proving Plaintiffs' Damages Relating To The HRT Litigation.

It is important to distinguish what this case is and is not. This is a case of breach of fiduciary duty and other related claims—not one of legal malpractice.  Plaintiffs have never alleged that Defendants' conduct caused them any harm arising from the settlement achieved in the underlying HRT litigation for the 28 plaintiffs.  Further, Plaintiffs' have not shown that obtaining Defendant GK's financial information will ever allow Plaintiffs to establish that they suffered any harm at all. Plaintiffs have not alleged the harm, if any, they suffered as a result of the underlying settlement. In other words, Plaintiffs allege that Defendants breached certain duties owed to Plaintiffs, but fail to allege the losses suffered as a result of the alleged breach. The information sought under this interrogatory will not assist Plaintiffs' in doing so.

### INTERROGATORY NO. 5.

### INTERROGATORY NO. 5:

Describe each transfer of funds involved in making the SECOND PAYMENT to any of the HRT CLAIMANTS by providing:

(a)     The date of the transfer;

(b)     The amount of the transfer;

(c)     The bank account from which the transfer was made;

(d)     The bank account to which the transfer was made;

(e)     The means by which the transfer was made (e.g., intrabank transfer, wire transfer, withdrawal, deposit, check, etc.); and

(f)     The name, address and telephone number of the person authorizing the transfer.

184033.3

["SECOND PAYMENT" was defined as "payments YOU distributed to the HRT CLAIMANTS in or around May through July 2013 RELATING TO the HRT LITIGATION."]

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants incorporate the General Objections as fully set forth herein. Defendants object to this interrogatory on the grounds that it is overly broad as to the scope of information sought, as well as unduly burdensome, harassing, and oppressive.  *See Haggarty v. Wells Fargo Bank, NA.*, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009) (stating that while contention interrogatories are permitted, they "are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses'"); *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22, 2011) (finding that requests seeking "each and every fact" are overly broad and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011) (noting that contention interrogatories that ask for "each and every fact or application of law to fact . . . may be held overly broad and unduly burdensome").

Defendants object that this interrogatory is vague and ambiguous.  This interrogatory also seeks information that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody.  Defendants objects [*sic*] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas.  This interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence.  This interrogatory calls for a legal conclusion.  This interrogatory seeks counsel's evaluation and analysis of legal theories, thus further violating the attorney work-product privilege.  Defendants further object that this interrogatory is cumulative and intended to harass.  Defendants objects [*sic*] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges. Defendants have not completed discovery in this matter and reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, which are expressly reserved, Defendants respond as follows:

(a)     *On or about May-July 2013.*

(b)     *Varying amounts.*

(c)     *Girardi Keese client trust account.*

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

1

    *(d)*    *Not applicable. Checks were made out to HRT clients.*

2

    *(e)*    *Check.*

3

    *(f)*    *Insofar as "authorizing" means determining the gross amount of the*
4
           *HRT plaintiffs' share of the settlement: Hon. Edward A. Panelli, c/o*
           *JAMS, 555 West Fifth Street, 32nd Floor; Los Angeles, CA 90013;*
5
           *213-620-1133.*

6
[Emphasis added.]

7
## A.    Plaintiffs' Contentions in Support of Compelling Further Response.

8
        Interrogatory 5 seeks specific information concerning the transactions involved

9
in making the Second Payment to the HRT Claimants in 2013, which GK represented

10
to be the "Final Payment."  GK's vague and cursory responses are incomplete and

11
evasive.

12
        In particular, Interrogatory 5 seeks specific information for all transfers to the

13
GK client trust account, and for all transfers (checks) from that account to the HRT

14
Claimants, used to make the Second Payments.  It also requests the identity of the

15
person or persons who authorized these transactions, which, again, was not Justice

16
Panelli, who recently testified that he had no such authority.  Sheehan Decl., 26,

17
Ex. 20, p. 93:14-25.  (This information is particularly relevant in light of recently

18
disclosed bank records indicating that Defendants had depleted almost all of the

19
Settlement Funds prior to making this distribution to the HRT Claimants.)

20
        Accordingly, GK should be compelled to provide the requested information for

21
each transfer to the client trust account and for each payment to the individual HRT

22
Claimants.

23
        For the reasons stated above, GK's boilerplate objections to this interrogatory

24
should be overruled as having been waived and, in any case, as lacking merit.

25
## B.    Defendant's Contentions in Opposition to Compelling Further Response.

26
        Defendants adequately responded to Interrogatory No. 5 in its entirety.

27
According to Plaintiffs, however, Defendants' response was insufficient because it did

28
not provide information 5 seeks specific information for all transfers to the GK client

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

trust account, and for all transfers (checks) from that account to the HRT Claimants, used to make the Second Payments. Plaintiffs cannot offer their subjective interpretation on how Defendants *should have* read Interrogatory 5. Moreover, Defendants are not required to respond with information that satisfies each and every possible interpretation, including Plaintiffs' subjective interpretation, of Interrogatory 5.

In addition, because the subject interrogatories were propounded approximately eight months ago, Plaintiffs likely possess the information they seek to discover under this interrogatory, such as Torrey Pines Bank records concerning Girardi & Keese's monthly bank records. *See* Declaration of Paige Shen ISO *Ex Parte* Application for a Continuance, at 13; *see, e.g.*, Defendants' responses to Plaintiffs' Requests for Admissions, Set One; Defendants' supplementary Responses to Plaintiffs' Interrogatories, Set Two.

**1.   This Interrogatory Seeks Information That Is Not Relevant to Proving Plaintiffs' Damages Relating To The HRT Litigation.**

It is important to distinguish what this case is and is not. This is a case of breach of fiduciary duty and other related claims—not one of legal malpractice.  Plaintiffs have never alleged that Defendants' conduct caused them any harm arising from the settlement achieved in the underlying HRT litigation for the 28 plaintiffs.  Further, Plaintiffs' have not shown that obtaining Defendant GK's financial information will ever allow Plaintiffs to establish that they suffered any harm at all. Plaintiffs have not alleged the harm, if any, they suffered as a result of the underlying settlement. In other words, Plaintiffs allege that Defendants breached certain duties owed to Plaintiffs, but fail to allege the losses suffered as a result of the alleged breach. The information sought under this interrogatory will not assist Plaintiffs' in doing so.

**INTERROGATORY NO. 6.**

**INTERROGATORY NO. 6:**

Describe each transfer of funds involved in making the THIRD PAYMENT

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

to any of the HRT CLAIMANTS by providing:

(a)   The date of the transfer;

(b)   The amount of the transfer;

(c)   The bank account from which the transfer was made;

(d)   The bank account to which the transfer was made;

(e)   The means by which the transfer was made (e.g., intrabank transfer, wire transfer, withdrawal, deposit, check, etc.); and

(f)   The name, address and telephone number of the person authorizing the transfer.

["THIRD PAYMENT" was defined as "payments YOU distributed to the HRT CLAIMANTS in or around August 2014 RELATING TO the HRT LITIGATION."]

## RESPONSE TO INTERROGATORY NO. 6:

Defendants incorporate the General Objections as fully set forth herein. Defendants object to this interrogatory on the grounds that it is overly broad as to the scope of information sought, as well as unduly burdensome, harassing, and oppressive. *See Haggarty v. Wells Fargo Bank, NA*., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009) (stating that while contention interrogatories are permitted, they "are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses"); *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22, 2011) (finding that requests seeking "each and every fact" are overly broad and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011) (noting that contention interrogatories that ask for "each and every fact or application of law to fact . . . may be held overly broad and unduly burdensome").

Defendants object that this interrogatory is vague and ambiguous. This interrogatory also seeks information that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody. Defendants objects [*sic*] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas. This interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence. This interrogatory calls for a legal conclusion. This interrogatory seeks counsel's

evaluation and analysis of legal theories, thus further violating the attorney
work-product privilege.  Defendants further object that this interrogatory is
cumulative and intended to harass.  Defendants objects [*sic*] to this
interrogatory to the extent that it violates the attorney-client privilege and/or
work product doctrine and thereby asserts the aforementioned privileges.
Defendants have not completed discovery in this matter and reserve the right
to supplement this response.

Subject to and without waiving the foregoing objections, which are
expressly reserved, Defendants respond as follows:

(a)   *On or about August-October 2014.*

(b)   *Varying amounts.*

(c)   *Girardi Keese client trust account.*

(d)   *Not applicable. Checks were made out to HRT clients.*

(e)   *Check.*

(f)   *Insofar as "authorizing" means determining the gross amount of the
HRT plaintiffs' share of the settlement: Hon. Edward  A. Panelli, c/o
JAMS, 555 West Fifth Street, 32nd Floor; Los Angeles, CA 90013;
213-620-1133.*

[Emphasis added.]

## A.   Plaintiffs' Contentions in Support of Compelling Further Response.

Interrogatory 6 seeks specific information concerning the transactions involved
in the Third Payment to the HRT Claimants, which occurred in 2014, shortly after the
district court denied GK's motion to compel arbitration before Justice Panelli.
Dkt. No. 25.  As before, GK's vague and cursory responses are incomplete and
evasive.

In particular, Interrogatory 6 seeks specific information for all transfers to the
GK client trust account, and for all transfers (checks) from that account to the HRT
Claimants, used to make the Third Payments.  It also asks GK to identify the persons
authorizing these transfers and payments, which, again, was not Justice Panelli.
(Because GK had depleted the Settlement Funds by this time, the source of the funds
GK used when making the Third Payments is of particular interest.)

GK should be compelled to provide the requested information for each transfer to the client trust account and for each payment to the individual HRT Claimants.

For the reasons stated above, GK's boilerplate objections to this interrogatory should be overruled as having been waived, and, in any case, as lacking merit.

**B.     Defendant's Contentions in Opposition to Compelling Further Response.**

Defendants adequately responded to Interrogatory No. 6 in its entirety. According to Plaintiffs, however, Defendants' response was insufficient because it did not provide information regarding specific information for all transfers to the GK client trust account, and for all transfers (checks) from that account to the HRT Claimants, used to make the Third Payments.  Plaintiffs cannot offer their subjective interpretation on how Defendants *should have* read Interrogatory 4. Moreover, Defendants are not required to respond with information that satisfies each and every possible interpretation, including Plaintiffs' subjective interpretation, of Interrogatory 6.

In addition, because the subject interrogatories were propounded approximately eight months ago, Plaintiffs likely possess the information they seek to discover under this interrogatory, such as Torrey Pines Bank records concerning Girardi & Keese's monthly bank records. *See* Declaration of Paige Shen ISO *Ex Parte* Application for a Continuance, at 13; *see, e.g.*, Defendants' responses to Plaintiffs' Requests for Admissions, Set One; Defendants' supplementary Responses to Plaintiffs' Interrogatories, Set Two.

**1.     This Interrogatory Seeks Information That Is Not Relevant to Proving Plaintiffs' Damages Relating To The HRT Litigation.**

It is important to distinguish what this case is and is not. This is a case of breach of fiduciary duty and other related claims—not one of legal malpractice.  Plaintiffs have never alleged that Defendants' conduct caused them any harm arising from the settlement achieved in the underlying HRT litigation for the 28 plaintiffs.  Further, Plaintiffs' have not shown that obtaining Defendant GK's financial information will

1    ever allow Plaintiffs to establish that they suffered any harm at all. Plaintiffs have not

2    alleged the harm, if any, they suffered as a result of the underlying settlement. In other

3    words, Plaintiffs allege that Defendants breached certain duties owed to Plaintiffs, but

4    fail to allege the losses suffered as a result of the alleged breach. The information

5    sought under this interrogatory will not assist Plaintiffs' in doing so.

6                                    **INTERROGATORY NO. 7.**

7    **INTERROGATORY NO. 7:**

8    Describe in detail all services performed by JUSTICE PANELLI
     RELATING TO the HRT LITIGATION, including, without limitation, the
9    dates on which such services were performed and the nature and extent of
     those services.
10

11   **RESPONSE TO INTERROGATORY NO. 7:**

12   Defendants incorporate the General Objections as fully set forth herein.
     Defendants object to this interrogatory on the grounds that it is overly broad
13   as to the scope of information sought, as well as unduly burdensome,
     harassing, and oppressive.  *See Haggarty v. Wells Fargo Bank, NA*., 2012
14   WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance
     Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009)
15   (stating that while contention interrogatories are permitted, they "are often
     overly broad and unduly burdensome when they require a party to state
16   'every fact' or 'all facts' supporting identified allegations or defenses");
     *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22,
17   2011) (finding that requests seeking "each and every fact" are overly broad
     and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June
18   15, 2011) (noting that contention interrogatories that ask for "each and every
     fact or application of law to fact . . . may be held overly broad and unduly
19   burdensome").
20
     Defendants object that this interrogatory is vague and ambiguous.  This
21   interrogatory also seeks information that is equally available to the
     requesting party or are otherwise in the requesting party's possession,
22   control, or custody.  Defendants objects [*sic*] to the interrogatory to the
     extent that this information is already in Plaintiffs' possession due to
23   Defendants' production of initial disclosures, Defendants' response to
     Plaintiffs' request for production, and/or documents produced by or
24   available from third parties in response to Plaintiffs' subpoenas.  This
     interrogatory is not reasonably limited in time or scope nor reasonably
25   calculated to lead to the discovery of admissible evidence.  This
     interrogatory calls for a legal conclusion.  This interrogatory seeks counsel's
26   evaluation and analysis of legal theories, thus further violating the attorney
     work-product privilege.  Defendants further object that this interrogatory is
27

28

- 34 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

cumulative and intended to harass.  Defendants objects [*sic*] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges.  Defendants have not completed discovery in this matter and reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, which are expressly reserved, Defendants respond as follows:

*Justice Panelli performed services as a neutral retired justice of the California Supreme Court, including but not limited to, acting with the HRT plaintiffs' authority to allocate the settlement sums among HRT plaintiffs, conducting hearings with any plaintiffs who sought to discuss their settlement amounts, requesting Defendants to hold back 6% of every plaintiff's settlement until all lien issues were resolved, all consents had been received, and the final accounting had been completed.*

[Emphasis added.]

## A.    Plaintiffs' Contentions in Support of Compelling Further Response.

Interrogatory 7 asks GK to describe in detail all services provided by Justice Panelli related to the HRT Litigation, including the dates those services were provided and the nature and extent of them.

According to the "Case Cost Report" GK produced after the filing of this case (the "Cost Report"), GK charged the HRT Claimants $100,000 for unspecified services Justice Panelli purportedly rendered in connection with the HRT Litigation.  Sheehan Decl., ¶ 16, Ex. 9 (Case Cost Report), p. 8.  Plaintiffs are entitled to know what precisely he did in return for this compensation.

GK's one-sentence answer is incomplete, evasive and equivocal.  It does not disclose the dates on which Justice Panelli provided services or describe the nature of the services provided, including when and how he allocated the Settlement Funds; which HRT Claimants he met with; when and where he met with them; how much time he spent with each of them; when, how and why he instructed GK to hold back 6% of the Settlement Funds; or who at GK he so instructed.  GK's response is also impermissibly equivocal because it uses the qualifier, "including but not limited to," which implies that Justice Panelli did more than what GK described.  Plaintiffs are

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

1  entitled to know everything that Justice Panelli did in return for the $100,000 he was

2  paid, not just some of the things.  GK should be compelled to provide the requested

3  information and provide it without qualification.

4  For the reasons stated above, GK's objections to this interrogatory should be

5  overruled as having been waived and, in any case, as lacking merit.

6  **B.      Defendant's Contentions in Opposition to Compelling Further Response.**

7  Defendants adequately responded to Interrogatory No. 7 by fully describing the

8  services performed by Justice Panelli and providing all relevant, non-privileged

9  information in Defendants' possession. In addition, because the subject interrogatories

10  were propounded approximately eight months ago, Defendants have likely provided

11  the information sought under Interrogatory No. 7. In addition, because the subject

12  interrogatories were propounded approximately eight months ago, Plaintiffs likely

13  possess the information they seek to discover under this interrogatory. *See, e.g.*,

14  Defendants' responses to Plaintiffs' Requests for Admissions, Set One; Defendants'

15  supplementary Responses to Plaintiffs' Interrogatories, Set Two.

16  **INTERROGATORY NO. 8.**

17  **INTERROGATORY NO. 8:**

18  Describe in detail all services performed by JAMS RELATING TO the HRT
19  LITIGATION, including, without limitation, the dates on which such
   services were performed and the nature and extent of those services.
20
21  **RESPONSE TO INTERROGATORY NO. 8:**

22  Defendants incorporate the General Objections as fully set forth herein.
   Defendants object to this interrogatory on the grounds that it is overly broad
23  as to the scope of information sought, as well as unduly burdensome,
   harassing, and oppressive.  *See Haggarty v. Wells Fargo Bank, NA*., 2012
24  WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance
   Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009)
25  (stating that while contention interrogatories are permitted, they "are often
   overly broad and unduly burdensome when they require a party to state
26  'every fact' or 'all facts' supporting identified allegations or defenses");
   *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22,
27  2011) (finding that requests seeking "each and every fact" are overly broad
   and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June
28  15, 2011) (noting that contention interrogatories that ask for "each and every

184033.3

fact or application of law to fact . . . may be held overly broad and unduly burdensome").

Defendants object that this interrogatory is vague and ambiguous. This interrogatory also seeks information that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody. Defendants objects [*sic*] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas. This interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence. This interrogatory calls for a legal conclusion. This interrogatory seeks counsel's evaluation and analysis of legal theories, thus further violating the attorney work-product privilege. Defendants further object that this interrogatory is cumulative and intended to harass. Defendants objects [*sic*] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges. Defendants have not completed discovery in this matter and reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, which are expressly reserved, Defendants respond as follows:

*JAMS provided services as a private alternative dispute resolution provider, including but not limited to, assisting with the provision of Justice Panelli's services as a neutral retired justice of the California Supreme Court to allocate the settlement sums among HRT plaintiffs.*

[Emphasis added.]

## A.   Plaintiffs' Contentions in Support of Compelling Further Response.

Interrogatory 8 asks GK to describe in detail the services JAMS provided relating to the HRT Litigation. According to JAMS' invoices, it was paid $18,000 for services relating to the HRT Litigation, separate and apart from the $100,000 Justice Panelli was allegedly paid. *See* Sheehan Decl., ¶¶ 16-17, Exs. 9 & 10.

GK's one-sentence answer fails to meaningfully describe what JAMS did in return for this money, including exactly when and how it purportedly assisted Justice Panelli in allocating the Settlement Funds and who provided that assistance. It is also impermissibly equivocal, describing JAMS' purported services as "including but not limited to," leaving GK free to present evidence at trial beyond its answer. GK should

184033.3

be compelled to provide the requested information and provide it without qualification.

For the reasons stated above, GK's boilerplate objections to this interrogatory should be overruled as having been waiving and, in any case, as lacking merit.

**B.     Defendant's Contentions in Opposition to Compelling Further Response.**

Defendants adequately responded to Interrogatory No. 8 by describing the services performed by JAMS and by providing all relevant, related, and non-privileged information in Defendants' possession. In addition, because the subject interrogatories were propounded approximately eight months ago, Defendants have likely provided the information sought under Interrogatory No. 8. In addition, because the subject interrogatories were propounded approximately eight months ago, Plaintiffs likely possess the information they seek to discover under this interrogatory. *See, e.g.*, Defendants' responses to Plaintiffs' Requests for Admissions, Set One; Defendants' supplementary Responses to Plaintiffs' Interrogatories, Set Two.

**INTERROGATORY NO. 9.**

**<u>INTERROGATORY NO. 9:</u>**

Describe in detail all services performed by Gursey Schneider & Co., LLC RELATING TO the HRT LITIGATION, including, without limitation, the dates on which such services were performed and the nature and extent of those services.

**<u>RESPONSE TO INTERROGATORY NO. 9:</u>**

Defendants incorporate the General Objections as fully set forth herein. Defendants object to this interrogatory on the grounds that it is overly broad as to the scope of information sought, as well as unduly burdensome, harassing, and oppressive. *See Haggarty v. Wells Fargo Bank, NA.*, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009) (stating that while contention interrogatories are permitted, they "are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses"); *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22, 2011) (finding that requests seeking "each and every fact" are overly broad and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011) (noting that contention interrogatories that ask for "each and every

184033.3

fact or application of law to fact . . . may be held overly broad and unduly burdensome").

Defendants object that this interrogatory is vague and ambiguous. This interrogatory also seeks information that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody. Defendants objects [*sic*] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas. This interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence. This interrogatory calls for a legal conclusion. This interrogatory seeks counsel's evaluation and analysis of legal theories, thus further violating the attorney work-product privilege. Defendants further object that this interrogatory is cumulative and intended to harass. Defendants objects [*sic*] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges. Defendants have not completed discovery in this matter and reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, which are expressly reserved, Defendants respond as follows:

*Technology consulting, including but not limited to, building a database and network to manage HRT claims, records, review, and information.*

[Emphasis added.]

## A.    Plaintiffs' Contentions in Support of Compelling Further Response.

Interrogatory 9 asks GK to describe in detail the services Gursey Schneider & Co. ("Gursey") provided relating to the HRT Litigation. According to the Cost Report, GK charged the HRT Claimants $46,000 for Gursey's services. Sheehan Decl., ¶ 16, Ex. 9, p. 8.

GK's terse one-sentence answer is incomplete, evasive and equivocal. It fails to indicate the dates on which the services were provided. Nor does it describe the nature of the services provided in any detail, much less in sufficient detail to determine why such services were necessary, how they were related to the HRT Litigation, or why they were billed as costs instead of being included in GK's attorney's fees. It is also impermissibly equivocal. GK should be compelled to

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

provide the requested information and provide it without qualification.

For the reasons stated above, GK's boilerplate objections to this interrogatory should be overruled as having been waived and, in any case, as lacking merit.

**B.      Defendant's Contentions in Opposition to Compelling Further Response.**

Defendants adequately responded to Interrogatory No. 9 by describing the services performed by Gursey Schneider & Co. and by providing all relevant, related, and non-privileged information in Defendants' possession. In addition, because the subject interrogatories were propounded approximately eight months ago, Defendants have likely provided the information sought under Interrogatory No. 9. In addition, because the subject interrogatories were propounded approximately eight months ago, Plaintiffs likely possess the information they seek to discover under this interrogatory. *See, e.g.*, Defendants' responses to Plaintiffs' Requests for Admissions, Set One; Defendants' supplementary Responses to Plaintiffs' Interrogatories, Set Two.

<b>INTERROGATORY NO. 10.</b>

**<u>INTERROGATORY NO. 10:</u>**

Describe in detail all services performed by En Route Travel RELATING TO the HRT LITIGATION, including, without limitation, the dates on which such services were performed and the nature and extent of those services.

**<u>RESPONSE TO INTERROGATORY NO. 10:</u>**

Defendants incorporate the General Objections as fully set forth herein. Defendants object to this interrogatory on the grounds that it is overly broad as to the scope of information sought, as well as unduly burdensome, harassing, and oppressive. *See Haggarty v. Wells Fargo Bank, NA.*, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009) (stating that while contention interrogatories are permitted, they "are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses"); *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22, 2011) (finding that requests seeking "each and every fact" are overly broad and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011) (noting that contention interrogatories that ask for "each and every fact or application of law to fact . . . may be held overly broad and unduly burdensome").

<b>JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS</b>

184033.3

Defendants object that this interrogatory is vague and ambiguous.  This interrogatory also seeks information that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody.  Defendants objects [sic] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas.  This interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence.  This interrogatory calls for a legal conclusion.  This interrogatory seeks counsel's evaluation and analysis of legal theories, thus further violating the attorney work-product privilege.  Defendants further object that this interrogatory is cumulative and intended to harass.  Defendants objects [sic] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges.  Defendants have not completed discovery in this matter and reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, which are expressly reserved, Defendants respond as follows:

*Travel services, including but not limited to, arranging travel, booking hotels, and providing estimates for case-related travel expenses such as airfare and lodging.*

[Emphasis added.]

## A.   Plaintiffs' Contentions in Support of Compelling Further Response.

Interrogatory 10 asks GK to describe in detail the services en Route Travel ("en Route") provided relating to the HRT Litigation.  According to the Cost Report, GK charged the HRT Claimants approximately $20,000 for "travel expenses" provided by en Route on June 1, 2012.  Sheehan Decl., ¶ 16, Ex. 9, p. 8.  The invoices GK produced do not support these expenses, which appear to have been incurred a year after the case had settled.  *Id*., ¶ 17, fn. 3, Ex. 11.

GK's short one-sentence answer is incomplete, evasive and equivocal.  It does not, for example, disclose what travel arrangements were booked and who was traveling, when and to where they were traveling, and what tickets and accommodations en Route booked.  It also includes the qualifier, "including but not limited to," which implies that the answer is not complete.  GK should be compelled

184033.3

1   to provide the requested information and provide it without qualification.

2       For the reasons stated above, GK's boilerplate objections to this interrogatory

3   should be overruled as having been waived and, in any case, as lacking merit.

4   **B.   Defendant's Contentions in Opposition to Compelling Further Response.**

5       Defendants adequately responded to Interrogatory No. 10 by describing the

6   services performed by en Route Travel and by providing all relevant, related, and non-

7   privileged information in Defendants' possession. In addition, because the subject

8   interrogatories were propounded approximately eight months ago, Defendants have

9   likely provided the information sought under Interrogatory No. 10. In addition,

10   because the subject interrogatories were propounded approximately eight months ago,

11   Plaintiffs likely possess the information they seek to discover under this interrogatory.

12   *See, e.g.*, Defendants' responses to Plaintiffs' Requests for Admissions, Set One;

13   Defendants' supplementary Responses to Plaintiffs' Interrogatories, Set Two.

14   **INTERROGATORY NO. 11.**

15   **<u>INTERROGATORY NO. 11:</u>**

16   Describe in detail all services performed by Unlimited Copy Services
17   RELATING TO the HRT LITIGATION, including, without limitation, the
18   dates on which such services were performed and the nature and extent of
those services.

19   **<u>RESPONSE TO INTERROGATORY NO. 11:</u>**

20   Defendants incorporate the General Objections as fully set forth herein.
21   Defendants object to this interrogatory on the grounds that it is overly broad
as to the scope of information sought, as well as unduly burdensome,
22   harassing, and oppressive.  *See Haggarty v. Wells Fargo Bank, NA.*, 2012
WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance
23   Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009)
(stating that while contention interrogatories are permitted, they "are often
24   overly broad and unduly burdensome when they require a party to state
'every fact' or 'all facts' supporting identified allegations or defenses");
25   *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22,
2011) (finding that requests seeking "each and every fact" are overly broad
26   and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June
15, 2011) (noting that contention interrogatories that ask for "each and every
27   fact or application of law to fact . . . may be held overly broad and unduly
burdensome").
28

- 42 -

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

Defendants object that this interrogatory is vague and ambiguous.  This interrogatory also seeks information that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody.  Defendants objects [*sic*] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas.  This interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence.  This interrogatory calls for a legal conclusion.  This interrogatory seeks counsel's evaluation and analysis of legal theories, thus further violating the attorney work-product privilege.  Defendants further object that this interrogatory is cumulative and intended to harass.  Defendants objects [*sic*] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges.  Defendants have not completed discovery in this matter and reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, which are expressly reserved, Defendants respond as follows:

*Copy services, including but not limited to, making copies of files, records, CDs, DVDs, VHS to DVD transfers, and binding.*

[Emphasis added.]

**A.      Plaintiffs' Contentions in Support of Compelling Further Response.**

Interrogatory 11 asks GK to describe in detail the services Unlimited Copy Services ("Unlimited Copy") provided relating to the HRT Litigation.  According to the Cost Report, GK charged the HRT Claimants $30,000 for unspecified services Unlimited Copy allegedly provided between March and April 2014, well after the HRT Litigation had settled and after this lawsuit had been filed.  Sheehan Decl., ¶ 16, Ex. 9, p. 1.

GK's one-sentence answer is incomplete, evasive and equivocal.  It does not state the dates when the services were provided; describe the nature of the services provided in sufficient detail to determine how they were necessary to the HRT Litigation; or describe the extent of the services (*e.g.*, how many copies were made).  GK should be compelled to provide the requested information and provide it without

1    qualification.

2        For the reasons stated above, GK's boilerplate objections to this interrogatory

3    should be overruled as having been waived and, in any case, as lacking merit.

4    **B.    Defendant's Contentions in Opposition to Compelling Further Response.**

5        Defendants adequately responded to Interrogatory No. 11 by describing the

6    services performed by Unlimited Copy Services and by providing all relevant, related,

7    and non-privileged information in Defendants' possession. In addition, because the

8    subject interrogatories were propounded approximately eight months ago, Defendants

9    have likely provided the information sought under Interrogatory No. 11. In addition,

10   because the subject interrogatories were propounded approximately eight months ago,

11   Plaintiffs likely possess the information they seek to discover under this interrogatory.

12   *See, e.g.*, Defendants' responses to Plaintiffs' Requests for Admissions, Set One;

13   Defendants' supplementary Responses to Plaintiffs' Interrogatories, Set Two.

14                          **INTERROGATORY NO. 12.**

15   **INTERROGATORY NO. 12:**

16   Describe in detail all services performed by The James Street Group, Inc.
     RELATING TO the HRT LITIGATION, including, without limitation, the
17   dates on which such services were performed and the nature and extent of
     those services.
18

19   **RESPONSE TO INTERROGATORY NO. 12:**

20   Defendants incorporate the General Objections as fully set forth herein.
     Defendants object to this interrogatory on the grounds that it is overly broad
21   as to the scope of information sought, as well as unduly burdensome,
     harassing, and oppressive.  *See Haggarty v. Wells Fargo Bank, NA.*, 2012
22   WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance
     Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009)
23   (stating that while contention interrogatories are permitted, they "are often
     overly broad and unduly burdensome when they require a party to state
24   'every fact' or 'all facts' supporting identified allegations or defenses");
     *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22,
25   2011) (finding that requests seeking "each and every fact" are overly broad
     and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June
26   15, 2011) (noting that contention interrogatories that ask for "each and every
     fact or application of law to fact . . . may be held overly broad and unduly
27   burdensome").
28

- 44 -

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

Defendants object that this interrogatory is vague and ambiguous. This interrogatory also seeks information that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody. Defendants objects [*sic*] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas. This interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence. This interrogatory calls for a legal conclusion. This interrogatory seeks counsel's evaluation and analysis of legal theories, thus further violating the attorney work-product privilege. Defendants further object that this interrogatory is cumulative and intended to harass. Defendants objects [*sic*] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges. Defendants have not completed discovery in this matter and reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, which are expressly reserved, Defendants respond as follows:

*Lien resolution services, including but not limited to, verifying and negotiating HRT clients' Medicare and Medicaid liens.*

[Emphasis added.]

## A.     Plaintiffs' Contentions in Support of Compelling Further Response.

Interrogatory 12 asks GK to describe in detail the services that The James Street Group, Inc. and affiliates ("James Street") provided relating to the HRT Litigation. James Street provides Medicare lien resolution services, negotiating the settlement of liens arising from Medicare's payment of a beneficiary's medical expenses. Many, but by no means all, of the HRT Claimants were on Medicare and had liens against them. According to the Cost Report, GK charged the HRT Claimants approximately $100,000 for services purportedly rendered by James Street. Sheehan Decl., ¶ 16, Ex. 9, pp. 18-21.

GK's one-sentence answer is incomplete, evasive and equivocal. For each lien that James Street settled, the interrogatory required GK to state the dates on which the services were provided; identify the HRT Claimant on whose behalf the services were

- 45 -

provided; and describe the nature and extent of those services.  GK should be

compelled to provide the requested information and provide it without qualification.

For the reasons stated above, GK's boilerplate objections to this interrogatory

should be overruled as having been waived and, in any case, as lacking merit.

**B.      Defendant's Contentions in Opposition to Compelling Further Response.**

Defendants adequately responded to Interrogatory No. 13 by describing the

services performed by The James Street Group, Inc. and by providing all relevant,

related, and non-privileged information in Defendants' possession. In addition,

because the subject interrogatories were propounded approximately eight months ago,

Defendants have likely provided the information sought under Interrogatory No. 12.

In addition, because the subject interrogatories were propounded approximately eight

months ago, Plaintiffs likely possess the information they seek to discover under this

interrogatory. *See, e.g.*, Defendants' responses to Plaintiffs' Requests for Admissions,

Set One; Defendants' supplementary Responses to Plaintiffs' Interrogatories, Set

Two.

**INTERROGATORY NO. 13.**

<u>**INTERROGATORY NO. 13:**</u>

Identify and describe each cost that YOU incurred and paid RELATING to
the HRT LITIGATION, including, without limitation, the amount of the
payment; the date of the payment; the person or entity to which the payment
was made; the nature of the cost incurred; and how the cost was related to
the HRT LITIGATION.

<u>**RESPONSE TO INTERROGATORY NO. 13:**</u>

Defendants incorporate the General Objections as fully set forth herein.
Defendants object to this interrogatory on the grounds that it is overly broad
as to the scope of information sought, as well as unduly burdensome,
harassing, and oppressive.  *See Haggarty v. Wells Fargo Bank, NA.*, 2012
WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance
Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009)
(stating that while contention interrogatories are permitted, they "are often
overly broad and unduly burdensome when they require a party to state
'every fact' or 'all facts' supporting identified allegations or defenses");
*Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22,
2011) (finding that requests seeking "each and every fact" are overly broad

- 46 -

and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011) (noting that contention interrogatories that ask for "each and every fact or application of law to fact . . . may be held overly broad and unduly burdensome").

Defendants object that this interrogatory is vague and ambiguous. This interrogatory also seeks information that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody. Defendants objects [*sic*] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas. This interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence. This interrogatory calls for a legal conclusion. This interrogatory seeks counsel's evaluation and analysis of legal theories, thus further violating the attorney work-product privilege. Defendants further object that this interrogatory is cumulative and intended to harass. Defendants objects [*sic*] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges. Defendants have not completed discovery in this matter and reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, which are expressly reserved, Defendants respond as follows:

*See initial disclosures previously provided to Plaintiffs.*

[Emphasis added.]

## A.   Plaintiffs' Contentions in Support of Compelling Further Response.

As the Court is aware, the amount of costs GK charged the HRT Claimants has been a moving target. In 2011, and again in 2013, GK represented to the HRT Claimants that the HRT Litigation costs were 5.65% of the total settlement amount (which equated to approximately $980,000). Sheehan Decl., Exs. 1, 2 & 3. After Plaintiffs filed this suit and the district court denied GK motion's to compel arbitration before Justice Panelli, GK advised the HRT Claimants that it had revised its costs figure downward to 4.9% of the settlement amount (which equates to approximately $850,000). *Id.*, Ex. 7. GK has produced no documents in discovery that substantiate either the 5.65% or the 4.9% cost figures, or that explain how they were derived.

The Cost Report was prepared in late August 2014 and produced in discovery. It was never disclosed (nor any document with similar detail) to the HRT Claimants. Notably, the costs listed in the Report total approximately $685,000, and the report shows that GK had incurred costs of only 2.2% of the total settlement amount at the time the settlement was disclosed to the HRT Claimants in September 2011.  The Report also includes entries that are unsubstantiated, false, or fictitious.  Sheehan Decl., ¶ 16, Ex. 9.

Interrogatory 13 seeks a definitive itemization from GK of the specific costs it incurred and paid relating to the HRT Litigation.  GK's response refers Plaintiffs to its "initial disclosures," which, regarding costs, consisted primarily of the Cost Report and incomplete supporting documentation for some of the payments to vendors identified in the Report.  Sheehan Decl., ¶¶ 16-17, Ex. 9.

GK's response is an improper and deficient attempt to invoke the option under Federal Rule of Civil Procedure 33 to produce "business records" in lieu of providing a substantive answer.  The Rule provides in relevant part:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, . . . the responding party may answer by . . . [¶] specifying the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party . . . .

Fed. R. Civ. P. 33(d).

GK's reliance on Rule 33(d), however, is misplaced in a number of material respect.  *First*, the burden of reconstructing GK's history of costs is not "substantially the same for either party," it is much greater for Plaintiffs.  GK was involved in incurring those costs, received the related services, and maintained and understood the relevant records.  In fact, Plaintiffs have tried, but have been simply unable to accurately determine what costs GK incurred and paid from the records produced in discovery to date.

- 48 -

1      *Second*, GK has not "specif[ied] the records that must be reviewed in sufficient

2 detail to enable [Plaintiffs] to locate and identify them as readily as [GK] could."  Fed.

3 R. Civ. P. 33(d)(1).  GK simply referred Plaintiffs to the entirety of its initial

4 disclosures, most of which had nothing to do with incurring or paying costs.  *See*

5 *Rainbow Pioneer v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983)

6 (reference to "partnership books of accounts, banking accounts, records, computer

7 printouts, ledgers and other documents" insufficient); *O'Connor v. Boeing N. Am.,*

8 *Inc.*, 185 F.R.D. 272, 277-78 (C.D. Cal. 1999) (Chapman, M.J.) ("Rule 33(d) is not

9 satisfied by the wholesale dumping of documents."); *State of Colorado v.*

10 *Schmidt–Tiago Construction Co.*, 108 F.R.D. 731, 735 (D. Col. 1985) ("The

11 appropriate answer when documents are to be used [under Rule 33(d)] is to list the

12 specific document provided the other party and indicat[e] the page or paragraphs that

13 are responsive to the interrogatory.").

14      *Third*, the documents provided in the initial disclosures are redacted,

15 incomplete and unreliable, and do not come close to providing complete

16 information about the costs GK charged to the HRT Claimants.  Sheehan

17 Decl., ¶¶ 15-17

18      In sum, GK was obligated to accurately account to Plaintiffs for what happened

19 to their Settlement Funds, including the amount and specifies of the litigation costs

20 incurred on their behalf.  GK's response − referencing Plaintiffs to the Cost Report

21 with its false entries and an incomplete collection of uninformative invoices – is

22 evasive and improper.  GK should be compelled to provide the requested information

23 by producing a definitive itemization of costs incurred and paid that includes for each

24 such cost: the date it was incurred, the amount, the identity of the vendor, a

25 description of the services provided, and the justification for charging it as a cost to

26 the HRT Claimants.

27      For the reasons stated above, GK's boilerplate objections to this interrogatory

28 should be overruled as having been waived, in any case, as lacking merit.

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

**B.**     **Defendant's Contentions in Opposition to Compelling Further Response.**

Defendants adequately responded to Interrogatory No. 13 by directing

Plaintiffs' to the information contained in Defendants' initial disclosures, which

contained all relevant and non-privileged information in Defendants' possession at the

time of the request. And because the subject interrogatories were propounded

approximately eight months ago, Defendants have likely provided the information that

Plaintiffs are currently attempting to compel. *See, e.g.*, Defendants' responses to

Plaintiffs' Requests for Admissions, Set One; Defendants' supplementary Responses

to Plaintiffs' Interrogatories, Set Two.

**INTERROGATORY NO. 15.**

**<u>INTERROGATORY NO. 15:</u>**

For each affirmative defense in YOUR ANSWER, including, without
limitation, those set forth at paragraphs 51-73 of YOUR ANSWER:

(a)     State all facts upon which YOU base the affirmative defense;

(b)     State the names, addresses and telephone numbers of all persons who
have knowledge of those facts;

(c)     Identify all DOCUMENTS SUPPORTING the affirmative defense;
and

(d)     State the names, addresses and telephone number of the person who
has or maintains control of each such DOCUMENT.

["YOUR ANSWER" was defined as Defendant's "Answer to Plaintiffs'
Complaint filed in the present federal action entitled, *Judith Allen, et al., v.
Girardi|Keese, et al.,* United States Court for the Central District of
California, Case No. 14-CV-02721-MWF-FFM."]

**<u>RESPONSE TO INTERROGATORY NO. 15:</u>**

Defendants incorporate the General Objections as fully set forth herein.
Defendants object to this interrogatory on the grounds that it is overly broad
as to the scope of information sought, as well as unduly burdensome,
harassing, and oppressive.  *See Haggarty v. Wells Fargo Bank, NA.*, 2012
WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012), citing *Mancini v. Insurance
Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009)
(stating that while contention interrogatories are permitted, they "are often
overly broad and unduly burdensome when they require a party to state
'every fact' or 'all facts' supporting identified allegations or defenses");

- 50 -

1
2
3
4

*Bovarie v. Schwarzenegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22, 2011) (finding that requests seeking "each and every fact" are overly broad and burdensome); *S.E.C. v. Berry*, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011) (noting that contention interrogatories that ask for "each and every fact or application of law to fact . . . may be held overly broad and unduly burdensome").

5
6
7
8
9
10
11
12
13
14
15

Defendants object that this interrogatory is vague and ambiguous. This interrogatory also seeks information that is equally available to the requesting party or are otherwise in the requesting party's possession, control, or custody. Defendants objects [*sic*] to the interrogatory to the extent that this information is already in Plaintiffs' possession due to Defendants' production of initial disclosures, Defendants' response to Plaintiffs' request for production, and/or documents produced by or available from third parties in response to Plaintiffs' subpoenas. This interrogatory is not reasonably limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence. This interrogatory calls for a legal conclusion. This interrogatory seeks counsel's evaluation and analysis of legal theories, thus further violating the attorney work-product privilege. Defendants further object that this interrogatory is cumulative and intended to harass. Defendants objects [*sic*] to this interrogatory to the extent that it violates the attorney-client privilege and/or work product doctrine and thereby asserts the aforementioned privileges. Defendants have not completed discovery in this matter and reserve the right to supplement this response.

16
17

Subject to and without waiving the foregoing objections, which are expressly reserved, Defendants respond as follows:

18
19
20

*Defendants object on the basis that the Court recently ordered Plaintiffs to file an amended complaint and for Defendants to answer the complaint. As such, Defendants' instant answer is not the operative pleading under which Defendants will assert their affirmative defenses.*

21

[Emphasis added.]

22

**A.    Plaintiffs' Contentions in Support of Compelling Further Response.**

23
24

Interrogatory 15 is a standard contention interrogatory that asks GK to identify the bases for its affirmative defenses, which it has avoided doing to date.

25
26
27
28

"The purpose of contention interrogatories is to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Retiree Support Grp. of Contra Costa Cnty. v. Contra Costa Cnty.*, 2014 WL 7206849, *3 (N.D. Cal. Dec. 18, 2014) (quotations

- 51 -

1  omitted).  Thus, "[c]ourts generally approve of appropriately timed contention
2  interrogatories as they tend to narrow issues, avoid wasteful preparation, and, it is
3  hoped, expedite a resolution of the litigation."  *Roberts v. Heim*, 130 F.R.D. 424, 427
4  (N.D. Cal. 1989).

5       GK objected to Interrogatory 15 on the ground that it need not respond because
6  an amended complaint had been filed.  This is another disingenuous claim: GK
7  alleged the exact same affirmative defenses in its Answer to the First Amended
8  Complaint as it did in its Answer to the original Complaint.  Dkt. Nos. 26 & 40.

9       GK should be compelled to provide a complete and non-evasive answer to this
10  interrogatory without further delay, so that Plaintiffs know what defenses they must be
11  prepared to refute at trial.

12       GK's other objections have been waived and are meritless for the reasons
13  stated above.

14  **B.**    **Defendant's Contentions in Opposition to Compelling Further Response.**

15       Defendants were entirely justified in waiting to receive Plaintiffs' amended
16  complaint, prior to responding to Interrogatory 15. Plaintiffs cite no authority in
17  support of its position that Girardi & Keese's response was insufficient, because
18  Girardi & Keese alleged the same affirmative defenses in its Answer to the First
19  Amended Complaint as it did in its Answer to Plaintiffs' initial Complaint. And the
20  "purpose" of contentions interrogatories is irrelevant to determining the sufficiency of
21  Defendants' response to Interrogatory 15. In effect, Plaintiffs fault Girardi & Keese
22  for failing to anticipate its affirmative defenses to Plaintiffs' allegations in the First
23  Amended Complaint, *prior* to Girardi & Keese filing the operative Answer. And
24  because the subject interrogatories were propounded approximately eight months ago,
25  Defendants have likely provided the information that Plaintiffs are currently
26  attempting to compel. *See, e.g.*, Defendants' responses to Plaintiffs' Requests for
27  Admissions, Set One; Defendants' supplementary Responses to Plaintiffs'
28  Interrogatories, Set Two.

1

**1.      This Interrogatory Seeks Information That Is Not Relevant to**

2

**Proving Plaintiffs' Damages Relating To The HRT Litigation.**

3

It is important to distinguish what this case is and is not. This is a case of breach

4

of fiduciary duty and other related claims—not one of legal malpractice.  Plaintiffs

5

have never alleged that Defendants' conduct caused them any harm arising from the

6

settlement achieved in the underlying HRT litigation for the 28 plaintiffs.  Further,

7

Plaintiffs' have not shown that obtaining Defendant GK's financial information will

8

ever allow Plaintiffs to establish that they suffered any harm at all. Plaintiffs have not

9

alleged the harm, if any, they suffered as a result of the underlying settlement. In other

10

words, Plaintiffs allege that Defendants breached certain duties owed to Plaintiffs, but

11

fail to allege the losses suffered as a result of the alleged breach. The information

12

sought under this interrogatory will not assist Plaintiffs' in doing so.

13

## V.      VERIFICATIONS TO INTERROGATORIES.

14

**A.      Plaintiffs' Contentions in Support of Compelling Verifications.**

15

Under Federal Rule of Civil Procedure 33, "[e]ach interrogatory ***must***, to the

16

extent it is not objected to, be answered separately and fully ***under oath***."  Fed. R.

17

Civ. P. 33(b)(3) (emphasis added).  The verification form GK attached to its response

18

had the following three statements, only the first of which was checked:

19

20

[ X ]  I am an agent of a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

21

22

[    ]  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

23

24

[    ]  The matters stated in the foregoing document are true of my knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

25

26

By not checking the box next to either the second or third statement, GK has not

27

verified that its answers are true and correct "under oath."

28

Three times Plaintiffs' counsel requested GK to provide verifications to the

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

Interrogatories in compliance with Rule 33, and three times GK refused.  Sheehan
Decl., ¶¶ 20, 23, Exs. 16, p. 2 & 17.  Accordingly, the Court should order GK to
provide proper verifications of its answers to Set One.

**B.    Defendant's Contentions in Opposition to Compelling Verifications.**

Plaintiffs' contentions in support of compelling verifications, above, contradict
their meet and confer efforts regarding the Interrogatories, Set One. In their discussion
in support of compelling verifications, Plaintiffs include the text of three paragraphs
which are purportedly those contained within the verification form that GK attached to
its response. But, curiously, despite filing two declarations in support of this Motion,
with a total of more than 400 pages of exhibits attached thereto, Plaintiffs fail to
include the verification form Defendants actually attached to the Interrogatories, Set
One. Instead, Plaintiffs include the text of the paragraphs purportedly contained on the
verification form and cite to Exhibits Nos. 16 and 17 of Sheehan Declaration. Neither
of these exhibits are consistent with the contentions Plaintiffs make above.

In Exhibit 16, Plaintiffs' meet and confer letter of March 3, 2015, in regard to
Defendants' responses to the Interrogatories, Set One, Defendant wrote as follows: "
The untimely responses are also facially deficient because Defendant neglected to
verify the responses…Defendant did not provide verifications for its answers."
Sheehan Declaration, Ex. 16, p. 2. Thus, Plaintiffs' contend in their letter that that
Defendants' "did not provide responses." That position directly contrasts the one
stated, *supra*: "[b]y not checking the box next to either the second or third statement,
GK has not verified that its answers are true and correct "under oath." From these
inconsistencies it is not clear what Plaintiffs request of the Court in regard to
Defendants' verification of its responses to the Interrogatories, Set 1.  In Exhibit 17,
consisting of two emails from Plaintiffs to Defendants requesting verifications,
Plaintiffs wrote, "The responses to the interrogatories that were served on January 23,
2015, in addition to being untimely, were not verified."  Again, the position Plaintiffs
assert in these emails contrasts that of the letter a few weeks later (Exhibit 16).

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

As noted previously, Plaintiffs did not cite to the verification form attached by Defendants to the Interrogatories, Set One. Instead, Plaintiffs included the text of the three paragraphs contained within a verification form, that was attached to another set of Defendants' responses to Plaintiffs' discovery *not* the subject of the instant Motion. Noticeably, such an error demonstrates how incredibly unnecessary and duplicative the instant Motion is. Plaintiffs, themselves, have become confused by the set of discovery at issue here.

Plaintiffs' omission reflects Plaintiffs' pattern of filing a motion to compel for every set of discovery (not to mention, it also reflects their pattern to then use the motion to compel as an opportunity to claim that Defendants are actually the ones stone-walling and delaying litigation). That Plaintiffs' make contentions here regarding a verification form that was not even attached to Defendants' responses at issue here, further reflects the unnecessary nature of their arguments made in this Motion. Clearly, this Motion serves no greater purpose than to burden the Court with deciding issues that were properly subjects of Plaintiffs' previously filed Motions to Compel, and to burden Defendants with burdensome, cumulative, and vexing motion practice.

## VI.       SANCTIONS

### A.       Plaintiffs' Contentions in Support of Imposing Monetary Sanctions.

At the July 21, 2015 hearing on Plaintiffs' Motion to Compel regarding their first set of Requests for Production, the Court warned GK:

> [I]f we get another motion, I will look at it but I must admit that it seems to me almost every single issue involved in this motion I previously ruled upon on other motions.  I don't want to rule upon the same issues again.  And if I do, then what I'll do is I will ask for declarations regarding attorney's fees incurred in the prior motions, and so we can add those up.  We can get to a point perhaps where it will be considered, I don't know, should we say appropriate for counsel to deal with each other and work with discovery and get the information to the Plaintiffs that they want or relevant to a claim or defense, they're entitled to it and they're going to have it.

Shen Declaration, ¶ 14, p. 20:13-25.

GK has chosen to ignore the Court's admonishment, as evidenced by the fact that this is the fourth motion to compel that Plaintiffs have been forced to file since the July 21 hearing and yet they are still without relevant documents that GK was ordered to produce and information it was required to provide in answer to interrogatories.[5]

Under the Federal Rules, when a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

As demonstrated above, GK's responses to the Interrogatories are incomplete, evasive and reflect a complete lack of genuine effort to provide the requested information.  Moreover, the record before this Court makes clear that GK's deficient responses are part of a broader pattern of discovery abuses that include the deliberate disregard of discovery obligations, willful violations of court orders, and the failure to meet and confer or to meet and confer in good faith.  In light of such conduct, the Court's imposition of monetary sanctions would be entirely appropriate.  *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) ("Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent."); *Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*,

---

[5] Those motions include: (1) Motion to Compel Withheld Documents and Further Responses to Plaintiffs' Request for Production, Set One (granted July 21, 2015; Defendant's motion for review denied September 17, 2015); (2) Motion to Compel Answers to Plaintiffs' Interrogatories, Set Two (granted September 17, 2015); (3) Motion to Compel Answers to Plaintiffs' Interrogatories, Set Three (filed September 4, 2015); and (4) Motion to Compel Responses and to Produce Documents to Plaintiffs' Requests for Production, Set Two (filed September 16, 2015).

JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS

184033.3

2007 WL 2758571, *16 (C.D. Cal.  Sept. 18, 2007) (Hillman, M.J.) ("For the
discovery system to function properly, the costs of resisting discovery must be
sufficiently great so that the benefits to be gained from sharp or evasive discovery
practices are outweighed by the sanctions imposed when those practices are
discovered.  It is not enough that an offender belatedly comply with its discovery
obligations; '[i]f the only sanction for failing to comply with the discovery rules is
having to comply with the discovery rules if you are caught, the diligent are punished
and the less than diligent, rewarded.'") (citation omitted); *In re Heritage Bond Litig*.,
223 F.R.D. 527, 530 (C.D. Cal. 2004) (Chapman, M.J.) ("The Court may, in deciding
whether to grant a motion for sanctions, 'properly consider all of a party's discovery
misconduct . . . , including conduct which has been the subject of earlier sanctions.'")
(citation omitted).

## B.   Defendants' Contentions in Opposition to The Imposition of Monetary Sanctions.

Sanctions are not warranted here for three simple reasons: First, Defendants did
not act in bad faith; second, Plaintiffs should not receive a windfall in light of their
own inexcusable discovery delays and disregard of the discovery process; and third,
Plaintiffs have suffered *no* prejudice from Defendants' brief delay in responding to
Plaintiffs' Interrogatories, Set One.

Defendants did not act in bad faith in causing the brief delay concerning
Plaintiffs' Interrogatories, Set One. Rather, the brief delay was caused by Defendants'
attempt to adequately and thoroughly respond to the Interrogatories. The information
requested was not readily available to Defendants, considering Plaintiffs' eight month
delay in propounding the Interrogatories, as well as the complex claims and defenses
at play here.

Plaintiffs should not receive a windfall in light of their own inexcusable
discovery delays and overall disregard of the discovery process. Plaintiffs filed this
action in April 2014. Plaintiffs' propounded the Interrogatories in December 2014,

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER
RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

*eight months* later, and brought the instant Motion in September 2015, almost *one and a half years* later. Indeed, a lot has happened during that time: Plaintiffs have received over 20,000 responsive documents to their requests for production; several key individuals, including Justice Panelli, have been deposed; Defendants served its supplemental responses to Plaintiffs' Interrogatories, Set Two; and, among other things, Plaintiffs have obtained over 600 Torrey Pines Bank records, which were also reviewed by Plaintiffs' financial expert. In other words, Plaintiffs have once again resorted to motion practice to obtain information they already possess and have possessed for some time. Plaintiffs should not receive a windfall for such disregard of the discovery process and lack of professional diligence.

Similarly, Plaintiffs' inexcusable eight-month delay shows they suffered no prejudice from Defendants' brief delay in serving its responses to the Interrogatories.

## VII.   CONCLUSION

### A.   Plaintiffs' Conclusion.

Plaintiffs respectfully request that the Court overrule GK's boilerplate objections; compel GK to provide further answers to Interrogatories 3-13 and 15 and proper verifications to all interrogatory answers; and impose appropriate monetary sanctions for GK's continuing discovery abuses.

///

///

///

///

///

///

///

///

///

///

**JOINT STIPULATION RE:  PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

184033.3

**B.**    **Defendant's Conclusion.**

For the reasons explained above, Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel Further Responses to Interrogatories, Set One and for sanctions.

Dated:  October 6, 2015         **ISAACS FRIEDBERG & LABATON LLP**


By: _____*/s/ Jeffrey Isaacs*_____
                JEFFREY B. ISAACS, ESQ.
                *Attorneys for Plaintiffs Judith Allen, et al.*


Dated:  October 6, 2015         **BAKER KEENER & NAHRA**


By: _____*/s/ Phillip Baker*_____
                PHILLIP A. BAKER, ESQ.
                *Attorneys for Defendant Girardi | Keese, et al.*

184033.3