1  Jeffrey B. Isaacs, Esq., SBN 117104
   Jerome H. Friedberg, Esq., SBN 125663
2  Amanda R. Touchton, Esq., SBN 220430
   John T. Sheehan, Esq., SBN 273944
3  **ISAACS FRIEDBERG & LABATON LLP**
   555 South Flower Street, Suite 4250
4  Los Angeles, California 90071
   Telephone: (213) 929-5550
5  Facsimile: (213) 955-5794
   Email: jisaacs@iflcounsel.com
6
   *Attorneys for Plaintiffs Judith Allen, et al.*
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | JUDITH ALLEN, *et al.*, | Case No.: 14-CV-02721-MWF-FFM |

12 | Plaintiffs, | **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES BY DEFENDANT GIRARDI | KEESE TO PLAINTIFFS' INTERROGATORIES, SET ONE AND FOR MONETARY SANCTIONS** |

13 | vs. |

14 | GIRARDI | KEESE, *et al.*, |

15 | Defendants. |

16 | | **[PLAINTIFFS' DISCOVERY MOTION NO. 5]** |

17

18 | | Judge: Hon. Frederick F. Mumm
19 | | Date: October 27, 2015
    | | Time: 10:00 a.m.
20 | | Place: Roybal Federal Building,
    | |        Courtroom 580
21

22 | | Complaint Filed:   Apr. 9, 2014
    | | FAC Filed:         Jan. 23, 2015
23 | | Discovery Cutoff:  Dec. 2, 2015
    | | Pretrial Conf.:    Jan. 23, 2016
24 | | Trial Date:        Feb. 2, 2016
25

26

27

28

---

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ISO MOTION TO COMPEL FURTHER RESPONSES BY GIRARDI | KEESE TO INTERROGATORIES, SET ONE AND FOR MONETARY SANCTIONS**
184300.3

### A.   GK Waived Its Objections to the Interrogatories.

Defendant Girardi | Keese ("GK") concedes that it served its responses to Plaintiffs' Interrogatories, Set One (the "Interrogatories") late, beyond the statutory deadline. Joint Stip. p. 8:17-9:1. As a consequence, it waived all of its objections to each Interrogatory. *See* Fed. R. Civ. R. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); s*ee also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection.").

Furthermore, GK offers no excuse for its failure to timely respond, much less a basis to find good cause, which would be difficult given that this is one of *four* sets of discovery requests to which GK has served late responses without any legitimate justification.[1] *See Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) ("Discovery deadlines are intended to ensure the efficient progress of a lawsuit and counsel are expected to comply with them. If plaintiffs' counsel were not able to meet a discovery deadline, they should have sought an agreement with defendant's lawyer to submit their responses at a later date.").

### B.   None of GK's Boilerplate Objections Have Merit.

Plaintiffs' portion of the Joint Stipulation addressed each of GK's boilerplate

---

[1] The four are:
- Plaintiffs' Request for Production, Set Two: more than a month late, Dkt. No. 125-1, ¶¶ 39-40, 45-47;
- Plaintiffs' Interrogatories, Set One: a week late, Suppl. Shen Decl., ¶ 6;
- Plaintiffs' Interrogatories, Set Two: more than a month late, Dkt. No. 106-2; ¶¶ 43-44, 50-51; and
- Plaintiffs' Interrogatories, Set Three: more than a month late, Dkt. No. 109-2, ¶¶ 41-43, 48-49.

-1-

1  objections, and demonstrated that they all lack merit. Joint Stip., pp. 18:23-22:14.
2  GK did not attempt to defend any of these objections in its portion of the Joint
3  Stipulation. *Id*., pp. 22:15-24:4. Thus, even were the Court to find good cause to
4  excuse GK's waiver, all of its objections should be overruled as lacking merit.

5  **C.     Plaintiffs Acted Diligently in Bringing This Motion.**

6        GK complains that Plaintiffs delayed too long in filing this motion to compel.
7  Joint Stip., p. 10:19-21. Not so. As the record makes clear, any delay in filing this
8  motion was due to Plaintiffs' extraordinary, but ultimately futile, meet and confer
9  efforts to avoid having to file the motion – which is the fifth motion to compel they
10 have had to file in this case. *Id*., pp. 6:26-8:15; Sheehan Decl., ¶¶ 20-24.

11       In recently granting in part Plaintiffs' *ex parte* application to extend the pretrial
12 deadlines, District Judge Fitzgerald rejected these very assertions, finding that
13 "Plaintiffs have experienced delays with respect to almost every set of served
14 discovery requests"; that Plaintiffs "have engaged in a remarkable number of
15 meet-and-confer communications in order to persuade Defendants to either respond or
16 supplement responses to legitimate discovery requests"; that "Defendants, however,
17 refused to provide the vast majority of relevant information"; and that "both the
18 Magistrate Judge and this Court have recognized that the discovery delays were
19 largely due to Defendants' intransigence." Dkt. No. 160, pp. 6 & 9-10. Especially in
20 light of Defendants' record of stonewalling and gamesmanship, Plaintiffs have acted
21 diligently and their motion is timely.

22 **D.     GK's Relevance Objection is Specious.**

23       In its portion of the Joint Stipulation, GK objects to every interrogatory as
24 seeking information not relevant to proving Plaintiffs' damages. *See, e.g*., Joint Stip.,
25 p. 30:14-25. This contention is meritless.

26       First, the only objections not included in GK's litany of boilerplate objections is
27 relevance. Accordingly, it has been doubly waived, once by GK filing it objections
28 late and a second time by not including it in those objections. *See Ramirez v. County*

-2-
**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ISO MOTION TO COMPEL FURTHER RESPONSES
BY GIRARDI | KEESE TO INTERROGATORIES, SET ONE AND FOR MONETARY SANCTIONS**
184300.3

*of Los Angeles*, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005) ("the court will not consider any objections that were not asserted in the responding party's original discovery responses").

Second, both this Court and District Judge Fitzgerald have emphasized that information necessary to trace the disposition of the Settlement Funds is "central to Plaintiffs' claims, and Plaintiffs are certainly entitled to [it]." Dkt. No. 160, p. 12; *see also* Dkt. No. 79, p. 9; Joint Stip., p. 14:4-12.

Third, one measure of Plaintiffs' damages in this case is the amount of Settlement Funds Defendants unlawfully converted, which requires the information sought by Interrogatories 3-13. *See* Cal. Civ. Code §§ 3336 ("The detriment caused by the wrongful conversion of personal property is presumed to be: [¶] First – The value of the property at the time of the conversion, with the interest from that time . . . ."); 3337 ("The presumption declared by the last section cannot be repelled, in favor of one whose possession was wrongful from the beginning, by his subsequent application of the property to the benefit of the owner, without his consent."); *see also Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439, 1452 (2013) ("Money can be the subject of an action for conversion if a specific sum capable of identification is involved.").`

### E. GK's Responses Are Incomplete, Evasive and Wholly Inadequate.

Ignoring the plain language of each interrogatory, GK argues that it has "adequately responded" to each interrogatory at issue. *See, e.g.*, Joint Stip., p. 26:16-26. As Plaintiffs explained in the Joint Stipulation, this is not the case. *See*, *e.g.*, *id.,* p. 25: 25-25:12.

"The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity by demonstrating that 'more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases.'" *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1030 (E.D. Cal. 2010) (citation omitted). "The responding party should exercise 'common sense' and attribute

1  ordinary definitions to terms in discovery requests." *Rogers v. Giurbino*, 288 F.R.D.
2  469, 489 (S.D. Cal. 2012).
3       Missing from each of GK's responses are the specific dates, names,
4  transactions and descriptions that the interrogatories requested. Moreover, it
5  takes no "interpretation" to understand that this was the information requested, *id*.,
6  p. 26: 16-26; the interrogatories expressly asked for that information in plain and
7  ordinary language. *Cf. Thomas*, 715 F. Supp. 2d at 1030-31 ("[T]he only portion of
8  Interrogatory No. 4 that can be characterized as vague and ambiguous in good faith is
9  the phrase 'significant risk.' The Court finds that a common sense reading of the
10 disputed phrase based on the ordinary definitions of the terms 'significant' and 'risk'
11 permits the Governor to respond to Interrogatory No. 4.").

**F.   GK Must Verify Its Answers Under Oath.**

13      GK was required to verify its answers under oath. *See* Fed. R. Civ. P. 33(b)(3).
14 It has not done so, and its explanation for not having done so is largely incoherent and
15 altogether irrelevant. Joint Stip., pp. 54:4-55:17. GK should be ordered to verify its
16 original responses and any supplemental answers it provides.

**G.   Conclusion.**

18      For the foregoing reasons, and those set forth in Plaintiffs' moving papers, the
19 Court should: (1) overrule GK's objections; (2) order it to provide responsive,
20 complete, non-evasive and unequivocal answers to Interrogatories 3-13 and 15;
21 (3) order it to verify its original responses and any supplemental answers to these
22 Interrogatories under oath; and (4) impose appropriate sanctions.

24 Dated: October 13, 2015     Respectfully submitted,

25      **ISAACS FRIEDBERG & LABATON LLP**

26      By: */s/ Jeffrey Isaacs*
27          JEFFREY B. ISAACS, ESQ.
         *Attorneys for Plaintiffs*