UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2721 MWF (FFMx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | JUDITH ALLEN, et al. v. GIRARDI KEESE, et al. | | |

| Present: The Honorable | Frederick F. Mumm, United States Magistrate Judge | |
|---|---|---|
| James Munoz | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None Present | | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL NET WORTH DISCOVERY

This matter is before the Court on the motion (Docket No. 223 (the "Motion")) of plaintiffs Karen Awald, *et al.* to compel defendants Girardi Keese ("GK") and Thomas V. Girardi ("Girardi") to produce discovery bearing on their net worth and financial condition. The Court finds that the motion is appropriately decided on the basis of the documents filed by the parties. Therefore, the hearing on the motion scheduled for April 5, 2016 is taken off calendar. For the reasons that follow, the Court GRANTS the motion to compel, but DENIES plaintiffs' request for sanctions.

I.      Proceedings.

Plaintiffs filed this action on April 9, 2014. (Docket No. 1.) They filed their first amended complaint (the "FAC") on January 23, 2015. (Docket No. 39.) On December 8, 2015, plaintiffs moved to compel net worth discovery from GK and Girardi. (Docket No. 194.) The parties subsequently stipulated to take the motion off calendar in light of their upcoming settlement conference. (Docket No. 210.) The parties did not reach a settlement. (*See* Docket No. 224.)

On March 10, 2016, plaintiffs refiled the motion and related documents. (Docket No. 223.) Plaintiffs filed a supplemental memorandum in support of the Motion (the "Suppl. Memo.") on March 22, 2016. (Docket No. 225.) GK and Girardi ("defendants") filed a supplemental memorandum in opposition to the Motion (the "Suppl. Oppo.") that same day. (Docket No. 226.)

The matter thus stands submitted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2721 MWF (FFMx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | JUDITH ALLEN, et al. v. GIRARDI KEESE, et al. | | |

II.  Background.
   A.  Plaintiff's allegations.

Plaintiffs' allegations have been set forth in detail in previous orders. Accordingly, the Court will not repeat them at length. In brief, plaintiffs are 28 women, or their heirs, who allegedly developed cancer after undergoing hormone replacement therapy ("HRT"). Defendants represented plaintiffs and 110 other similarly-situated women (collectively, the "HRT Plaintiffs") in multi-district proceedings (the "HRT Litigation") against certain manufacturers of HRT drugs. In or around August 2011, defendants entered into a global settlement of the HRT Plaintiffs' claims. Plaintiffs allege that defendants misappropriated funds received in settlement of the HRT Litigation and committed other breaches of duty. *Inter alia*, plaintiffs bring conversion and breach of fiduciary duty claims and seek punitive damages under California Civil Code section 3294 ("Section 3294").

   B.  Disputed requests.
      1.  Girardi Deposition Notice.

Plaintiffs served an amended deposition notice on Girardi on September 18, 2015 (the "Girardi Deposition Notice"). (Docket No. 223-3 ("Freidberg Decl."), ¶ 4.) The Girardi Deposition Notice seeks documents sufficient to show Girardi's assets, liabilities, income, *etc.* for 2011-2014. (Docket No. 223-1 ("JS") at 60.)

      2.  GK Deposition Notice.

Plaintiffs served an amended deposition notice on GK on November 18, 2015 (the "GK Deposition Notice"). (Freidberg Decl., ¶ 5.) In pertinent part, the GK Deposition Notice requests that GK produce the person most knowledgeable to testify to any loans, distribution of profits, or other payments to Girardi and defendant James O'Callahan ("O'Callahan") during 2012, 2013, and 2014. (JS at 20.)

The GK Deposition Notice also requests that GK produce its profit and loss statements, income and expense statements, and other documents reflecting its financial condition for 2012-2014. (JS at 30-31.) In addition, the notice seeks documents relating to loans, distributions, and other payments made by GK to Girardi and O'Callahan during 2012-2014. (*Id.*)

III.  Discussion.
   A.  Timeliness.

Under the scheduling order issued on October 8, 2015 (the "October 2015 Scheduling Order"), the deadline for hearing motions was December 7, 2015, a day before plaintiffs originally filed the Motion. (Docket No. 160 at 2.) However, on February 1, 2016, the District Court entered a revised scheduling order setting the motion hearing deadline for June

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2721 MWF (FFMx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | JUDITH ALLEN, et al. v. GIRARDI KEESE, et al. | | |

27, 2016. (Docket No. 222 at 2.) Therefore, to the extent defendants still contend that the Motion is untimely (*see* JS at 15-16), that argument fails.

      B.    The October 2015 Scheduling Order.

The October 2015 Scheduling Order denied plaintiffs' request for leave to serve certain additional discovery relating to tracing the disposition of settlement funds. (October 2015 Scheduling Order at 12; *see* Docket No. 120 at 14-15.) Plaintiff argued, in part, that the information was particularly relevant given conduct allegedly revealed in recent third-party discovery. (Docket No. 120 at 14-15.) In denying plaintiffs' request, the District Court found that "additional discovery would advance Plaintiffs' claims only marginally because the information necessary to trace the HRT Settlement funds *is already encompassed by Plaintiffs' pending requests*." (October 2015 Scheduling Order at 12 (emphasis added).) The District Court further held that the instant action was "not the appropriate forum" to investigate the newly-alleged conduct. (*Id.*)

Defendants contend that the October 2015 Scheduling Order prohibits plaintiffs from seeking the discovery at issue in this Motion, because it is similar to the discovery the District Court prohibited as unnecessary and inappropriate. (JS at 42-44, 59.) The Court disagrees. Plaintiffs sought the depositions and documents at issue well before the District Court issued the scheduling order. (*See* Freidberg Decl., ¶¶ 3-5; *see also* Docket No. 120-1, ¶ 65, Exs. 30-32.) Nothing in the order or hearing transcript suggests that in precluding the additional discovery, the District Court intended to preclude any pending or outstanding discovery, whether for lack of necessity, inappropriateness, or any other reason. (*See* Docket No. 120 at 14-15; *see also* JS at 59.) Accordingly, defendants' argument is unavailing.

      C.    Privacy.

In its July 13, 2015 order denying defendants' motion to quash plaintiffs' subpoena to Torrey Pines Bank, the Court assessed whether defendants's privacy rights in financial information precluded the production of GK's bank records. The Court concluded that on balance, the documents should be produced, as they were manifestly relevant to plaintiffs' claims and unavailable from other sources. Furthermore, defendants' privacy concerns could be assuaged by production pursuant to a protective order. (Docket No. 79 at 6-8 (citing, *inter alia*, *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 658 (1975)).)

The Court's reasoning in the foregoing order applies equally to the instant Motion. As discussed, the information sought is relevant and unavailable from other sources. Accordingly, defendants' privacy objections are overruled to the extent defendants rely on them as a basis for refusing production. Any privacy concerns may be assuaged by production pursuant to the protective order herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2721 MWF (FFMx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | JUDITH ALLEN, et al. v. GIRARDI KEESE, et al. | | |

    D.    <u>California Civil Code section 3295</u>.

    California Civil Code section 3295 ("Section 3295") provides that a plaintiff seeking punitive damages may not obtain pretrial discovery regarding the defendant's financial condition unless the plaintiff obtains a court order upon a showing of "substantial probability" that the plaintiff will prevail on the claim. Cal. Civ. Code § 3295(a)(1), (b). Defendants contend that the Motion must fail because plaintiffs failed to obtain a Section 3295 order permitting discovery. (JS 26-28; Suppl. Oppo. at 2-3.) The Court disagrees.

    Federal courts sitting in diversity cases apply federal procedural law and state substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Whether a plaintiff is entitled to punitive damages is a substantive matter and thus a question of state law. *See Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal*, Inc., 492 U.S. 257, 278, 109 S. Ct. 2909, 106 L. Ed. 2d 219 (1989). However, Section 3295 is "clearly a procedural law," as it "merely restricts when and how evidence of a defendant's financial condition is obtained." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 285 (C.D. Cal. 1998). Discovery "is a procedural matter governed in the federal courts by the Federal Rules of Civil Procedure. Thus, state discovery practices are usually irrelevant." *Id.* (internal quotation marks omitted). Accordingly, the *Erie* doctrine precludes application of Section 3295 as a procedural rule. *Id.* at 285-86.

    Defendants contend, in the alternative, that federal courts sitting in diversity may apply Section 3295 as a state privilege law or privacy protection. Applying Section 3295, defendants argue, is keeping with the Court's "broad discretion to control the discovery, introduction, and timing of such evidence when relevant to punitive damages." (Suppl. Oppo. at 2.) Defendants' argument is not well-taken. First, "[t]he Ninth Circuit has not defined the parameters of the dissemination of financial information during discovery when punitive damages are alleged." *E.E.O.C. v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 394 (E.D. Cal. 2009). The majority approach, however, is that a plaintiff is not required to make a prima facie showing of merit on its punitive damages claim before seeking discovery of a defendant's net worth. *See id.* (discussing cases). The Court is not inclined to ignore the weight of authority in managing discovery.

    Second, as discussed, defendants' privacy concerns are adequately addressed by production subject to the protective order. Accordingly, the Court overrules defendants' objections based on Section 3295.

    E.    <u>Overbreadth, relevance</u>.

    "A party opposing discovery on the basis that the request is overbroad bears the burden of showing why discovery should be denied." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010) *order clarified*, No. 1:05CV01198LJOJMDHC, 2010 WL 797019 (E.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2721 MWF (FFMx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | JUDITH ALLEN, et al. v. GIRARDI KEESE, et al. | | |

Cal. Mar. 5, 2010). Defendants fail to meet this burden. First, defendants argue that the GK Deposition Notice is overbroad because the document requests are not limited to the HRT Litigation. (JS at 51-52.) This overbreadth objection is in fact a privacy objection. As discussed, defendants' objections may be addressed by production subject to the protective order.

Second, defendants assert that for the purposes of punitive damages, plaintiffs may only seek discovery necessary to establish defendants' *current* financial condition. (JS at 53; Suppl. Oppo. at 4-5.) Accordingly, plaintiffs' document requests are overbroad and seek irrelevant information, because they seek documents from 2012-14, but judgment has not yet been rendered. Defendants urge the Court to postpone ordering discovery until plaintiffs sufficiently establish liability. (JS at 53; Suppl. Oppo. at 4-5.)

Defendants' argument lacks merit. As discussed, plaintiffs need not make a particular showing in order to obtain punitive damages discovery. Moreover, documents such as GK's accounts receivable and payable may demonstrate the alleged misappropriation and breaches of duty, which allegedly occurred in 2011 through 2014. Accordingly, the Court overrules defendants' overbreadth and relevancy objections.

F.   Undue burden, equal availability.

A court must limit the extent of discovery if it finds that the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Here, defendants object to plaintiffs' requests on the ground that defendants have already produced 30,000 pages in this action. (JS 54-55.) This assertion, in itself, does not demonstrate undue burden. *See Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015) (in order to satisfy burden of showing undue burden, party opposing discovery "'must provide sufficient detail regarding the time, money and procedures required to produce the requested documents'").

Defendants assert in addition that they have already produced documents responsive to several of plaintiffs' requests. (JS at 57-58.) However, the cited documents show only costs and disbursements related to the HRT Litigation. (*See id.*) They are insufficient to demonstrate defendants' *overall* net worth/financial condition. Defendants further contend that plaintiffs have not been diligent in reviewing defendants' documents and have likely missed responsive documents. (JS at 55-56.) This assertion falls short of demonstrating that plaintiffs have specific responsive documents in their possession.

Finally, there is no evidence that plaintiffs have any other means of obtaining information regarding defendants' income, expenses, assets, *etc.* It is axiomatic that defendants are the best (or only) source of such information. Accordingly, the Court overrules defendants' undue burden and equal availability objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2721 MWF (FFMx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | JUDITH ALLEN, et al. v. GIRARDI KEESE, et al. | | |

G. Sanctions.

Finally, the Court finds that sanctions are not warranted. "A request for discovery is 'substantially justified' under the rule if reasonable people could differ as to whether the party requested must comply." *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982) (*implied overruling on other grounds recognized by Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1055 n.2 (9th Cir. 2007)). With the exception of whether plaintiffs had responsive documents in their possession, reasonable minds could differ over the issues disputed in the Motion. Under these circumstances, the Court declines to issue sanctions against defendants.

IV. Conclusion.

For the foregoing reasons, the Court GRANTS plaintiffs' motion to compel and DENIES plaintiffs' request for sanctions. Responsive documents are ordered to be produced within 20 days of the date of this order.