Jeffrey B. Isaacs, Esq., SBN 117104
Jerome H. Friedberg, Esq., SBN 125663
Paige Shen, Esq., SBN 162122
William Seldeen, Esq., SBN 222388
**ISAACS | FRIEDBERG LLP**
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Phone:  (213) 929-5550 / Facsimile:  (213) 955-5794
Email:  *jisaacs@ifcounsel.com*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUDITH ALLEN, *et al.*,<br><br>                Plaintiffs,<br><br>        vs.<br><br>GIRARDI | KEESE, *et al*.,<br><br>                Defendants. | Case No. 14- CV-02721-MWF-FFM<br><br> Hon. Frederick F. Mumm<br><br>**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**<br><br>**[PLAINTIFFS' DISCOVERY MOTION NO. 7]**<br><br>[Concurrently filed with Notice of Motion; Declaration of Jerome H. Friedberg; and exhibits]<br><br>Complaint Filed:     Apr. 9, 2014<br>FAC Filed:             Jan. 23, 2015<br>Discovery Cutoff:   May 27, 2016<br>Trial Date:             Sep. 6, 2016<br><br>**Hearing**<br>Date:     June 7, 2016<br>Time:     10:00 a.m.<br>Room:    580, 5th Floor |

Isaacs
Friedberg
LLP

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

# TABLE OF CONTENTS

**PAGE**

I.    **INTRODUCTION.** ......................................................................................... 1

    A.    Plaintiffs' Introduction. ......................................................................... 1

    B.    Defendants' Introduction. ...................................................................... 4

II.   **PLAINTIFFS' REQUEST FOR MONETARY SANCTIONS PURSUANT TO FED. R. CIV. P. 37(a)(5).** ....................................... 5

    A.    Fed. R. Civ. P. 37(a)(5). ......................................................................... 5

        1.    *Plaintiffs' Position.* ....................................................................... 5

        2.    *Defendants' Position* .................................................................... 8

            a)    Legal Standard on Rule 37 ................................................. 8

            b)    The Awarding of Attorneys' Fees Are at the Court's Discretion .......................................................... 9

            c)    Plaintiffs Have Not Been Prejudiced .............................. 10

            d)    Defendants Have Complied With All Discovery Orders For Which Sanctions Are Sought ...................... 10

            e)    Defendants Properly Objected to Plaintiffs' Discovery Request .......................................................... 11

    B.    Defendants' Motion for Review of the Court's Order Granting Plaintiffs' Discovery Motion No. 1. ................................... 11

        1.    *Plaintiffs' Position.* ..................................................................... 11

            a)    This Court's Discovery Ruling Granting Plaintiffs' Discovery Motion No. 1 and GK's Motion For Review of  the Discovery Order. ................ 11

            b)    The District Court's Ruling Denying GK's Motion for Review. ....................................................... 13

            c)    None of the Exceptions to Rule 37 Apply. ..................... 14

                 (i)    Plaintiffs Met and Conferred in Good Faith. ........ 14

                 (ii)    GK's Objections Were Not Substantially Justified. ................................................................. 15

                 (iii)    No Circumstances Make a Sanctions Award Unjust. .......................................................... 15

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

Isaacs Friedberg LLP

189802.12

## TABLE OF CONTENTS (CONT.)

**PAGE**

    d)    The Court Should Award Plaintiffs Sanctions of $14,924.00...............................................15

  2.    *Defendants' Position.* ..................................16

    a)    Defendants Complied with the Court's Order Granting Plaintiffs' Discovery Motion No. 1. ...............16

    b)    Plaintiffs' Delay in Seeking Discovery Sanctions is Unreasonable ................................16

    c)    Sanctions are not Warranted under Fed. R. Civ. P. 37. ................................17

C.    Plaintiffs' Discovery Motion No. 2. ...............................18

  1.    *Plaintiffs' Position.* ..................................18

    a)    Plaintiffs' Discovery Request and GK's Objections...................................18

    b)    The Court's Ruling Granting Plaintiffs' Motion to Compel. ................................19

    c)    None of the Exceptions to Rule 37 Apply. .....................20

      (i)    Plaintiffs Met and Conferred in Good Faith Before Filing Their Motion. .......................20

      (ii)    GK's Objections Were Not Substantially Justified. ................................20

      (iii)    No Circumstances Make a Sanctions Award Unjust. ................................21

    d)    The Court Should Award Plaintiffs Sanctions of $18,171.20...............................................21

  2.    *Defendants' Position.* ..................................21

    a)    Plaintiffs Abused the Discovery Process by Propounding Interrogatories in Excess of the 25-Interrogatory Limit Under Fed. R. Civ. P. 33(a)(1). ................................22

    b)    Sanctions are not Warranted under Fed. R. Civ. P. 37. ................................23

D.    Plaintiffs' Discovery Motion No. 3. ...............................25

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

Isaacs
Friedberg
LLP

189802.12

# TABLE OF CONTENTS (CONT.)

**PAGE**

1. *Plaintiffs' Position.* ...................................................................25

    a) Plaintiffs' Discovery Request and GK's Objections..................................................25

    b) The Court's Ruling Granting Plaintiffs' Motion to Compel. ...................................26

    c) None of the Exceptions to Rule 37 Apply. ....................27

        (i) Plaintiffs Met and Conferred in Good Faith Before Filing Their Motion. ........................27

        (ii) GK's Objections Were Not Substantially Justified. ..................................................27

        (iii) No Circumstances Make a Sanctions Award Unjust. .............................................27

    d) The Court Should Award Plaintiffs Sanctions of $14,792.80...............................................28

2. *Defendants' Position.* ...............................................................28

    a) Sanctions are not Warranted because Defendants' Responses were Substantially Justified. ......28

E. Plaintiffs' Discovery Motion No. 4. ..........................................29

    1. *Plaintiffs' Position.* ...................................................................29

        a) Plaintiffs' Discovery Request and GK's Objections..................................................29

        b) The Court's Ruling Granting Plaintiffs' Motion to Compel. ...................................30

        c) None of the Exceptions to Rule 37 Apply. ....................31

            (i) Plaintiffs Met and Conferred in Good Faith Before Filing Their Motion. ........................31

            (ii) GK's Objections Were Not Substantially Justified. ..................................................32

            (iii) No Circumstances Make a Sanctions Award Unjust. .............................................32

Isaacs
Friedberg
LLP

- 3 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

1

## TABLE OF CONTENTS (CONT.)

2
PAGE

3
d)   The Court Should Award Plaintiffs Sanctions
of $22,992.80..................................................................32

4
2.   *Defendants' Position.* ............................................33

5
a)   Defendants Complied with the Court's Order
Granting Plaintiffs' Discovery Motion No. 4. ...........33

6

7
b)   Plaintiffs' Delay in Seeking Discovery
Sanctions is Unreasonable...........................................33

8
c)   Sanctions are not Warranted under Rule 37................34

9
F.   Plaintiffs' Discovery Motion No. 5. ....................................35

10
1.   *Plaintiffs' Position.* ...............................................35

11
a)   Plaintiffs' Discovery Request and GK's
Objections.....................................................................36

12

13
b)   The Court's Ruling Granting Plaintiffs'
Motion to Compel. .......................................................36

14
c)   None of the Exceptions to Rule 37 Apply. .................37

15
(i)   Plaintiffs Met and Conferred in Good
Faith Before Filing Their Motion. ...................37

16

17
(ii)   GK's Objections Were Not Substantially
Justified. ...........................................................38

18

19
(iii)   No Circumstances Make a Sanctions
Award Unjust. ...................................................38

20
d)   The Court Should Award Plaintiffs Sanctions
of $21,123.20................................................................38

21

22
2.   *Defendants' Position.* ............................................38

23
a)   Defendants' Objections Were Substantially
Justified, thus Making an Award of Expenses
Unjust. ..........................................................................38

24

25
G.   Defendants Motion to Quash Plaintiffs' Document
Subpoena to Torrey Pines Bank...........................................40

26
1.   *Plaintiffs' Position.* ...............................................40

27

Isaacs
Friedberg
LLP

28

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

# TABLE OF CONTENTS (CONT.)

PAGE

      a)   Plaintiffs' Discovery Requests and Defendants' Objections. .................................................40

      b)   The Court's Ruling Denying Defendants' Motion to Quash. ...............................................41

      c)   None of the Exceptions to Rule 37 Apply. ....................42

            (i)    Plaintiffs Met and Conferred in Good Faith. ........42

            (ii)   Defendants' Objections Were Not Substantially Justified. ...........................................42

            (iii)   No Circumstances Make a Sanctions Award Unjust. .........................................................42

      d)   The Court Should Award Plaintiffs Sanctions of $31,488.00. ...............................................................42

    2.   *Defendants' Position.* .................................................43

      a)   Defendants Complied with the Court's Order Denying Defendants' Motion to Quash the Torrey Pines Bank Subpoena ...........................................43

      b)   Plaintiffs' Delay in Seeking Discovery Sanctions is Unreasonable ...............................................43

      c)   Sanctions are not Warranted under Fed. R. Civ. P. 37. ..........................................................44

H.   This Discovery Motion No. 7 for Monetary Sanctions as Prevailing Party in Prior Discovery Motions. .......................................45

    1.   *Plaintiffs' Position.* ....................................................45

      a)   Applicable Legal Authority Supports ............................45

      "Fees on Fees" under Rule 37. .........................................45

      b)   None of the Exceptions to Rule 37 Apply. ....................46

            (i)   Plaintiffs Met and Conferred in Good Faith..............46

            (ii)   Defendants' Objections Were Not Substantially Justified. ...........................................46

            (iii)   No Circumstances Make a Sanctions Award Unjust. .........................................................46

Isaacs
Friedberg
LLP

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

## TABLE OF CONTENTS (CONT.)

|  |  |  | **PAGE** |
|---|---|---|---|
|  | c) | The Court Should Award Plaintiffs Sanctions of $27,683.20. | 46 |
|  | 2. | *Defendants' Position.* | 47 |
| III. | | PLAINTIFFS' REQUEST FOR MONETARY SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY | 48 |
|  | A. | Plaintiffs' Position. | 48 |
|  | B. | Defendants' Position. | 52 |
| IV. | | CONCLUSION. | 53 |
|  | A. | Plaintiffs' Conclusion. | 53 |
|  | B. | Defendants' Conclusion. | 54 |

Isaacs
Friedberg
LLP

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

**JOINT STIPULATION**

The parties submit this Joint Stipulation regarding Plaintiffs' Discovery Motion No. 7 for Monetary Sanctions as Prevailing Party in Prior Discovery Motions.

## I.     INTRODUCTION.

### A.     Plaintiffs' Introduction.

Under Fed. R. Civ. P. 37(a)(5), the "court must . . . require the party . . . whose conduct necessitated the motion[s] . . . to pay the . . . reasonable expenses incurred" by the prevailing party.  Pursuant to this Rule, Plaintiffs move for an order requiring Defendants Girardi | Keese ("GK"), Thomas Girardi and James O'Callahan (collectively, "Defendants") to pay Plaintiffs' reasonable expenses, including attorney's fees, incurred in connection with six discovery motions on which Plaintiffs prevailed.  These include four motions to compel brought by Plaintiffs, one motion to quash a subpoena for bank records brought by Defendants and one motion for review also brought by Defendants.

In ruling upon Plaintiffs' Discovery Motion No. 1, the Court found that Defendants lacked substantial justification for asserting untimely boilerplate objections.  The Court warned Defendants at that time that it would issue sanctions if it were again required to rule on issues that have already been addressed:

> [I]f we get another motion, I will look at it but I must admit that it seems to me *almost every single issue involved in this motion I previously ruled upon on other motions.*  I don't want to rule upon the same issue again.  And if I do, then what I'll do is I will ask for declarations regarding attorneys' fees incurred in *the prior motions,* and so we can add those up . . . .  But certainly whether they want it or need it, *if it's relevant to a claim or defense, they're entitled to it and they're going to have it.*

July 21, 2015 Hr. Tr., pp. 19-21 (emphasis added), attached as Exhibit K to the Declaration of Jerome Friedberg ("Friedberg Decl.").

ISAACS FRIEDBERG LLP

- 1 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

The Court subsequently awarded Plaintiffs their reasonable expenses incurred in having to bring that motion, finding at that time that Defendants' conduct was thwarting the discovery process:

> At last count, plaintiff have defended two motions to quash subpoenas and have filed four motions to compel in their attempt . . . to find out what happened to the settlement funds.  Underpinning all of these motions is what appears to be an attempt by defendant to avoid, or at least delay, providing to plaintiffs the very information and documents required to conduct a proper audit.

*Id.*, ¶ 3; Ex. I (Oct. 26, 2015 Order Granting Plaintiff's Request for Payment of Expenses Incurred in Connection with Motion to Compel No. One, Dkt. 187), p. 2.[1]

Ignoring these warnings, Defendants continued to raise and stand on frivolous objections to Plaintiffs' written discovery requests, requiring Plaintiffs to file multiple discovery motions to overcome objections that had been overruled on multiple occasions.  Plaintiffs have now won all eight discovery motions against Defendants, as summarized in the chart below, and thus seek the monetary sanctions indicated:

| Motion | Outcome | Expenses Incurred |
|---|---|---|
| Defendants' Motion to Quash Document Subpoena for Torrey Pines Bank Records.  (Dkt. 60) | Defs.' Mot. DENIED (Dkt. 127) | $31,488.00 |
| Plaintiffs' Discovery Motion No. 1:  Motion to Compel Production of Withheld Documents and Further Responses by Defendant Girardi \| Keese to Requests for Production of Documents, Set One.  (Dkt. 72) | Pls.' Mot. GRANTED (Dkt. 94) | Fees Previously Granted |
| Defendants' Motion for Review of Magistrate Judge's Order Granting Plaintiffs' Motion to Compel Production of Withheld Documents.  (Dkt. 97) | Defs.' Mot. DENIED (Dkt. 114) | $14,924.00 |

---

[1] Defendants still have not produced these records, despite three court orders directing them to do so.  Friedberg Decl., ¶ 29; Ex. AA; *see* Dkt. 202-2, pp. 11-16.

Isaacs Friedberg LLP

- 2 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

| Motion | Outcome | Expenses Incurred |
|---|---|---|
| Plaintiffs' Discovery Motion No. 2:  Motion to Compel Verified Substantive Answers to Interrogatories, Set Two.  (Dkt. 106) | Pls.' Mot. GRANTED (Dkt. 128) | $18,171.20 |
| Plaintiffs' Discovery Motion No. 3:  Motion to Compel Substantive Answers to Interrogatories, Set Three. (Dkt. 109) | Pls.' Mot. GRANTED (Dkt. 169) | $14,792.80 |
| Plaintiffs' Discovery Motion No. 4:  Motion to Compel Further Responses to Request for Production of Documents, Set Two.  (Dkt. 124) | Pls.' Mot. GRANTED (Dkt. 176) | $22,992.80 |
| Plaintiffs' Discovery Motion No. 5:  Motion to Compel Further Responses to Interrogatories, Set One. (Dkt. 152) | Pls.' Mot. GRANTED (Dkt. 190) | $21,123.20 |
| Plaintiffs' Discovery Motion No. 6:  Motion to Compel Net Worth Discovery.  (Dkt. 223) | Pls.' Mot. GRANTED (Dkt. 227) | Fees Previously Denied |
| Expenses Incurred and Anticipated in This, Plaintiffs' Discovery Motion No. 7. | Pending | $27,683.20 |
| Total  Sanctions Sought: | | $151,175.20 |

In addition to Rule 37, an award of expenses is appropriate here pursuant to 28 U.S.C. § 1927 and the Court's inherent authority, which empower the Court to award sanctions against Defendants for their bad faith litigation tactics.

Finally, Plaintiffs are also entitled under Rule 37 to compensation for the reasonable expenses incurred in having to bring and prosecute this motion for monetary sanctions.

Prior to filing this motion, Plaintiffs' counsel met and conferred in person with Defendants' counsel.  Friedberg Decl., ¶¶ 27-28.  The parties, however, could not resolve their dispute, necessitating the filing of this motion.  *Id.*

For these and the reasons discussed below, the Court should order GK, Mr. Girardi and Mr. O'Callahan to pay to Plaintiffs monetary sanctions in the total

Isaacs Friedberg LLP

- 3 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

amount stated above.[2]

## B.  Defendants' Introduction.

Defendants Thomas V. Girardi, James G. O'Callahan, and Girardi | Keese (collectively, "Defendants") oppose Plaintiffs' Rule 37 Motion for Monetary Sanctions as Prevailing Party in Prior Discovery Motions ("Motion" or "the instant Motion") on the following grounds: first, Plaintiffs' unreasonable delay in bringing this Motion renders it untimely; second, Defendants have not violated any discovery order entered by the Court here; and, third, Defendants' were substantially justified in their positions in responding to Plaintiffs' discovery requests and opposing Plaintiffs' resulting Motions to Compel, thus precluding attorney's fees and sanctions under Rule 37.

First and foremost, Plaintiffs have unreasonably delayed in filing this motion seeking discovery sanctions, [# of months] after the Court granted Plaintiffs' most recent discovery motion, Discovery Motion No. 6, on April 1, 2016. (Dkt. No. 227.). Notably, although the court granted Plaintiffs' Discovery Motion No. 6 (a motion to compel  net worth discovery, *See* Dkt No. 223),  the Court denied Plaintiffs'   In the instant Motion, Plaintiffs fail to offer any explanation for their delay, instead choosing to ignore the significant lapse of time between the filing of the instant Motion and the dates the Court entered orders on the six discovery motions in which Plaintiffs prevailed and seek sanctions for here.[3]  Consequently,

---

[2] Plaintiffs are not seeking sanctions against Defendants' outside counsel, Baker, Keener & Nahra LLP.

[3] For example, here, Plaintiffs seek $31,488 in expenses incurred in connection with Defendants' Motion to Quash Document Subpoena for Torrey Pines Bank Records (Dkt. No. 60). The Court entered its order denying Defendants' motion (Dkt. 127) on September 17, 2015.  Plaintiffs now seek costs 8 months later. This is a substantial and unreasonable delay for which Plaintiffs have not offered any explanation. Plaintiffs should not be rewarded for this delay.

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

ISAACS
FRIEDBERG
LLP

189802.12

Plaintiffs' dilatory conduct in bringing the instant Motion is unreasonable and should not be rewarded by the Court.

Importantly,  pursuant to Rule 37, discovery sanctions are appropriate only when a party violates a Court order in bad faith.  Defendants here have not willfully violated any Court order entered by the Court in this case.  While Plaintiffs would have the Court believe that Defendants have acted in bad faith in responding to each and every set of discovery propounded, such belief is merely an assumption that is unfounded based on the evidence at hand and inconsistent with Defendants' responses to said discovery.  Defendants have not withheld any information responsive to Plaintiffs' interrogatories and/or requests for production. In response to Plaintiffs' interrogatories, Defendants exercised their right to object to the breadth and relevance of the interrogatories and subsequently oppose the resultant motion to compel filed by Plaintiffs.  When this Court overruled Defendants' objections and ordered Defendants to produce further responses, Defendants did so within the timeline set by the Court in the respective order granting each of Plaintiffs' motions to compel.   To date, Defendants have produced information responsive to Defendants' requests and produced supplemental responsive information and/or documents to said requests.

Accordingly, Plaintiffs' Motion for Monetary Sanctions should be denied in its entirety.

## II.     PLAINTIFFS' REQUEST FOR MONETARY SANCTIONS PURSUANT TO FED. R. CIV. P. 37(a)(5).

**A.     Fed. R. Civ. P. 37(a)(5).**

### *1.     Plaintiffs' Position.*

Rule 37 of the Federal Rules of Civil Procedure mandates that the Court award the prevailing party in a motion to compel discovery monetary sanctions, subject to three narrow exceptions:

ISAACS
FRIEDBERG
LLP

189802.12

If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – *the court must*, after giving an opportunity to be heard, *require the party* or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

(i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)   other circumstances make an award of sanctions unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

A party which successfully opposes a discovery motion is also entitled to recover the costs it incurred: "If the motion is denied, *the court . . . must*, after giving an opportunity to be heard, *require the movant* . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(B) (emphasis added).

Rule 37 also applies to motions for review of a magistrate judge's discovery order:  "Reasonable fees incurred in responding to a Rule 72(a) objection [to the magistrate judge's discovery ruling] are recoverable under Rule 37(a)(5)(A)." *Marrocco v. Hill*, 291 F.R.D. 586, 590 (D. Nev. 2013) ("the purposes underlying Rule 37(a)'s fee-shifting provision would be thwarted by not awarding attorneys' fees incurred in opposing a Rule 72(a) objection to an order granting a motion to compel"); *see also Blair v. CBE Grp., Inc.*, 2014 WL 4658731, at *2 (S.D. Cal. 2014) ("District courts have routinely awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 37 for fees incurred in responding to a Rule 72(a) objection."); *MAS, Inc. v. Nocheck, LLC*, 2011 WL 1135367, at *4 (E.D. Mich. 2011) (concluding that fees incurred in responding to a Rule 72(a) objection are embodied in the term "reasonable expenses incurred in making the motion").

Isaacs
Friedberg
LLP

- 6 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

The burden is on the party losing the motion to affirmatively demonstrate that its position was substantially justified or that an award of sanctions would be unjust.  *See Lorillard Tobacco Co. v. Elston Self Service Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327 (N.D. Ill. 2009).  "A request for discovery is 'substantially justified' under the rule if reasonable people could differ as to whether the party requested must comply."  Dkt. 227, p. 6, *quoting Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982).  "[A] refusal to relinquish an erroneous claim . . . provides no justification, substantial or otherwise, for that claim."  Dkt. 187, p. 3.  Unless the losing party can make this showing, or unless the court finds that the movant failed to first make a good faith attempt to obtain the discovery without court action, an award of expenses under Rule 37 is "automatic."  *Lorillard Tobacco Co.*, 259 F.R.D. at 327.

As the Supreme Court has recognized, "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980).  In the words of Magistrate Judge Hillman:

> For the discovery system to function properly, the costs of resisting discovery must be sufficiently great so that the benefits to be gained from sharp or evasive discovery practices are outweighed by the sanctions imposed when those practices are discovered.  It is not enough that an offender belatedly comply with its discovery obligations; [i]f the only sanction for failing to comply with the discovery rules is having to comply with the discovery rules if you are caught, the diligent are punished and the less than diligent, rewarded.

*Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, 2007 WL 2758571, *16 (C.D. Cal. 2007) (internal citation, quotation marks omitted); *see also* Fed. R. Civ. P. 37, Adv. Comm. Notes to 1970 Amendment (noting that sanctions under subdivision (a) are "the most important available sanctions to deter abusive resort to the judiciary").

Isaacs Friedberg LLP

- 7 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

Courts customarily use the lodestar method for determining the amount of attorney's fees to award under Rule 37.  *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (lodestar method is "customary method of determining fees"); *Pinterest, Inc. v. Pintrips, Inc.*, 2015 WL 154522, at *6 (N.D. Cal. 2015) ("Courts in the Ninth Circuit calculate an award of attorney's fees [under Rule 37] using the lodestar method . . . .").  Under the lodestar method, the Court determines the amount of fees based on a reasonable hourly rate multiplied by the number of hours reasonably incurred by the prevailing party.  *See id.*

This Court previously awarded Plaintiffs' their reasonable expenses in successfully bringing and prosecuting their Discovery Motion No. 1.  In calculating those expenses, the Court averaged the hourly rate of all of Plaintiffs' attorneys who worked on the motion, and determined that a blended hourly rate of $328 was appropriate.  Dkt. 187, p. 4.  Plaintiffs have used the same blended rate in calculating their attorney's fees for purposes of this Motion.

### 2. *Defendants' Position*

#### a)      <u>Legal Standard on Rule 37</u>

A Rule 37 motion should be filed "without unreasonable delay." *Lancaster v. Independent School Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citing *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994)). The court may consider such a motion untimely if there is unreasonable delay in seeking sanctions. *Brandt*, 30 F.3d at 756.  Here, it is Defendants' position that Plaintiffs' instant motion is untimely.

Moreover, Rule 37 sanctions should not be levied if there was "substantial justification" for a party's failure to produce information. Fed. R. Civ. P. 37(c)(1). The party allegedly failing to make a required production bears the burden of establishing substantial justification, but if a reasonable person would be satisfied that the parties could reasonably differ regarding compliance with the disputed discovery request, the test for substantial justification is met. *Ellison v. Windt*, 2001

Isaacs
Friedberg
LLP

- 8 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

WL 118617, at *2 (M.D. Fla., Jan. 24, 2001) (citation omitted). Even if the court finds that a party did fail to produce required information, sanctions need not be levied if the failure to produce was harmless. Fed. R. Civ. P. 37(c)(1).

>   **b)**     **The Awarding of Attorneys' Fees Are at the Court's Discretion**

The Court may clearly deny the request for attorneys' fees "if: (i) the movant filed the motion before attempting in good faith to obtain disclosure…without court action; [or] (ii) the opposing party's nondisclosure, response or objection was substantially justified."  Fed. R. Civ. P. 37(a)(5)(A)(i) - (ii).

Court[s]do[es] not take lightly the imposition of monetary sanctions.  *Lee v. Walters*, 172 F.R.D. 421, 435 (D. Or. 1997).  "Rule 37 sanctions were intended to 'punish[ ] evasion of pretrial discovery.'" *Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) *citing* Maurice Rosenberg, *Sanctions to Effectuate Pretrial Discovery,* 58 Colum.L.Rev. 480, 482 (1958).  Before awarding such sanctions, the court must make an express finding that the sanctioned party's behavior "constituted or was tantamount to bad faith." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) *citing Primus Auto. Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 648 (9th Cir.1997).  "The bad faith requirement ensures that the district court's exercise of its *broad power* is properly restrained."  *Leon*, 464 F.3d at 961.

Additionally, if the non-moving party can demonstrate a good faith effort to produce discovery, courts in several circuits have refused to levy Rule 37 sanctions such as attorneys' fees against that non-moving party. *See Garrison v. Warner Bros. Pictures*, 226 F.2d 354, 356 (9th Cir. 1955); *see also Cullins v. Heckler*, 108 F.R.D. 172, 176-177 (S.D.N.Y. 1985).  In addition, courts in the Central District have refused to award attorneys' fees even in cases where the moving party prevailed on the underlying motion to compel because the court also held that the moving party "did not attempt in good faith to obtain the disclosure without court action."  *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253

ISAACS
FRIEDBERG
LLP

189802.12

F.R.D. 521, 523 (C.D. Cal. 2008).

### c)   Plaintiffs Have Not Been Prejudiced

In determining whether sanctions are appropriate, this Court considers the degree to which the party seeking sanctions has been prejudiced. *Beard Research, Inc. v. Kates,* 981 A.2d 1175, 1189-90 (Del. Ch. 2009) ("The Court has wide latitude to fashion an appropriate remedy, but the remedy must be tailored to the degree of culpability of the spoliator *and the prejudice suffered by the complaining party.*") (emphasis added). There has been no prejudice here. Discovery remains open in this matter by virtue of the Court granting the parties' joint stipulation to continue the trial date and all pre-trial deadlines. (See Dkt Nos., 228 and 229.) Plaintiffs still have the opportunity to depose Defendants concerning the responses to written interrogatory propounded by Plaintiffs up through this point of the litigation.  Therefore, Plaintiffs thus cannot be heard to complain that they suffered prejudice in developing their case as discovery remains open.

### d)   Defendants Have Complied With All Discovery Orders For Which Sanctions Are Sought

As noted by the Seventh Circuit, Rule 37(b)(2)'s "plain language limits its applicability to situations where a court order has been violated. Moreover, the case law reveals that Rule 37(b)(2) has been invoked only against parties who have disobeyed a discovery ruling of some sort." Brandt v. Vulcan, Inc., 30 F.3d 752, 756 (7th Cir. 1992); see also Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1363 (2nd Cir. 1991) (Discovery sanctions reversed against a defendant because no discovery order had been directed against that defendant)."Sanctions issued under Rule 37 are designed to... obtain[] compliance with a specific discovery order..." Baker v. Ace Advertisers' Service, Inc., 153 F.R.D. 38, 40 (S.D.N.Y. 1992) (emphasis added); see also EEOC v. Troy State University, 693 F.2d 1353, 1357 (11th Cir. 1982) (noting that a dismissal sanction was not warranted where "the court never issued a specific written order delineating

precisely" what documents the party was required to produce); cf. DiGregorio v.
First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974) (affirming sanctions
where party violated "a specific court order").

### e)    Defendants Properly Objected to Plaintiffs' Discovery Request

Defendants properly objected to Plaintiffs interrogatories and requests for
production that are the subject of the instant motion. Any ground not stated in a
timely objection is waived unless the court, for good cause, excuses the failure. Fed.
R. Civ. P. 33(b)(4). When an objection is made to part of an interrogatory, the
remainder of the interrogatory must be answered, as was done here. Fed.R.Civ.P.
33(b)(3). All grounds for objection for an interrogatory must be stated with
specificity, as Defendants have done here. Fed.R.Civ.P. 33(b)(4).

**B.     Defendants' Motion for Review of the Court's Order Granting Plaintiffs' Discovery Motion No. 1.**

### 1.    *Plaintiffs' Position.*

After Plaintiffs prevailed on Discovery Motion No. 1, GK moved for district
court review of this Court's order, causing Plaintiffs to incur additional expenses.
Judge Fitzgerald denied the motion for review in its entirety.[4]

### a)    This Court's Discovery Ruling Granting Plaintiffs' Discovery Motion No. 1 and GK's Motion For Review of the Discovery Order.

On June 30, 2015, Plaintiffs moved to compel supplemental responses and
the production of documents in response to 27 document requests.  Dkt. 72-1, p. 2.
The requests sought GK's internal accounting records, bank records, internal and
external communications and correspondence related to the settlement of the

---

[4] To be clear, Plaintiffs are not seeking expenses related to their successful
prosecution of Discovery Motion No. 1 before this Court; Plaintiffs were already
awarded those fees by the Court. *See* Dkt. 187.

Isaacs
Friedberg
LLP

189802.12

HRT Litigation, and to the receipt, retention, allocation and disposition of the HRT settlement funds.  *Id.*

GK's original responses consisted of ten boilerplate objections repeated for each of the requests: (1) vague and ambiguous; (2) equally available information; (3) information is already in Plaintiffs' possession; (4) not reasonably limited in time or scope; (5) not calculated to lead to admissible evidence; (6) calls for a legal conclusion; (7) attorney work product; (8) cumulative; (9) intended to harass; and (10) attorney client privilege.  Dkt. 72-1, p. 17.  None of the objections were stated with specificity.  *Id.*

In addition, each response included a statement that GK "will produce a copy of any responsive documents in its possession, custody, or control that are not privileged."  *Id.* (emphasis added).  Ultimately, however, GK produced a mere 28 pages; numerous categories of documents were not produced; none of GK's responses identified any privileged documents; and GK did not produce a privilege log, despite requests that it do so.  Dkt. 72-1, p. 2.

Moreover, GK's objections had been overruled in prior motions.  In particular, the Court addressed in detail GK's relevance, privilege, overbreadth and other objections when it earlier denied GK's motion to quash the Torrey Pines Bank subpoena.  *See discussion infra at* § II.F.  In fact, at the hearing on Discovery Motion No. 1, this Court emphasized the repetitive nature of GK's objections:

> [F]irst of all, it looks to me as there really – there – no issues have been raised here that haven't previously been raised and rejected by the Court in connection with why the documents shouldn't be produced.  The Defendants seem to persist in their contention that they don't agree with the Plaintiffs' theory and so, therefore, they don't have to give them any documents.  And that's just not the way discovery works.

Friedberg Decl., ¶ 5; Ex. K (July 21, 2015 Hr. Tr.), p. 2:11-19.  The Court also indicated that it intended to award attorney's fees to Plaintiffs, again noting "that it seems to me almost every single issue involved in this motion I previously ruled

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

upon on other motions.  I don't want to rule upon the same issue again." *Id*., p. 20:14-17.  GK's counsel did not assert that there were any new issues or objections raised in its opposition.  *See id.*

This Court granted the motion in its entirety.  Dkt. 94 (Civil Minutes re Plaintiffs Motion to Compel No. 1), attached as Exhibit A to the Friedberg Declaration.  The ruling stated, in relevant part:

> Plaintiffs' motion to compel is GRANTED.  Defendant Girardi Keese is ordered to serve supplemental responses without objection to all document requests and produce all responsive documents within 2 weeks.

*Id*.

On July 21, 2015, GK moved for review of this Court's order, contending that the order was "clearly erroneous and contrary to law" and that it "failed to address specific objections." Dkt. 97, p. i.  GK contended that the order did not articulate findings or a rational for its decision, *id*., p. 5; improperly relied on prior discovery rulings, *id*. p. 6; improperly compelled production, *id*., p. 8; and improperly ordered production within two weeks, *id*., p. 9.

Plaintiffs opposed on the grounds that (1) Defendants' did not meet and confer in compliance with the Local Rules; (2) GK's objections were overruled in a prior motion, in which many of the objections, including privilege and relevance, were addressed in detail; (3) the Court's rulings were correct under applicable law; and (4) the Court was not required to provide a detailed explanation for its decision. Dkt. 105, pp. 1-2.

### b) The District Court's Ruling Denying GK's Motion for Review.

The District Court held a hearing on the motion on September 14, 2015.  After hearing argument, it admonished GK to produce the requested documents and to stop the discovery gamesmanship:

Isaacs
Friedberg
LLP

- 13 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

> Mr. Baker, at some point in this case, there has to be an accounting of how much money went in and how much money went out.  I mean, that's the entire purpose of the lawsuit.

Friedberg Decl., ¶ 6; Ex. L (Sept. 14, 2015 Hr. Tr.), p. 10.  The Court further warned that "there has to be a drop-dead date where somebody on behalf of the defendant says, under penalty of perjury, that all of the documents that are responsive have been produced, and if it turns out that that is not [the] case, we'll suffer the consequences."  *Id.*, p. 11.

The Court issued an 11-page order denying Defendants' motion in its entirety.  *See* Dkt. 127, p. 1, attached as Exhibit H to the Friedberg Declaration.  The order addressed GK's violation of the local rules, noting that "any future failure to engage in the required meet-an-confer process will result in appropriate sanctions."  *Id.*, p. 7.  The Court also rejected GK's substantive arguments, finding that "[t]he Magistrate Judge, in fact, ***had*** considered the parties' contentions before concisely articulating the grounds for his ruling in the Bench Order."  *Id.*, p. 8 (original emphasis).  The Court then overruled each and every objection raised by GK, finding the discovery order to be "without . . . any error, let alone a clear one."  Dkt. 127, p. 8.[5]

c)      **None of the Exceptions to Rule 37 Apply.**

(i)      *Plaintiffs Met and Conferred in Good Faith.*

GK failed to timely meet and confer as required by Local Rule 7-3, which requires a meeting at least seven days before a motion is filed.  As a result, the parties met and conferred on the day on which Defendants filed their Motion, Dkt. 127, p. 7, leading Judge Fitzgerald to admonish Defendants that "any future

---

[5] The District Court repeatedly used phrases such as "already addressed," "ruled upon the same issue again," "choose not to revisit," "already considered," and "resolved a similar dispute in the past" to address GK's arguments.  *Id.*, pp. 8-10.

Isaacs
Friedberg
LLP

189802.12

failure to engage in the required meet-and-confer process will result in appropriate sanctions." *Id.*

(ii)     *GK's Objections Were Not Substantially Justified.*

This Court had already determined that Defendants lacked substantial justification in opposing the underlying discovery motion. Dkt. 187.  Defendants' burden on the motion for review was even higher, as they had to show clear error. As the District Court determined, GK's position lacked substantial justification. *See* Friedberg Decl., Ex. H (Dkt. 127), p. 8 ("Magistrate Judge addressed these arguments without committing any error, yet alone a clear one").

(iii)    *No Circumstances Make a Sanctions Award Unjust.*

There are no circumstances that would make an award of monetary sanctions unjust.  To the contrary, Defendants' pattern and practice of discovery abuses further support an award of sanctions.

**d)     <u>The Court Should Award Plaintiffs Sanctions of $14,924.00.</u>**

Plaintiffs' counsel spent over 45.5 hours litigating the motion for review. Friedberg Decl., ¶ 19.[6]  This included preparing and filing a 19-page opposition and a 12-page declaration with 155 pages of exhibits, and preparing for and appearing and presenting argument at the hearing on the motion for review.  *See* Dkts. 105, 105-1, 105-2.  These hours are detailed in the timesheets attached as **Exhibit R** to the concurrently filed Friedberg Declaration.  Applying the $328 blended rate, Plaintiffs are entitled to reasonable expenses of $14,924.00.  *Id.*

---

[6] The figures presented in this Motion do not reflect all time actually incurred as time was written off where appropriate.  Friedberg Decl., ¶¶ 14-16.  Moreover, where time incurred related to more than one discovery motion, Plaintiffs included that time in its calculation of the lowest numbered-motion to avoid "double counting" the hours worked.  *Id.*

Isaacs Friedberg LLP

- 15 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

2.    *Defendants' Position.*

a)    <u>Defendants Complied with the Court's Order Granting Plaintiffs' Discovery Motion No. 1.</u>

Sanctions under discovery rules are available if, and only if, a party violates a discovery order; absence of order precludes sanctions. See *Brandt v. Vulcon, Inc.*, 30 F. 3d 752 (7th Cir. 1994, rehearing and suggestion for rehearing en banc denied).  The Defendants did comply with the Court's order Granting Plaintiffs' Discovery Motion No. 1, entered on July 21, 2015. (Dkt No. 94.)  On August 4, 2015, Defendants served "GK's Supplemental Response to Plaintiffs' RFP Set 1," which included the production of nearly 4,000 documents,  in response to the Court's July 21, 2015 Order.  Defendants' served the foregoing responses before the Court heard Defendants' Motion for Review on September 14, 2015 and denied it on September 17, 2015.  (See Dkt Nos. 114 and 127.)  Following the Court's order denying Defendants' Motion for Review, Plaintiffs served "GK's Further Supplemental Response to Plaintiffs' RFP, Set 1), on September 28, 2015, consisting of nearly 22,000 pages of responsive documents in Defendants' possession, custody, and/or control.

b)    <u>Plaintiffs' Delay in Seeking Discovery Sanctions is Unreasonable</u>

A motion to compel and for sanctions must be brought within a reasonable time after the alleged discovery violation. *Brandt v. Vulcan*, at 756. Failure to respond within a reasonable time results in waiver. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (motion to compel further responses denied as untimely when filed 136 days after receipt of the allegedly deficient responses where there was no showing that delay was caused by matters outside counsel's control).

Here, Plaintiffs bring this motion requesting monetary sanctions without providing any explanation, let alone a reasonable one, for their delay in bringing

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

said motion. As such, it should be found that Plaintiffs' waived their ability to impose sanctions as a result of waiting [# of days/months between] between the time the Court entered its order denying Defendants' Motion for Review and the filing of the instant Motion. Additionally, Plaintiffs bring this motion after the trial date and all related dates have been continued two times. Currently, the operative non-expert cut-off date is May 27, 2016.  This new deadline is the result of the Court's order of May 5, 2016 granting the parties' request to continue all pre-trial deadlines. (*See* Stipulation, Dkt. No. 228; *See* Order Dkt. No. 229).

<b>c)   <u>Sanctions are not Warranted under Fed. R. Civ. P. 37.</u></b>

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, even if a discovery motion is granted, the court should not impose sanctions on the opposing party if: the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).  Here, Defendants' responses to the Interrogatories were substantially justified.

Resisting discovery is "substantially justified when there is a "genuine dispute" as to whether the discovery request was proper. *See* Fed. R. Civ. P. 37(a), Advisory Committee Notes, 1970 Amendment.  As the Supreme Court articulated in *Pierce v. Underwood*, 487 U.S. 552 (1988):

> "[T]he test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was "substantially justified." To our knowledge, that has never been described as meaning "justified to a high degree," but rather has been said to be satisfied if there is a "genuine dispute," or "if reasonable people could differ as to [the appropriateness of the contested action]."

Id. at 565(internal citations omitted).  The Court further explained that "the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,'" but rather "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Id.; *see also United States v. Yoffe*, 775 F.2d 447, 449-50 (1st Cir. 1985).

Isaacs Friedberg LLP

Here, it does not defy logic to conclude that reasonable people could differ as to the dispute concerning Defendants' allegedly deficient responses to Plaintiffs' 27 requests for production that were the subject of Plaintiffs Motion to Compel No. 1. Furthermore, Sanctions under discovery rules are available if, and only if, a party violates a discovery order; absence of order precludes sanctions. See *Brandt v. Vulcon, Inc*., 30 F. 3d 752 (7th Cir. 1994, rehearing and suggestion for rehearing en bane denied).  To reiterate, Defendant, in compliance with the Court's order granting Plaintiffs' Motion to Compel No. 1 (Dkt. No. 94) and the Court's order denying Defendants' Motion for Review of the Court Order Granting Motion to Compel No. 1 (Dkt. 127)  GK's Supplemental Responses on August 8, 2014 and GK's Further Supplemental responses on September 28, 2015. The Defendants did not violate any discovery order. Accordingly, sanctions are not warranted.

**C.     Plaintiffs' Discovery Motion No. 2.**

> ### *1.     Plaintiffs' Position.*

Discovery Motion No. 2 sought to compel GK to respond to Plaintiffs' Interrogatories, Set Two.  GK waived its objections by failing to serve timely responses, then belatedly objected and refused to answer the interrogatories.  This Court granted the motion in its entirety, finding GK's objections to be "incomprehensible" and "factually incorrect," and waived in any event.

> ### a)     <u>Plaintiffs' Discovery Request and GK's Objections.</u>

On June 4, 2015, Plaintiffs served Requests for Admissions (the "RFAs"). Dkt. 110-1, p. 2.  At the same time, Plaintiffs served Interrogatories, Set Two.  The interrogatories required that for each RFA that GK denied, GK describe the facts that it contended supported the denial, and identify the person(s) with knowledge of those acts and the document(s) supporting the denial.  The purpose of the interrogatory was to determine the factual issues remaining in dispute, what additional discovery was needed and what evidence Defendants might present to support their position.

Isaacs
Friedberg
LLP

- 18 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

GK denied 55 of the RFAs.  GK's interrogatory responses were due by July 6, 2015, a week before the discovery cut-off date, which was then July 13, 2015.  GK responded more than a month late, on August 14, 2015, having neither requested an extension of the deadline nor provided any explanation for its late responses.  *See id.*  When GK finally responded, it did not provide any substantive answers.  Instead, its responses consisted entirely of the following single objection:

> Defendant objects on the grounds that the said interrogatories are to be due July 10, 2015.  However the response is due for the pending Interrogatories was due [*sic*] on July 20, 2015 and thus was past the discovery cut-off.  Since the Court has extended the discovery cut-off, Responding party submits the response.  Furthermore, pursuant to F.R.C.P. 33, a party may serve on any other party "no more than 25 written interrogatories, including all discrete subparts."  The pending Interrogatories far exceed this limitation.  Plaintiff also served Interrogatories set three, which include Interrogatory No. 17 has 8 subparts along [*sic*], Interrogatory 18 included 34 subparts.  As a result this question seeks four 4 [*sic*] subparts as it relates to 133 separate requests for admissions.  Girardi Keese are [*sic*] willing to cooperate to narrow the requested information if an agreement is offered by Plaintiffs.

Dkt. 106-1, p. 8.

### b)      The Court's Ruling Granting Plaintiffs' Motion to Compel.

Plaintiffs moved to compel substantive answers and requested reasonable expenses.  Dkt. 106-1, p. 13.  The Court ruled without the need for a hearing.  The Court granted the motion in its entirety.  Friedberg Decl., ¶ 3; Ex. B (Order Granting Plaintiffs Motion to Compel Answers to Plaintiffs' Interrogatories, Set Two, Dkt. 128).  The Court described GK's first objection as "incomprehensible."  *Id.*, p. 2.  The Court found the second objection to be "factually incorrect" because the responses had been due before the discovery cut-off date.  *Id.*  Finally, the Court found that GK had waived its objections:

> Plaintiff correctly asserts that by responding late to the interrogatory, defendant waived its objections.  Defendant has provided no excuse whatsoever for failing to timely respond to the interrogatory or at least request an extension of time within which to do so.

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

Isaacs Friedberg LLP

1 | *Id*., p. 2.[7]

2 |         **c)**      **None of the Exceptions to Rule 37 Apply.**

3 |         **(i)**      *Plaintiffs Met and Conferred in Good Faith Before*

4 |         *Filing Their Motion.*

On July 22, 2015, Plaintiffs sent a meet and confer letter stating that no responses or objections had been received and requesting that the parties meet and confer in person.  Dkt. 106-2, ¶ 46, Ex. O.  On July 30, 2015, GK promised to promptly provide a substantive response to the letter by August 3, 2015, but failed to respond as promised.  *Id*., ¶¶ 47-48, Ex. P.  Accordingly, Plaintiffs prepared a Joint Stipulation in support of a motion to compel substantive interrogatory responses, which it sent on August 13, 2015.  *Id*., ¶ 49, Ex. Q (original joint stipulation and cover letter).  The next day, defense counsel informed Plaintiffs that GK had served responses the night before via mail.  *Id*., ¶ 50, Ex. R.

On August 17, 2015, Plaintiffs initiated a second round of telephonic meet and confer discussions.  *Id*., ¶ 54.  On August 20, 2015, GK confirmed that it would not provide further responses to the interrogatories, requiring Plaintiffs to file their Discovery Motion No. 2.  *Id.*

        **(ii)**      *GK's Objections Were Not Substantially Justified.*

GK's objections lacked justification.  The Court found that they were "incomprehensible" and "factually incorrect," and waived due to GK's failure provide a timely response.  Friedberg Decl., Ex. B (Dkt. 128), p. 2.  *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

---

[7] The Court's order did not address Plaintiffs' request for monetary sanctions.  *See id*.

Isaacs
Friedberg
LLP

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

1                   (iii)   *No Circumstances Make a Sanctions Award Unjust.*

2          There are no circumstances that would make an award of monetary sanctions

3  unjust.  To the contrary, as Judge Fitzgerald found in ruling on Plaintiffs' *Ex Parte*

4  Application to Continue Trial Date:

> Ever since discovery began, Plaintiffs have attempted to obtain
> documents directly relevant to their claims.  They have engaged in a
> remarkable number of meet-and-confer communications in order to
> persuade Defendants to either respond or supplement responses to
> legitimate discovery requests.  Defendants, however, refused to
> provide the vast majority of the relevant information, at times waiting
> as long as a month past the response deadline without providing any
> explanation for the delay.  On two occasions Defendants waited to
> provide delinquent responses until after Plaintiffs served the Joint
> Stipulation, thereby requiring Plaintiffs to begin the meet-and-confer
> process anew and prepare a revised motion to compel . . . . [¶]
> **Indeed, both the Magistrate Judge and this Court have recognized
> that the discovery delays were due to Defendants' intransience.**

13  Friedberg Decl., ¶ 9; Ex. O (Oct. 10, 2015 Order Grating in Part Plaintiffs' *Ex Parte*

14  Application to Continue Trial Date, Dkt. 160), pp. 9-10 (citations omitted, emphasis

15  added).

16        **d)**     <u>**The Court Should Award Plaintiffs Sanctions of $18,171.20.**</u>

17         Plaintiffs' counsel spent over 55.4 hours litigating this motion.  Friedberg

18  Decl., ¶ 20.  That included drafting a two-page meet and confer letter; drafting and

19  emailing an initial Joint Stipulation that became obsolete when Defendants

20  belatedly served objections to the interrogatories; further meet and confer efforts

21  following GK's untimely responses; then preparing and filing a 13-page Joint

22  Stipulation, and a 13-page declaration with 150 pages of exhibits; and preparing

23  and filing a 5-page Supplemental Memorandum.  *See* Dkts. 106-1, 106-2, 110.

24  These hours are detailed in the timesheets attached as **Exhibit S** to the Friedberg

25  Declaration.  Based on a blended rate of $328 per hour, Plaintiffs are entitled to

26  reasonable expenses of $18,171.20.

27      **2.**    **Defendants' Position.**

28  On June 4, 2015, Plaintiffs served Requests for Admissions and Interrogatories, Set

Isaacs
Friedberg
LLP

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

Two (the "Interrogatories").  The Interrogatories essentially asked Defendants to "prove the negative" by requiring Defendants to specify all facts, documents, and witnesses that support the denial of a statement of allegation of fact in Plaintiffs' Requests for Admission.  As a result, the Interrogatories far exceeded the 25-interrogatory limit under Fed. R. Civ. P. 33(a)(1).  Despite this, Defendants served their responses to the Interrogatories following a brief delay—during which a motion to continue the discovery cut-off was concurrently pending—caused by an unforeseen calendaring error concerning the operative discovery cut-off date.  After receiving Defendants' responses to the Interrogatories, Plaintiffs nonetheless filed a motion to compel further responses to over 25 interrogatories, in violation of Fed. R. Civ. P. Rule 33(a)(1).  Sanctioning Defendants would bestow a windfall upon Plaintiffs, given their own discovery transgressions.  Accordingly, Plaintiffs sanctions request should be denied.

> **a)** **<u>Plaintiffs Abused the Discovery Process by Propounding Interrogatories in Excess of the 25-Interrogatory Limit Under Fed. R. Civ. P. 33(a)(1).</u>**

With respect to the Interrogatories, and Plaintiffs' related Discovery Motion No. 2, Defendants did not dispute that "any party may serve upon any other party written interrogatories not exceeding 25 in number including all discrete subparts."  Fed. R. Civ. P. 33(a)(1). Nor does Defendant dispute that discrete subparts "are to be counted as one interrogatory…if they are logically related or factually subsumed within and necessarily related to the primary question." *Kendall v. Ges Exposition Services, Inc.,* 174 F.R.D. 684, 685 (D.Nev. 1997).  Rather, the issue was whether the Interrogatories exceeded the 25-interrogatory limit under Fed. R. Civ. P. 33(a)(1) by asking "one" interrogatory that requires detailed information concerning all facts, documents, and witnesses pertaining to *fifty-five* denied requests for admission.

Isaacs Friedberg LLP

189802.12

The principal case addressing that issue repudiated the strategy used by Plaintiffs, labeling it an "abuse of the discovery process." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445-47. (C.D. Cal. 1998); *see also Makaeff v. Trump University, LLC*, No. 10-CV-0940-GPC (WVG), 2014 WL 3490356, at *4-5 (citing *Safeco*); *In re Olympia Holding Corp.*, 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995). In denying the motion to compel at issue in *Safeco*, this Court explained that an interrogatory asking the responding party to provide a basis for denials counts not as one interrogatory, but *as the number of explained denials*. *Id.* at 446. Indeed, holding otherwise would permit a propounding party to perform an end run around the numerical limit under Rule 33(a)(1):

> Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admission were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admission were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admission that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a).

*Id.*

Logically the drafters of Rule 33 did not intend to create a loophole to that limit by allowing requests for admission to act as interrogatories. However, Plaintiffs did not cite a single court which has authorized this loophole.  Given the extensive law on this topic, Defendants believed in good faith that Plaintiffs' attempt to circumvent Rule 33(a) constituted an abuse of the discovery process and objected accordingly.  *See In re. Olympia Holding Corp.*, 189 B.R. at 853 ("Utilizing interrogatories disguised as requests for admissions in an attempt to circumvent a local rule limiting the number of interrogatories is an abuse of the discovery process." (Citation omitted)).

### b)    Sanctions are not Warranted under Fed. R. Civ. P. 37.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, even if a

Isaacs Friedberg LLP

- 23 -

1   discovery motion is granted, the court should not impose sanctions on the opposing

2   party if: the opposing party's nondisclosure, response, or objection was substantially

3   justified; or other circumstances make an award of expenses unjust. Fed. R. Civ.

4   P. 37(a)(5)(A).  Here, Defendants' responses to the Interrogatories were

5   substantially justified.

6        Resisting discovery is "substantially justified when there is a "genuine

7   dispute" as to whether the discovery request was proper. *See* Fed. R. Civ. P. 37(a),

8   Advisory Committee Notes, 1970 Amendment.  As the Supreme Court articulated

9   in *Pierce v. Underwood*, 487 U.S. 552 (1988):

10   "[T]he test for avoiding the imposition of attorney's fees for resisting
      discovery in district court is whether the resistance was "substantially
      justified." To our knowledge, that has never been described as
11   meaning "justified to a high degree," but rather has been said to be
      satisfied if there is a "genuine dispute," or "if reasonable people could
12   differ as to [the appropriateness of the contested action]."

13   Id. at 565(internal citations omitted).  The Court further explained that "the word

14   'substantially,' the one most naturally conveyed by the phrase before us here is not

15   'justified to a high degree,'" but rather "'justified in substance or in the main'—that

16   is, justified to a degree that could satisfy a reasonable person." Id.; *see also United*

17   *States v. Yoffe*, 775 F.2d 447, 449-50 (1st Cir. 1985).

18        Here, whether the Interrogatories constituted an abuse of the discovery

19   process was a "genuine dispute."  And "reasonable people" could differ as to the

20   appropriateness of Defendants' conduct in objecting to the Interrogatories, which

21   indisputably violated Rule 33(a)(1), irrespective of whether Defendants' responses

22   were timely.  *See* Fed. R. Civ. P. 33(a)(1) (providing that "any party may serve

23   upon any other party written interrogatories ***not exceeding 25*** in number including

24   all discrete subparts."  (Emphasis added)); *In re Olympia Holding Corp.*, 189 B.R.

25   at 853 ("Utilizing interrogatories disguised as requests for admissions in an attempt

26   to circumvent a local rule limiting the number of interrogatories is an abuse of the

27   discovery process." (citation omitted)); *see, e.g.*, *Safeco*, 181 F.R.D. at 441

28   ("Allowing service of an interrogatory which requests disclosure of all of the

Isaacs
Friedberg
LLP

- 24 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

1   information on which the denials of each of 50 requests for admission were based,

2   however, essentially transforms each request for admission into an interrogatory.").

3   **D.   Plaintiffs' Discovery Motion No. 3.**

4        **1.   *Plaintiffs' Position.***

5             Plaintiffs' Discovery Motion No. 3 sought to compel GK to respond to

6   Plaintiffs' Interrogatories, Set Three.  GK again failed to provide timely responses,

7   and served responses after receiving Plaintiffs' portion of a Joint Stipulation.  The

8   same objections had already been overruled by the Court and found to have been

9   waived in granting Plaintiffs' Discovery Motion No. 2.  This Court granted the

10  motion in its entirety.

11        **a)   Plaintiffs' Discovery Request and GK's Objections.**

12             On June 11, 2015, Plaintiffs served GK with Plaintiffs' Interrogatories,

13  Set Three.  Dkt. 109-1, p. 2.  The interrogatories sought information relating to:

14  (1) the amount of time specific GK attorneys spent working on the HRT Litigation;

15  (2) the work performed by specific non-attorneys on the HRT Litigation who were

16  listed on GK's "Case Cost Report"; (3) the amount each such non-attorney was

17  paid and whether they were paid from the aggregate settlement funds; (4) travel by

18  GK attorneys purportedly for the HRT Litigation; and (5) the identification of any

19  documents that would substantiate that such travel occurred and was, in fact, related

20  to the HRT Litigation.  *Id.*  The information sought by these interrogatories was

21  important because GK had charged the HRT Claimants $6.8 million in attorney's

22  fees, even though it did not have a written fee agreement, and over $850,000 in

23  costs, including travel expenses that were unsubstantiated.

24             GK again failed to provide timely responses.  This time, GK did not respond

25  to the interrogatories until August 13, 2015, more than a month after the deadline to

26  respond had passed.  Dkt. 109-1, p. 3.  As before, GK had not requested an

27  extension of the deadline or provided any explanation for not timely responding.

28  *See id.*

Isaacs
Friedberg
LLP

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

Once again, GK's belated responses consisted entirely of objections and not a single substantive answer.  GK again objected on the grounds that: (i) "said interrogatories are to be due July 10, 2015"; (ii)  the "response is due for the pending Interrogatories was due [sic] on July 20, 2015 and thus was past the discovery cut-off"; and (iii) due to subparts, the "pending Interrogatories far exceed [the 25-interrogaotry] limitation" under the Federal Rules.  *Id*., p. 8, 13, 15, 17, 19, 21.  In response to certain interrogatories, GK also indicated that it "will produce" unspecified documents from which the answer may be found.  *See id*.

On September 28, 2015, the day before the hearing on the motion, Defendants produced approximately 20,000 pages of documents (most of which were non-responsive to the interrogatories).  Friedberg Decl., ¶ 8; Ex. M (Sept. 29, 2016 Hr. Tr.), p. 7:1-16.

### b)    The Court's Ruling Granting Plaintiffs' Motion to Compel.

Plaintiffs moved to compel substantive answers and requested reasonable expenses.  Dkt. 109-1, p. 23.  The hearing on the motion began with the following question from the Court:

> **COURT**:  . . . . I previously had a motion where . . . the claim of waiver came up, and I wanted to know is there anything additional here with respect to why I shouldn't just go ahead and say that you had waived your objections?
>
> **[DEFENDANTS' COUNSEL]**:  *No, Your Honor. . . .  I think the argument is the same*.

Friedberg Decl., ¶ 8; Ex. M (Sept. 29, 2016 Hr. Tr.), p. 3 (emphasis added).

The Court granted the Motion.  *See* Friedberg Decl., ¶ 3; Ex. C (Order Granting Plaintiffs' Discovery Motion No. 3, Dkt. 169).  The Court ordered GK to respond to each interrogatory, and either provide each category of information requested or confirm that all documents necessary to provide the information have been produced and identify the documents by Bates number.  *Id*., pp. 1-2.[8]

---

[8] The Court deferred ruling on Plaintiffs' request for monetary sanctions.  *Id*., p. 2.

Isaacs
Friedberg
LLP

- 26 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

**c)**   <u>**None of the Exceptions to Rule 37 Apply.**</u>

(i)   *Plaintiffs Met and Conferred in Good Faith Before Filing Their Motion.*

Following Defendants' failure to respond by the deadline, Plaintiffs sent a meet and confer letter and requested that the parties meet and confer in person. Dkt. 109-2, ¶ 45, Ex. N.  Defendants promised to reply promptly and substantively to the letter, but did not.  *Id.*, ¶ 46, Ex. O.  Plaintiffs subsequently sent Defendants two fully-drafted Joint Stipulations regarding Discovery Motion Nos. 2 and 4.  *Id.*, ¶¶ 47-48.  The following day, GK responded that they had served responses to this discovery (and the other discovery addressed in the Joint Stipulations) the night before via mail.  *Id.*

The parties then engaged in a second round of meet-and-confer discussions that covered numerous discovery issues, including GK's responses to these interrogatories.  *Id.*, ¶ 51.  Ultimately, GK refused to provide further responses to the interrogatories, standing on its late objections.  *Id.*, Ex. R.

(ii)   *GK's Objections Were Not Substantially Justified.*

This motion marked the third time the Court was asked to rule upon objections that GK had clearly waived.  As Defendants' counsel admitted: "the arguments are the same."  Friedberg Decl., Ex. M, p. 3 Moreover, the objections asserted had already been found "incomprehensible" and "factually incorrect." GK's continued reliance on their previously rejected objections lacked any substantial justification.  *Id.*, Ex. B, p. 2.

(iii)   *No Circumstances Make a Sanctions Award Unjust.*

There are no circumstances that would make an award of monetary sanctions unjust.  To the contrary, Defendants' pattern and practice of discovery abuses further supports the award of sanctions.

Isaacs
Friedberg
LLP

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

**d)**      <u>The Court Should Award Plaintiffs Sanctions of $14,792.80.</u>

Plaintiffs' counsel spent over 45.1 hours litigating this motion.  Friedberg Decl., ¶ 21.  This time consisted of preparing, exchanging and filing a Notice of Motion, a 24-page joint stipulation, and a 13-page declaration with 88 pages of exhibits; preparing and filing a 5-page Supplemental Memorandum; and preparing for and appearing and presenting argument at the hearing on the motion.  *See* Dkts. 109-1,109-2, 121.  These hours are detailed in the timesheets attached as **Exhibit T** to the Friedberg Declaration.  Applying the $328 blended rate, Plaintiffs are entitled to reasonable expenses of $14,792.80.  *Id.*

**2.**      *Defendants' Position.*

**a)**      <u>Sanctions are not Warranted because Defendants' Responses were Substantially Justified.</u>

Like Plaintiff's Interrogatories, Set No. 2, Plaintiffs' Interrogatories Set No. 3 contained more than 25 interrogatories in violation of Fed. R. Civ. P. 33(a)(1).

Moreover, Defendants were served with the Interrogatories while a motion to continue the discovery cut-off date was concurrently pending.  Once discovery was extended, however, Defendants promptly served the Interrogatories on August 12, 2015.  Accordingly, the Court was not required to issue an order compelling Defendant to provide responses to the Interrogatories, as Plaintiffs were in possession of Defendants' responses before filing Discovery Motion No. 3.  In addition, Plaintiffs possessed an alternative remedy to filing that Motion.  As a result, the Court was not required to grant it.  *See Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) ("Since granting plaintiff's motion to compel responses to the interrogatories, even in part, would exceed 25 interrogatories, the Court will deny without prejudice plaintiff's motion to compel responses…and afford plaintiff the opportunity to prioritize its inquiries and determine which interrogatories to again submit to defendant.").  There was ample time for Plaintiffs to revise the Interrogatories.

ISAACS FRIEDBERG LLP

- 28 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

Moreover, Defendant had good cause for not timely objecting to the Interrogatories, and thus, Defendant did not waive any objections it may have had. *See* Fed. R. Civ. P. 33(b)(4).  Here, Defendant had a good faith belief that the discovery and motion cutoff dates were quickly approaching and wanted to ensure that all necessary discovery and motions were filed before those dates.  Although Plaintiffs did not receive an earlier response, Defendant never acted in bad faith. What is more, Plaintiffs have not and cannot reasonably claim any prejudice resulting from this brief delay, especially because the Court continued the then pre-trial deadlines in this case.  And there is ample time for Plaintiffs and Defendant to work towards a mutually acceptable resolution to the instant discovery dispute. Finally, Plaintiffs should not receive a windfall in light of their abuse of the discovery process.  *See Safeco*, 181 F.R.D. at 443-44 (C.D. Cal. 1998).

**E.     Plaintiffs' Discovery Motion No. 4.**

> **1.     *Plaintiffs' Position.***

Plaintiffs filed Discovery Motion No. 4 because GK provided only a single incomplete and evasive written response to 93 separate and narrowly drawn document requests.  This Court granted the motion in its entirety.

> **a)     <u>Plaintiffs' Discovery Request and GK's Objections.</u>**

On June 11, 2015, Plaintiffs personally served GK with their Requests for Production of Documents, Set Two, consisting of 93 narrowly tailored requests. Dkt. 125, p. 2.  Each document request related to a specific and limited subject, seeking, among other things: (1) retainer agreements between GK and the HRT Claimants; (2) time sheets of the GK attorneys who purportedly performed work on the HRT Litigation; (3) agreements, invoices and other records that would substantiate the costs listed in Defendants' "Case Cost Report" produced in discovery; (4) documents relating to the resolution of Medicare liens against the HRT Claimants; and (5) communications between GK and the HRT Defendants

Isaacs
Friedberg
LLP

- 29 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

1   relating to the satisfaction of conditions precedent in the Master Settlement

2   Agreement for release of the HRT settlement funds to GK.  *Id.*

3        On August 14, 2015, GK served its responses.  Once again, GK responded

4   over a month late.  Dkt. 125, p. 3.  Aside from boilerplate "General Objections," the

5   responses consisted of a single response intended to address all 93 requests, which

6   stated in relevant part:

> Defendant GK will make available to Plaintiffs the contents of the
> entire case file in GK's possession, custody or control, for the
> approximately 140 individuals, including Plaintiffs herein, that GK
> represented in the [HRT Litigation].  Defendant will make the HRT
> Litigation documents in GK's possession, custody or control available
> to Plaintiffs for copying at GK's offices . . . .

11  *Id.*, p. 20.

12       GK's response was a classic data dump, providing no indication whether

13  documents existed that were responsive to any particular request and giving

14  Plaintiffs no assurances that all responsive documents would be made available,

15  instead proposing that Plaintiffs search through thousands of irrelevant documents.

16           **b)**     **The Court's Ruling Granting Plaintiffs' Motion to Compel.**

17       Plaintiffs filed a motion to compel (i) a separate response to each request

18  without objection indicating whether responsive documents existed, and (ii) the

19  production of all responsive documents.  Dkt. 125, p. 1.  Plaintiffs also requested

20  that appropriate sanctions be imposed.  *Id.*, p. 19.

21       At the hearing, Defendants effectively conceded that, once again, there was

22  no justification for their conduct:

> **THE COURT**:  My tentative . . . would be that the defendants
> would be ordered to respond to each request for production, rather
> than have one response that was, arguably, applicable to all of the
> individual requests.
>
> Second, the fact that documents might have previously been
> produced or may have been required and not produced . . . it's not
> very persuasive as to why you couldn't say, "Well, we've already
> produced those documents."

Isaacs
Friedberg
LLP

28

- 30 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

So I'm overruling the objection and ordering that to the extent documents are already produced, you don't have to produce them again, just say they've already been produced.  If you don't have documents, though, you have to make the statement that "we don't have responsive documents," and if you do have responsive documents and they weren't produce, then you should produce them.

[DEFENDANTS' COUNSEL]:  . . . You're aware of our position, I understand your tentative, and I think that's consistent without your prior order so I'm not going to try to persuade you otherwise.

Friedberg Decl., ¶ 10; Ex. P (Oct. 13, 2015 Hr. Tr.), p. 11.

This Court's order granting the motion in its entirety stated simply: "Plaintiff's motion to compel is granted.  Supplemental responses are due within 14 days from today's date as stated on the record."  *See* Friedberg Decl., ¶ 3; Ex. D ([Civil Minutes re] Plaintiff's Motion to Compel, Dkt. 176).[9]

### c)    <u>None of the Exceptions to Rule 37 Apply.</u>

(i)    *Plaintiffs Met and Conferred in Good Faith*
*Before Filing Their Motion.*

Following Defendants' failure to respond by the deadline, Plaintiffs sent a letter stating that no responses or objections had been received and requesting that the parties meet and confer in person.  Dkt. 125-1, ¶ 42, Ex. O.  Defendants promised to reply promptly and substantively, but did not.  *Id*., ¶¶ 43-44, Ex. P.  Plaintiffs subsequently sent a Joint Stipulation in support a their motion to compel responses.  *Id*., ¶ 45, Ex. Q.  The following day, GK responded that they had served responses the night before via mail.  The proof of service, however, indicated that the responses had been served on the same day that Plaintiffs' sent the Joint Stipulation.  *Id*., ¶ 46.  The responses were received by mail five days later, but no additional documents accompanied them.  *Id*., ¶ 48.

---

[9] The Court's ruling did not address Plaintiffs' request for attorney's fees.  *See id.*

Isaacs Friedberg LLP

189802.12

The parties engaged in a second round of telephonic meet-and-confer discussions that covered numerous discovery issues, including responses to these document requests. *Id.*, ¶ 50. Plaintiffs sent two additional follow up emails. *Id.*, ¶ 51, Exs. T & U. GK indicated that its "entire file is available if you want tos [*sic*] schedule a time to view it," and promised further responses within four days. *Id.*, ¶ 52. GK's further responses were never forthcoming. *Id.*, ¶ 53.

### (ii)   *GK's Objections Were Not Substantially Justified.*

GK's responses were again late, and therefore its objections were waived. Dkt. 125, pp. 21-22. When they finally arrived, they were fatally deficient in a number of respects, including: (i) GK failed to state whether it had conducted a thorough search for responsive documents; (ii) GK's response inviting Plaintiffs to inspect and copy thousands of pages of unidentified documents to search for specific responsive documents that may or may not exist was equivalent to no response at all; and (iii) providing a single response to 93 different requests was plainly impermissible. Dkt. 125, pp. 22-26.

### (iii)   *No Circumstances Make a Sanctions Award Unjust.*

There are no circumstances that would make an award of monetary sanctions unjust. To the contrary, Defendants' pattern and practice of discovery abuses further supports the award of sanctions

### d)   The Court Should Award Plaintiffs Sanctions of $22,992.80.

Plaintiffs' counsel spent over 70.1 hours litigating this motion. Friedberg Decl., ¶ 22. This includes time spent preparing and exchanging an initial Notice of Motion, Joint Stipulation, declaration and supporting exhibits, all made obsolete by GK's belated responses; revising, exchanging and filing a new Notice of Motion, an 87-page Joint Stipulation and a 14-page declaration with 22 exhibits; preparing and filing a 5-page Supplemental Memorandum and supplemental declaration with exhibits; and preparing for and appearing and presenting argument at the hearing on the matter. *See* Dkts. 125 to 125-11, 140 to 140-2. These hours are detailed in the

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

timesheets attached as **Exhibit U** to the Friedberg Declaration.  Applying the $328 blended rate, Plaintiffs are entitled to reasonable expenses of $22,992.80.  *Id.*

### 2.     *Defendants' Position.*

#### a)     Defendants Complied with the Court's Order Granting Plaintiffs' Discovery Motion No. 4.

Initially, Defendant GK served its responses to Plaintiffs Request For Production of Document, Set 2 ("RPD Set 2") via mail on August 13, 2015.  It was Defendants position that the majority of Plaintiffs 93 requests there, sought information previously provided to Plaintiffs through GK's Initial Disclosures served on August 26, 2014 and information  previously sought by Plaintiffs in RPD Set 1.

To Defendants, it was clear that there was significant overlap between the individual requests comprising Plaintiffs' Requests for Production Set 1 and Set 2. The overlap is so significant that some of Plaintiffs requests in Set 2 are nearly identical to the requests made in Set 1. The requests contained in Set 2 so closely replicate those in Set 1, that Plaintiffs' decision to propound RPD Set 2 while the parties were still engaged in meet and confer efforts regarding Motion to Compel Production of RPD Set 1, amounts to an abuse of the discovery process.

Following the Court's hearing on Plaintiffs' Discovery Motion No. 2 on October 13, 2015, the Court entered its order granting the Motion on October 15, 2015, in which Defendants were ordered to produce responsive documents. Defendants timely served their responses to RPD Set 2 on November 3, 2015 (per an extension granted by Plaintiffs on October 27, 2015.)

#### b)     Plaintiffs' Delay in Seeking Discovery Sanctions is Unreasonable

A motion to compel and for sanctions must be brought within a reasonable time after the alleged discovery violation. *Brandt v. Vulcan*, at 756. Failure to respond within a reasonable time results in waiver. *Gault v. Nabisco Biscuit Co.*,

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

Isaacs Friedberg LLP

184 F.R.D. 620, 622 (D. Nev. 1999) (motion to compel further responses denied as untimely when filed 136 days after receipt of the allegedly deficient responses where there was no showing that delay was caused by matters outside counsel's control).

Here, Plaintiffs bring this motion requesting monetary sanctions without providing any explanation, let alone a reasonable one, for their delay in bringing said motion. As such, it should be found that Plaintiffs' waived their ability to impose sanctions as a result of waiting [# of days/months between] between the time the Court entered its order granting Plaintiffs' Motion to Compel No. 4. (Dkt No. 176) on October 13, 2015 and the filing of the instant Motion on [date].

### c)    Sanctions are not Warranted under Rule 37.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, even if a discovery motion is granted, the court should not impose sanctions on the opposing party if: the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, Defendants' responses to the Interrogatories were substantially justified.

Resisting discovery is "substantially justified when there is a "genuine dispute" as to whether the discovery request was proper. *See* Fed. R. Civ. P. 37(a), Advisory Committee Notes, 1970 Amendment. As the Supreme Court articulated in *Pierce v. Underwood*, 487 U.S. 552 (1988):

> "[T]he test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was "substantially justified." To our knowledge, that has never been described as meaning "justified to a high degree," but rather has been said to be satisfied if there is a "genuine dispute," or "if reasonable people could differ as to [the appropriateness of the contested action]."

Id. at 565(internal citations omitted). The Court further explained that "the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,'" but rather "'justified in substance or in the main'—that

ISAACS FRIEDBERG LLP

is, justified to a degree that could satisfy a reasonable person." Id.; *see also United States v. Yoffe*, 775 F.2d 447, 449-50 (1st Cir. 1985).

Here, reasonable people could have different on the appropriateness of the parties' dispute concerning GK's Responses to Plaintiffs' Request for Production of Documents, Set 2.  First of all, it appeared that many of the Plaintiffs' requests in Set 2, were duplicative and encompassed by the requests in Set 1, which Defendants had previously responded to in the form of initial responses and then supplemental responses following the Court's order (and later, would submit further supplemental responses following the Court's order denying Defendants' Motion for Review.)  As such, Defendants, in good faith, opposed Plaintiffs' motion to compel on the following grounds: 1) that such a production result in duplicative and cumulative information, it would also create an undue burden and consumption of resources for Defendants given that responsive documentation was already in Plaintiffs' possession, custody, and control; and 2) Defendant GK could not produce documents that it did not have in its possession, custody, or control (Indeed, "if [information] is not in the possession, custody or control of a party, then it clearly cannot be turned over." *DL v. District of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008)); and 3) Defendants could not produce  documents that did not exist and documents requested by Plaintiffs that were merely the result of Plaintiffs searching for theories of their case without knowing, or having reason to know, whether or not they actually exist.

**F.**     **Plaintiffs' Discovery Motion No. 5.**

   ***1.***     ***Plaintiffs' Position.***

Plaintiffs filed Discovery Motion No. 5 after GK again stood on objections that had been waived by failing to serve timely responses; asserted objections identical to those that had been overruled previously; and provided evasive, vague and incomplete responses.  This Court granted the motion.

Isaacs
Friedberg
LLP

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

### a)   Plaintiffs' Discovery Request and GK's Objections.

Plaintiffs' Motion to Compel No. 5 sought responses to twelve interrogatories that were part of Plaintiffs' Interrogatories, Set One.  Dkt. 152-1, p. 2.  The interrogatories sought specific information relating to GK's receipt and disbursement of the Settlement Funds; information relating to the nature and extent of services provided by Justice Panelli and other vendors who were paid from the Settlement Funds; the details of the $850,000 in purported litigation costs; and information relating to the bases for the affirmative defenses asserted in GK's Answer. *Id.*

GK served its responses one week late.  Dkt. 152-1, p. 3.  Each response asserted the same boilerplate objections: (1) vague and ambiguous; (2) equally available information; (3) information was already in Plaintiffs' possession; (4) not reasonably limited in time or scope; (5) not calculated to lead to admissible evidence; (6) calls for a legal conclusion; (7) attorney work product; (8) cumulative; (9) intended to harass; and (10) attorney client privilege.  *Id.*, pp. 12, 24, 28, 31, 34, 36, 38, 40, 42, 44, 46, 50.  GK also provided incomplete, superficial and vague answers, referred to documents that lacked the requested information, and provided non-responsive information as a result of an unreasonable interpretation of an interrogatory.  *See id.*[10]

### b)   The Court's Ruling Granting Plaintiffs' Motion to Compel.

Plaintiffs' motion sought non-evasive answers to the 12 interrogatories, proper verifications and monetary sanctions.  Dkt. 152-1, pp. 1, 55.

---

[10] By way of example, where GK was to specify the amount of each transfer involved with the First, Second and Third Payments to the HRT Claimants, GK responded "Various Amounts," *id.*;  GK refused to provide any information concerning its affirmative defenses, *id.*, p. 51; and GK again failed to provide the required verification, *id.*, p. 53.

Isaacs
Friedberg
LLP

189802.12

On October 27, 2015, the Court heard oral argument.  During the hearing, GK's counsel did not attempt to defend any of GK's objections or responses.  Friedberg Decl., ¶ 11; Ex. Q (Oct. 27, 2015 Hr. Tr.), pp. 8-9.

The Court subsequently issued an order granting Plaintiffs' motion.  Friedberg Decl., ¶ 3; Ex. E (Order Granting Plaintiff's Discovery Motion No. 5, Dkt. 190).  The Court found that GK's interpretation of the interrogatories was unreasonable and its answers unacceptably imprecise or insufficiently specific.  The Court ordered GK to provide substantive supplemental answers and proper verifications to its prior response.  *Id.*[11]

### c)   <u>None of the Exceptions to Rule 37 Apply.</u>

#### (i)   *Plaintiffs Met and Conferred in Good Faith Before Filing Their Motion.*

Plaintiffs engaged in two rounds of meet and confer discussions in an attempt to obtain substantive answers to their interrogatories, without the need for more motion practice.  In March 2015, Plaintiffs sent GK a detailed eight-page meet and confer letter, setting forth the reasons why GK's boilerplate objections were without merit, explaining why further responses were required and requesting that GK provide proper verifications of its answers.  Dkt. 152-2, ¶ 20, Ex. 16.  The parties also held three telephonic meet and confer conferences and exchanged numerous emails.  GK, however, refused to provide further responses.  *Id.*, ¶¶ 21-23.

Following the July 21, 2015 hearing on Plaintiffs' Discovery Motion No. 1, Plaintiffs sent a second meet and confer letter, asking GK to reconsider its position in light of the Court's order and comments made in granting that motion.  *Id.*, ¶ 24; Ex. 19.  Defendants indicated that they would respond to this letter; but they never did.  *Id.*; *see also* Dkt. 109-2, Ex. O.

---

[11] The Court reserved ruling on Plaintiffs' request for monetary sanctions.  *Id.*

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

*(ii)    GK's Objections Were Not Substantially Justified.*

The Court overruled every one of GK's objections without the need for discussion and required GK to supplement every answer.  The Court also found that there was no justification for GK's failure to provide a proper verification.

*(iii)    No Circumstances Make a Sanctions Award Unjust.*

There are no circumstances that would make an award of monetary sanctions unjust.  To the contrary, Defendants' pattern and practice of discovery abuses further supports the award of sanctions.

**d)    The Court Should Award Plaintiffs Sanctions of $21,123.20.**

Plaintiffs' counsel spent over 64.4 hours litigating this motion.  Friedberg Decl., ¶ 23.  This time consisted of preparing the second meet and confer letter; preparing, exchanging and filing the Notice of Motion, a 61-page Joint Stipulation and 9-page and 13-page declarations with 38 exhibits; preparing and filing a 5-page Supplemental Memorandum; and preparing for and appearing and presenting argument at the hearing on the motion.  *See* Dkts. 152-1, 152-2, 152-4, 173.  These hours are detailed in the timesheets attached as **Exhibit V** to the Friedberg Declaration.  Applying the $328 blended rate, Plaintiffs are entitled to reasonable expenses of $21,123.20.  *Id.*

**2.    *Defendants' Position.***

**a)    Defendants' Objections Were Substantially Justified, thus Making an Award of Expenses Unjust.**

Defendants adequately responded to Plaintiffs' Interrogatories, Set No. 1 (the "Interrogatories"), and Defendants should not be sanctioned for Plaintiffs' failure to request specifically the information they sought to discover.

Defendants complied with Plaintiffs' discovery request by providing information that, at the time, was in Defendants' possession or custody.  For example, Defendants complied with Interrogatory 3(e) by identifying "John Howard" as the individual who authorized each withdrawal of funds from the

Isaacs
Friedberg
LLP

- 38 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

1   ESCROW ACCOUNT.  According to Plaintiffs, however, that response was

2   insufficient because Interrogatory 3(e) "plainly" requested that Defendants

3   provide the "identity of the Person or persons who were authorized to instruct

4   Citibank to release the funds from escrow."  Plaintiffs cannot offer their

5   subjective interpretation on how Defendants *should have* read Interrogatory 3(e).

6   *See Thomas v. Cate*, (2010) 715 F.Supp.2d 1012, 1030-31 (E.D. Cal. 2010)

7   (applying a common sense reading of undefined terms in special

8   interrogatories).  Moreover, Defendants are not required to respond with

9   information that satisfies each and every possible interpretation, including

10  Plaintiffs' subjective interpretation, of Interrogatory 3(e), and the Interrogatories

11  in general.

12      Moreover, this is a case of breach of fiduciary duty and other related

13  claims—not one of legal malpractice.  Plaintiffs have never alleged that

14  Defendants' conduct caused them any harm arising from the settlement achieved

15  in the underlying HRT litigation for the 28 plaintiffs.  Further, Plaintiffs' have

16  not shown that obtaining Defendant GK's financial information will ever allow

17  Plaintiffs to establish that they suffered any harm at all. Plaintiffs have not

18  alleged the harm, if any, they suffered as a result of the underlying settlement. In

19  other words, Plaintiffs allege that Defendants breached certain duties owed to

20  Plaintiffs, but fail to allege the losses suffered as a result of the alleged breach.

21  The information sought under this interrogatory will not assist Plaintiffs' in

22  doing so.  Accordingly, Defendants responses were substantially justified.

23  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) ("To our knowledge, that has

24  never been described as meaning "justified to a high degree," but rather has been

25  said to be satisfied if there is a "genuine dispute," or "if reasonable people could

26  differ as to [the appropriateness of the contested action].").

27

28

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

**G.     Defendants Motion to Quash Plaintiffs' Document Subpoena to
        Torrey Pines Bank.**

### 1.     *Plaintiffs' Position.*

Plaintiffs opposed Defendants' motion to quash a document subpoena to
Torrey Pines Bank ("TPB") for records related to the GK trust and operating
accounts.  Defendants' motion was untimely and premised on frivolous objections.
The Court denied it, and ordered the records to be produced.

**a)     <u>Plaintiffs' Discovery Requests and Defendants' Objections.</u>**

On March 3, 2015, Plaintiffs served a document subpoena on TPB.  Dkt. 60-
1, p. 7.  The subpoena sought limited categories of bank records relating to GK's
trust and operating accounts.  *Id.*, p. 5.  TPB was initially willing to comply, but
after Defendants served objections, it refused to do so.  *Id.*, p. 7.[12]

Defendants filed their motion to quash more than two months after TPB was
required to produce the subpoenaed records.  Dkt. 60-1, p. 17.  Defendants
contended that the subpoena sought irrelevant information, *id.*, pp. 13-14; the
subpoena was harassing, vague, overly broad and unduly burdensome, *id.*,
pp. 14-16; that the records requested were available from Defendants and/or other
vendors, *id.*, p. 11; and that the subpoena was an unconstitutional invasion of the
privacy rights of Defendants, the HRT Claimants, other GK clients and GK
employees, *id.*, pp. 9-13.

To resolve the dispute, Plaintiffs proposed that the parties engage a neutral
third party to review responsive bank records and redact the names and other
identifying information of unrelated individuals and entities, and that the parties
stipulate to the entry of a comprehensive protective order that would apply to all

---

[12] GK's objections did not permit TPB to withhold responsive records.  A party's
objections to a subpoena served on a third-party have no legal significance and do
not excuse the subpoenaed party from complying with the subpoena.  *See Moon v.
SCP Pool Corp.* 232 F.R.D. 633, 636 (C.D. Cal. 2005).

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

ISAACS
FRIEDBERG
LLP

189802.12

confidential materials produced in discovery.  Dkt. 60-1, pp. 7-8.  Defendants rejected these proposals.  *Id.*

> ### b)        The Court's Ruling Denying Defendants' Motion to Quash.

The Court heard oral argument on the motion on June 16, 2015, after which the Court denied GK's motion in a detailed, 10-page order.  Friedberg Decl., ¶ 3; Ex. G (Ruling on Defendants' Motion to Quash, Dkt. 79).  The Court found that "the Motion is untimely, and Defendants have waived their objections as a result." *Id.*, p. 3.  The Court explained:

> Here, the Bank did not serve objections to the Subpoena by the March 17th compliance date.  Defendants served objections prior to March 17th, but as set forth above, those objections were insufficient to preserve Defendants' objections.  Moreover, Defendants did not file the Motion until May 22nd.  Accordingly, the Motion is untimely and Defendants have failed to preserve their objections.

*Id.*

The Court nonetheless considered the merits of Defendants' objections, finding them all to be spurious.  With regard to the privilege objection, the Court held that "Defendants have failed to meet their burden" because the financial documents were neither transmitted in confidence nor contained legal opinions.  *Id.*, p. 6.  The Court also rejected Defendants' privacy objections, finding Plaintiffs requests to be "limited in scope" and "measured"; that "Plaintiffs' allegations of conversion and commingling . . . warrant discovery into Bank accounts"; and that Plaintiffs' protective order and redaction proposals were "sufficient to assuage Defendants' privacy concerns . . . ."  *Id.*, p. 8.  The Court overruled Defendants' remaining boilerplate objections, finding that they merited little discussion.  *Id.*, pp. 8-10.

Isaacs Friedberg LLP

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

**c)**     <u>None of the Exceptions to Rule 37 Apply.</u>

    *(i)*     *Plaintiffs Met and Conferred in Good Faith.*

The parties met and conferred at Plaintiffs' request to no avail. Dkt. 60-4, ¶¶ 40-45. As noted above, Defendants rejected the protective order and redaction procedures Plaintiffs proposed to address Defendants' purported privacy concerns. *See id.*

    *(ii)*     *Defendants' Objections Were Not Substantially Justified.*

Defendants' motion was untimely and unjustified. Defendants refused to produce bank records in their possession and control, and then moved to quash the TPB subpoena on the grounds that Plaintiffs should have sought the documents from Defendants. In addition, Defendants' motion was untimely.

    *(iii)*     *No Circumstances Make a Sanctions Award Unjust.*

There are no circumstances that would make an award of monetary sanctions unjust. To the contrary, Defendants' pattern and practice of discovery abuses further supports the award of sanctions.

**d)**     <u>The Court Should Award Plaintiffs Sanctions of $31,488.00.</u>

Plaintiffs' counsel spent 96.0 hours litigating this key motion. Friedberg Decl., ¶ 24. This time includes meet and confer efforts by email, telephonically and in person; preparing and filing the Notice of Motion, the 38-page Joint Stipulation, a 12-page declaration with 150 pages of exhibits, and a 5-page Supplemental Memorandum; and preparing for and appearing and presenting argument at the hearing on the motion. *See* Dkts. 60-1, 60-4, 60-5, 61. These hours are detailed in the timesheets attached as **Exhibit W** to the Friedberg Declaration. At the $328 blended rate, Plaintiffs are entitled to reasonable expenses of $31,488.00. *Id.*

Isaacs Friedberg LLP

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

2. *Defendants' Position.*

a) **Defendants Complied with the Court's Order Denying Defendants' Motion to Quash the Torrey Pines Bank Subpoena**

Sanctions under discovery rules are available if, and only if, a party violates a discovery order; absence of order precludes sanctions. See *Brandt v. Vulcon, Inc.*, 30 F. 3d 752 (7th Cir. 1994, rehearing and suggestion for rehearing en bane denied). On May 22, 2015, Defendants filed the Motion to Quash for which Plaintiffs seek sanctions here (Dkt No. 60.). Defendants filed said Motion on the grounds that the Subpoena for Production of Records is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in that it improperly seeks confidential financial records, as well as privileged documents, from Defendants' bank and that Plaintiffs have no compelling need for seeking these confidential and privileged records, so as to justify their unreasonable invasion of Defendants privacy rights, including that of the Defendant law firm's clients and employees  After the Court denied the Motion to Quash (Dkt. No. 79), Torrey Pines Bank responded to said subpoena.

b) **Plaintiffs' Delay in Seeking Discovery Sanctions is Unreasonable**

A motion to compel and for sanctions must be brought within a reasonable time after the alleged discovery violation. *Brandt v. Vulcan*, at 756. Failure to respond within a reasonable time results in waiver. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (motion to compel further responses denied as untimely when filed 136 days after receipt of the allegedly deficient responses where there was no showing that delay was caused by matters outside counsel's control).

Here, Plaintiffs bring this motion requesting monetary sanctions without providing any explanation, let alone a reasonable one, for their delay in bringing

Isaacs
Friedberg
LLP

- 43 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

1    said motion. As such, it should be found that Plaintiffs' waived their ability to

2    impose sanctions as a result of waiting [# of days/months between] between the

3    time the Court entered its order denying Defendants' Motion to Quash (Dkt No. 79)

4    on July 13, 2015 and the filing of the instant Motion on [date].

5        **c)    <u>Sanctions are not Warranted under Fed. R. Civ. P. 37.</u>**

6        Federal Rule of Civil Procedure 37(a)(5)(A) provides that, even if a

7    discovery motion is granted, the court should not impose sanctions on the opposing

8    party if: the opposing party's nondisclosure, response, or objection was substantially

9    justified; or other circumstances make an award of expenses unjust. Fed. R. Civ.

10   P. 37(a)(5)(A).  Here, Defendants' responses to the Interrogatories were

11   substantially justified.

12       Resisting discovery is "substantially justified when there is a "genuine

13   dispute" as to whether the discovery request was proper. *See* Fed. R. Civ. P. 37(a),

14   Advisory Committee Notes, 1970 Amendment.  As the Supreme Court articulated

15   in *Pierce v. Underwood*, 487 U.S. 552 (1988):

16           "[T]he test for avoiding the imposition of attorney's fees for resisting
         discovery in district court is whether the resistance was "substantially
17       justified." To our knowledge, that has never been described as
         meaning "justified to a high degree," but rather has been said to be
18       satisfied if there is a "genuine dispute," or "if reasonable people could
         differ as to [the appropriateness of the contested action]."

19   <u>Id</u>. at 565(internal citations omitted).  The Court further explained that "the word

20   'substantially,' the one most naturally conveyed by the phrase before us here is not

21   'justified to a high degree,'" but rather "'justified in substance or in the main'—that

22   is, justified to a degree that could satisfy a reasonable person." <u>Id</u>.; *see also United*

23   *States v. Yoffe*, 775 F.2d 447, 449-50 (1st Cir. 1985).

24       Certainly, especially on the basis that the subpoena implicated privacy rights

25   of persons not involved with or related to the instant litigation, reasonable persons

26   could differ on the dispute and, thus Defendants were justified in moving to quash

27   the subpoena. In moving to quash the subpoena, it was Defendants' position that the

28   disclosure of information sought violated the Defendants' constitutional right to

Isaacs
Friedberg
LLP

- 44 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

privacy, as well as the rights of other persons (e.g. HRT Plaintiffs not named as Plaintiffs in the underlying litigation, GK employees, GK clients) not involved in this lawsuit. It was clear to Defendants that in balancing the right of a civil litigant to discover relevant facts with a party's right to maintain reasonable privacy in sensitive affairs, the factors weighed in favor of nondisclosure of Defendants' confidential information.

**H. This Discovery Motion No. 7 for Monetary Sanctions as Prevailing Party in Prior Discovery Motions.**

  *1. Plaintiffs' Position.*

Plaintiffs were required to file this Motion No. 7 after Defendants refused to pay Plaintiffs' reasonable expenses incurred in successfully bringing four motions to compel discovery, opposing one motion to quash a subpoena and opposing one motion for review of a discovery order. Rule 37 provides that Plaintiffs are entitled to their expenses incurred in preparing and prosecuting a motion such as this, to recover their reasonable expenses incurred in connection with the filing and prosecution of earlier discovery motions.

  **a) <u>Applicable Legal Authority Supports "Fees on Fees" under Rule 37.</u>**

It is well settled that "time spent litigating fee petitions is compensable." *Matlink, Inc. v. Home Depot U.S.A., Inc*., 2008 WL 8504767, at *6 (S.D. Cal. 2008) (awarding fees under Rule 37 for hours preparing fees application); *see True Health Chiropractic Inc v. McKesson Corp*., 2015 WL 3453459, at *1 (N.D. Cal. 2015) ("Parties may also seek reasonable attorneys' fees for work performed on the application for attorneys' fees and costs ('fees on fees').") ; *SOC-SMG, Inc. v. Christian & Timbers*, 2010 WL 2085076, *7 (D. Nev. 2010) (awarding fees under Rule 37 for "fees on fees"); *Sure Safe Indus. Inc. v. C & R Pier Mfg*., 152 F.R.D. 625, 627 (S.D. Cal. 1993) ("Attorneys' fees in preparation of requests for attorneys' fees sanctions are recoverable under Rule 37"). As the Ninth Circuit has explained,

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

Isaacs
Friedberg
LLP

1  compensation for time spent litigating a fee petition "must be included in

2  calculating a reasonable fee because uncompensated time spent on petitioning for a

3  fee automatically diminishes the value of the fee eventually received." *Anderson v.*

4  *Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996).

5          **b)      None of the Exceptions to Rule 37 Apply.**

6              *(i)  Plaintiffs Met and Conferred in Good Faith.*

7          Prior to bringing this motion, Plaintiffs' counsel met and conferred in person

8  with Defendants' counsel in an effort to resolve this matter without the need for

9  motion practice.  Friedberg Decl., ¶¶ 27-28.  Defendants' counsel indicated that

10 Defendants intended to oppose the motion.  *Id.*

11             *(ii)      Defendants' Objections Were Not Substantially Justified.*

12         For several reasons, there is no basis to Defendants' opposition to this

13 motion.  *First*, Plaintiffs prevailed without limitation on all of the motions that are

14 the subject of this motion, and Defendants were not substantially justified in raising

15 and standing on their many objections, which this Court overruled as without merit.

16 *Second*, meritless objections continued despite the Court's warnings to Defendants

17 that it would impose sanctions if they continued to shirk their discovery obligations.

18 *Third*, Defendants persisted in raising arguments that had already been rejected and

19 objections that were untimely and had been waived.

20             *(iii)      No Circumstances Make a Sanctions Award Unjust.*

21         There are no circumstances that would make an award of monetary sanctions

22 unjust.  To the contrary, Plaintiffs were required to file this Motion because

23 Defendants have been engaged in a pattern and practice of discovery abuses, one

24 consequence of which was Defendants losing eight discovery motions.

25         **c)      The Court Should Award Plaintiffs Sanctions of $27,683.20.**

26         Plaintiffs' counsel have, to date, spent over 69.4 hours preparing the Notice

27 of Motion, this Joint Stipulation, and a 9-page declaration with 27 exhibits.

28 Friedberg Decl., ¶ 25.  These hours are detailed in the timesheets attached as

Isaacs
Friedberg
LLP

- 46 -

**Exhibit X** to the Friedberg Declaration.  Plaintiffs anticipate spending a total of 15 hours finalizing and filing the Joint Stipulation pursuant to Local Rule 37; preparing and finalizing a 5-page Supplemental Memorandum; and preparing for and appearing and presenting argument at the hearing on this motion.  *Id.*, ¶ 25. Plaintiffs therefore anticipate devoting a total of 84.4 hours to litigating this motion. Based on a blended rate of $328 per hour, Plaintiffs are entitled to reasonable fees of $27,683.20.  *Id.*

### 2.  *Defendants' Position.*

Although there are no express time limits for filing a motion for sanctions, under a court's inherent authority, "unreasonable delay" may render such a motion untimely. See *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 91 (D.D.C. 2008) (citing *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994)). The timeliness of a motion for sanctions relating to discovery "depends on such factors as when the movant learned of the discovery violation, how long he waited before bringing it to the court's attention, and whether discovery has been completed." Id.

But, as articulated throughout, Plaintiffs have waited multiple months after the Court entered orders determining that Plaintiffs were the prevailing parties in eight discovery motion at issue in the instant Motion.  The unaccounted for delay in prevailing and moving for sanctions should be deemed unreasonable.  For example, the eight (8) months that have elapsed between the Court's order denying Defendants' Motion for Review (Dkt. 114) and the filing of this motion  and Such a determination of delay support in the very fact that Plaintiffs do not offer, or even suggest, one explanation as to why they have delayed in bringing this motion is patently unreasonable and cannot be said to have been brought in good faith or in the spirit of discovery. The motion for sanctions per se untimely and, as such, should be denied. *See Brandt*, 30 F.3d at 757 (unreasonable delay rendered motion for sanctions untimely where plaintiff had notice of possible discovery abuses years before); *Stevens v. Lawyers Mut. Liability Ins. Co.*, 789 F.2d 1056, 1061 (4th Cir.

ISAACS
FRIEDBERG
LLP

- 47 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

1986) (sanctions motion filed eight months after allegedly offending act and four months after hearing was untimely); *Am. Nat'l Prop. & Cas. Co. v. Campbell Ins., Inc.*, 2011 WL 3021399, at *3 (M.D. Tenn.) (motion for sanctions untimely where alleged spoliation occurred fourteen months earlier and discovery had been closed for four months); *Benet v. Schwartz*, 1995 WL 549125, at *1 (N.D. 11.) (sanctions remedy for discovery abuse accrues at close of discovery; motion filed six months later untimely).

### III.   PLAINTIFFS' REQUEST FOR MONETARY SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY

**A.   Plaintiffs' Position.**

The Court is vested with the power to sanction a litigant or his attorney who engages in bad faith litigation pursuant to 28 U.S.C. § 1927.  Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. [13]

"To be sanctionable under § 1927 . . . counsel's conduct must multiply the proceedings in both an unreasonable and vexatious manner." *In re Girardi*, 611 F.3d 1027 (9th Cir. 2010); *see U.S. v. Rico*, 619 Fed. Appx. 595, at *4 (9th Cir. 2015) ("What is required is recklessness plus something more . . . for example knowledge, intent to harass, or frivolousness.").  As explained by the Ninth Circuit in a case in which it formally reprimanded Mr. Girardi:

---

[13] GK, Mr. Girardi and Mr. O'Callahan are subject to sanctions under 28 U.S.C. §1927 because they are attorneys of record in this proceeding, and have signed discovery responses, served objections, participated in meet and confer discussions, authored pleadings, executed declarations and attended discovery hearings. Dkt. 60-1, p. 38; Dkt. 97, p. 10.

Isaacs Friedberg LLP

- 48 -

> The key term in the statute is "vexatiously" . . . what is clear from our case law is that a finding that the attorney recklessly or intentionally misled the court is sufficient to impose sanctions under § 1927, and a finding that the attorneys recklessly raised a frivolous argument which resulted in the multiplication of the proceedings is also sufficient to impose sanctions under § 1927.

*Id.* at 1061.

The Court may also assess monetary sanctions under its inherent power, pursuant to which it may "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 46 (1991); *see also Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001) ("sanctions under a court's inherent power . . . are available if the court specifically finds bad faith or conduct tantamount to bad faith," such as "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose"); *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) ("a finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent") (internal quotation marks omitted).

The Ninth Circuit recently affirmed that a district court has inherent authority to award "all the attorneys' fees and costs incurred by the plaintiffs," where the defendants' bad faith responses to discovery "permeated the entirety of this case." *Haeger v. Goodyear Tire & Rubber Co.*, 813 F. 3d. 1233, 1247 (9th Cir. 2016) (awarding all fees incurred from the time of the "first definitive proof that [the defendant] was not going to cooperate in the litigation process"). In *Goodyear*, the defendant and its counsel were sanctioned more than $2.7 million for failing to produce key test results in response to written discovery requests, while representing to the district court and the requesting party that it had conducted a reasonable search for responsive information. In language that could apply equally to Defendants' conduct in this case, the district court found that the defendants

Isaacs Friedberg LLP

- 49 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

1    there had "adopted a plan of making discovery as difficult as possible, providing

2    only those documents they wished to provide, timing the production of the small

3    subset of documents they were willing to turn over such that it was inordinately

4    difficult for Plaintiffs to manage their case, and making false statements to the

5    Court in an attempt to hide their behavior."  *Id.* at 1245.

6        The record in this case is replete with instances of Defendants' bad faith

7    litigation tactics and intentional discovery violations.  These include:

8    •    Filing a materially false declaration under penalty of perjury in support

9         of Defendants' motion to compel arbitration before Justice Panelli,

10        Dkt. 202-2, p. 17;

11   •    Withholding critical documents in contempt of three court orders, *id.*,

12        pp. 11-16;

13   •    Withholding unfavorable documents related to Justice Panelli until

14        after his deposition was complete, *id.*, p. 18;

15   •    Failing to perform a reasonable search for responsive documents and

16        making untrue and misleading representations to the Court regarding

17        whether responsive documents had been produced, *id.*;

18   •    Refusing to enter into a protective order to delay discovery on the

19        basis of purported confidentiality and privacy concerns, *id.*;

20   •    Producing a falsified and altered "Case Cost Report" in discovery, *e.g.*,

21        Dkt. 152-2, ¶¶ 15-16; and

22   •    Failing to meet and confer in good faith and using the meet and confer

23        process to cause further delays, Dkt. 106-2, ¶¶ 46-54.

24       Notably, this is not the only case in which a court has been faced with

25   Defendants' serial discovery violations and intentional disregard of court orders.  In

26   another case in which GK and Mr. Girardi were alleged to have misappropriated

27   settlement funds, Superior Court Judge William Highberger recently found that

28   "Defendants violat[ed] the Court's Order by their failure to produce the electronic

Isaacs Friedberg LLP

- 50 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

1  data base files tracking the trust account transactions relating to the Lockheed

2  settlement proceeds and the written reports and all cancelled checks and all bank

3  statements of such trust accounts and disbursements."  Friedberg Decl., ¶ 26; Ex. Y

4  (Jan. 28, 2016 order in *Gutierrez v. Thomas V. Girardi, et al.*, Los Angeles Superior

5  Court Case No. BC 400560), p. 5.  For violating discovery orders in that case,

6  Judge Highberger imposed monetary sanctions totaling over $70,000.  *Id.*, pp. 11-

7  24.  He also went further, precluding GK and Mr. Girardi from introducing

8  evidence at trial of their claimed costs and attorney's fees, ruling that:

9  > Here Defendants have claimed to have incurred millions of dollars of
10  > costs, but have not produced all backup documentation and cancelled
   > checks support[ing] such alleged costs as ordered by the Court.
11  > Defendants are therefore precluded at trial from claiming any
   > deductions for costs.

12  > In addition, Defendants have claimed the right to charge Plaintiff 40%
13  > for fees, but have not produced any documents showing, as ordered,
   > how much in fees were allocable to Plaintiff and were taken from each
14  > of [the] settlements in which Plaintiff participated.  Accordingly,
   > Defendants are precluded at trial from claiming any deduction for
15  > fees.

16  *Id.*, pp. 24-25.

17       The Court may properly consider this misconduct in assessing monetary

18  sanctions in the present case.  *See Adriana Int'l Corp. v. Theoren*, 913 F.2d 1406,

19  1411 (9th Cir. 1990) ("in evaluating the propriety of sanctions, [the Court is to]

20  look at all incidents of a party's misconduct"); *Henry v. Gill Industries, Inc.*, 983

21  F.2d 943, 947 (9th Cir. 1993) (court may properly consider all incidents of party's

22  misconduct in assessing sanctions under Rule 37); *In re Heritage Bond Litig.*, 223

23  F.R.D. 527, 530 (C.D. Cal. 2004) (Chapman, M.J.) ("The Court may, in deciding

24  whether to grant a motion for sanctions, 'properly consider all of a party's

25  discovery misconduct . . . , including conduct which has been the subject of earlier

26  sanctions.'") (citation omitted).

27

28

ISAACS
FRIEDBERG
LLP

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

**B.**    **Defendants' Position.**

It is well-settled that "[p]unishment under [28 U.S.C. § 1927] is sparingly applied, and 'except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action's defense." F.D.I.C. v. Calhoun (5th Cir. 1994) 34 F.3d 1291, 1297.

*B.K.B. v. Maui Police Dept.*, 276 F.3d 1091 (9th Cir. 2002) is instructive on what constitutes sanctionable conduct.  In *B.K.B. v. Maui Police Department,* the court found "counsel's reckless *and* knowing conduct" to be "tantamount to bad faith and therefore sanctionable under the court's inherent power." *Id.* at 1108.  *B.K.B.* was a sexual harassment suit, in which defense counsel introduced testimony in violation of Federal Rule of Evidence 412.  Defense counsel introduced this testimony after two Rule 412 pre-trial motions had been denied, and after he assured the district judge in a sidebar that the anticipated testimony would not violate Rule 412. *Id.* at 1107. The court concluded that "defense counsel's introduction of [the] testimony was a knowing and intentional violation of Rule 412" and further held that "[i]f left unsanctioned, defense counsel's behavior in this case would undermine the very purpose and force of Rule 412's strictures." *Id.* at 1108.

*B.K.B.* is entirely distinguishable from the instant case, because Plaintiffs have failed to show that Defendants intentionally made any affirmative misrepresentations to the court concerning discovery.  Unlike the "knowing and intentional violation" at issue in *B.K.B.*, Defendants here have not acted in bad faith throughout the discovery process.

Assuming, *arguendo*, that Plaintiffs can make a showing of bad faith, such a showing would not warrant sanctions under 28 U.S.C. § 1927.  "The statute indicates that actions that multiply the proceedings must be both unreasonable and vexatious, and we have also stated that recklessness alone will

- 52 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12

ISAACS
FRIEDBERG
LLP

1  not suffice. What is required is recklessness plus something more—for example

2  knowledge, intent to harass, or frivolousness." United States v. Rico, 619 F.

3  App'x 595, 601 (9th Cir. 2015) (citing B.K.B., 276 F.3d at 1107.  Plaintiffs have

4  failed to satisfy their burden under § 1927.  Thus, sanctions are not warranted.

5      In determining whether sanctions are appropriate under § 1927, the Court

6  may consider only past conduct relating to the litigation in which sanctions are

7  sought.  Plaintiffs cite to past cases, entirely separated and unrelated to this case,

8  where the court has admonished Defendant GK for alleged abuse of the judicial

9  process.  These cases are irrelevant to do not support Plaintiffs' position.

10     Plaintiffs cite to Adriana Int'l Corp. v. Theoren, 913 F.2d 1406 for the

11  proposition that "in evaluating the propriety of sanctions, [the Court is to] look at

12  all incidents of a party's misconduct." Id. at 1411.  However, the Court's discussion

13  in Adriana makes clear that the Court may only consider misconduct that occurred

14  in the present case: "The court also found that [Plaintiff] failed to produce

15  documents throughout the litigation. As set out in the facts, [Plaintiff] failed to

16  produce any of the ordered documents on several occasions and, at other times,

17  complied only partially with production orders."  Id.  Accordingly, "in evaluating

18  the propriety of sanctions," if any, the Court is limited to evaluating Defendants'

19  conduct as it pertains to this case.

20                        **IV.    CONCLUSION.**

21  **A.    Plaintiffs' Conclusion.**

22     Plaintiffs respectfully request that the Court order that Defendants pay

23  Plaintiffs their reasonable expenses in the amount of **$151,175.20**, or such other

24  amount as the Court may order.

25  //

26  //

27  //

28  //

Isaacs
Friedberg
LLP

- 53 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS
AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

**B.    Defendants' Conclusion.**

Defendants respectfully request that the Court deny Plaintiffs' Motion for Monetary Sanctions in its entirety.

DATED:  May 13, 2016                **ISAACS | FRIEDBERG LLP**

                                    ___*/s/ Jeffrey B. Isaacs*_____
                                    JEFFREY B. ISAACS, Esq.

                                    *Attorneys for Plaintiffs*

DATED: May 13, 2016                 **BAKER, KEENER & NAHRA, LLP**

                                    ___*/s/ Phillip A. Baker*_____
                                    ROBERT C. BAKER
                                    PHILLIP A. BAKER

                                    *Attorneys for Defendants*

Isaacs
Friedberg
LLP

- 54 -

**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AS PREVAILING PARTY IN PRIOR DISCOVERY MOTIONS**

189802.12