UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 14-02721 MWF (FFMx)**                                    Date: May 20, 2016

Title   **Judith Allen, et al. ~v~ Girardi Keese, et al.**

Present: The Honorable:   Michael W. Fitzgerald, United States District Judge

| Rita Sanchez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:  (IN CHAMBERS) ORDER RE RETURN OF LETTER AND ATTACHMENT**

The Magistrate Judge in this action recently received a strange letter from Defendant Thomas V. Girardi.  The letter is dated May 17, 2016.  A copy was sent to this Court.  In his letter, Defendant complains about a recent order of the Magistrate Judge but does not specify which order.  Attached to the letter is what Defendant asserts is a settlement conference statement, with the further assertion that Defendant has adopted the statement under penalty of perjury.  There is nothing in the letter to suggest that counsel for Defendants was or is aware of the letter.  There is also nothing to suggest that a copy was sent to counsel for Plaintiffs.

The Clerk is **ORDERED** to send the original letter and attachment and the copy to this Court to counsel for Defendants.  Counsel for Defendants is **ORDERED** to produce a copy of the letter and attachment to counsel for Plaintiffs, subject to the Protective Order.

The letter and attachment are improper for these reasons:

*First*, the letter and attachment appear to be an ex parte communication in which one party seeks to influence the Court in the absence of another party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 14-02721 MWF (FFMx)                                       Date: May 20, 2016

Title      Judith Allen, et al. ~v~ Girardi Keese, et al.

Therefore, they are obviously improper. Defendant's conduct is explicitly forbidden by Rule 5-300(B) of the California Rules of Professional Conduct. *See also* Local Rule 83-3.1.2 ("[E]ach attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto.").

*Second*, the letter and attachment are in direct violation of the Local Rules of the Central District of California, which provide in relevant part as follows:

> *Communications with the Judge.* Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge, sending e-mail messages to the judge, making telephone calls to chambers, or otherwise communicating with a judge in a pending matter unless opposing counsel is present. All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules.

Local Rule 83-2.5. Even if Defendant did copy counsel for Plaintiffs on the letter and attachment, which is doubtful, Defendant's conduct would still be in violation of this Local Rule.

*Third,* transmitting the attachment might well violate the expectations of a confidential settlement hearing. *See* Local Rule 16-15.5 (providing that the parties' settlement statements are to remain confidential). While the Magistrate Judge might have seen the settlement conference statement, this Court has not and should not. This Court just glanced at the first page to see if the attachment appeared to be a settlement conference statement, but the presumed intent of Defendant was for this Court to read it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 14-02721 MWF (FFMx)**                                 Date: May 20, 2016

Title        **Judith Allen, et al. ~v~ Girardi Keese, et al.**

*Fourth*, any plaintiff or defendant should approach the Court through his or her lawyer.

*Fifth*, to the extent that any party disagrees with an order of the Magistrate Judge, then that party should object and seek review as provided by law. The Court presumes that the letter is a reaction to the discovery order of the Magistrate Judge dated April 1, 2016, in which the Magistrate Judge allowed discovery of Defendant's net worth. No review of that order has been sought.

Defendant is **ADMONISHED** not to send any similar communications and to approach the Court through his lawyer.

IT IS SO ORDERED.